UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>      **Plaintiff,**<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>      **Defendants.** | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

## MOTION TO COMPEL RESPONSES TO PLAINTIFF'S PERSONAL JURISDICTION DISCOVERY

Plaintiff, AloStar Bank of Commerce, by and through undersigned counsel and pursuant to Florida Statute § 48.193, files this Motion to Compel Responses to Plaintiff's Jurisdictional Discovery. In support of this filing, Plaintiff shows this Court as follows:

1. By joint consent motion (Doc. 44) and resulting Order (Doc. 47) Plaintiff was permitted to conduct discovery related to personal jurisdiction.

2. Plaintiff, by and through its undersigned counsel, served Defendants Stroud, Wiles, and Graham with the discovery requests attached as **Exhibit A**. By Defendants' own calculations, these responses were due on June 20, 2012 and June 22, 2012.

3. Responses were not received until June 27, 2012. Even then, Defendants objected to almost all of the requests as outside the scope of discovery for jurisdictional purposes. These responses are attached as **Exhibit B**.

4. Section 48.193, *Florida Statutes,* commonly referred to as "Florida's Long Arm Statute," provides that:

> (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
> 　　(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
> 　　(b) Committing a tortious act within this state. […]
> 　　(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.
> (2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

5. In addition, in light of Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985), and Venetian Salami Co. v. J. S. Parthenais, 554 So. 2d 499 (Fla. 1989), once a plaintiff has established the applicability of Florida's Long-Arm Statute, a plaintiff must still establish minimum contacts for personal jurisdiction. See also Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945).

6. The discovery requests submitted by Plaintiff to Defendants not only are relevant for the purposes of Florida's Long Arm Statute but also for the purposes of showing the "minimum contacts" required by International Shoe and subsequent cases.

7. By order of this Court, Plaintiff's response in opposition to Defendants Stroud, Wiles, and Graham's motion to dismiss for lack of personal jurisdiction (Doc. 38) is due by July

9, 2012.  In order to prove the extent of Defendants' contacts with the State of Florida and business dealings within the State of Florida, Plaintiff requires adequate and proper answers to its jurisdictional discovery requests.  Without them, Plaintiff is unable to formulate any meaningful response to Defendant's motion.

8. In addition to full and complete answers, Plaintiff requests sanctions pursuant to Fed. R. Civ. P. 37.  Specifically, pursuant to Fed. R. Civ. P. 37(c)(1)(C) and Fed. R. Civ. P. 37(d)(3), Plaintiff requests Defendants be prohibited from opposing Plaintiff's claim that this Court has personal jurisdiction over Defendants regarding the causes of action discussed herein or from introducing matters regarding the same into evidence due to Defendants' failure to supply full and complete answers to Plaintiff's Rule 26 requests.  This request for sanctions is discussed in more depth in the contemporaneously filed Memorandum of Law in Support of the Motion to Compel.

9. Specifically, Defendants failed to answer Plaintiff's Requests for Admission 1-15, which pertain directly to contact Defendants had with businesses located within Florida and as such go to proving Defendants had the minimum required contacts within the State.  The requests also go to prove that Defendants were "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" and that they breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

10. Plaintiff's Requests for Admission 16-32 regarding ownership interest in GLS again relate to the contact Defendants had with the State of Florida and entities therein and as such go to proving Defendants had the minimum required contacts within the State.  The requests also go to prove that Defendants were "operating, conducting, engaging in, or

carrying on a business or business venture in this state or having an office or agency in this state" and that they breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

11. Plaintiff's Requests for Admission 33 and 34 regarding ownership interest in GLS and FL Florida Property 3, LLC, again relate to the contact Defendants had with the State of Florida and entities therein and as such go to proving Defendants had the minimum required contacts within the State. The requests also go to prove that Defendants were "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" and that they breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

12. Plaintiff's Requests for Admission 35-50 regarding real estate development in Florida again relate to the contact Defendants had with the State of Florida and entities therein and as such go to proving Defendants had the minimum required contacts within the State. The requests also go to prove that Defendants were "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" and that they breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

13. Plaintiff's First Interrogatories, number 1, requests information regarding Defendants' relationships with Florida businesses but yet Defendants object claiming the information is unrelated to personal jurisdiction. This again relates to the contact Defendants had with the State of Florida and entities therein and as such go to proving Defendants had the minimum required contacts within the State. The requests also go to prove that Defendants were "operating, conducting, engaging in, or carrying on a business or

4

business venture in this state or having an office or agency in this state" and that they breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

14. Plaintiff's First Interrogatories, numbers 2-4, relate to contact Defendants had with businesses in the State of Florida and as such go to proving Defendants had the minimum required contacts within the State. The requests also go to prove that Defendants were "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state."

15. Plaintiff's First Interrogatories, number 5, requests information related to Defendants' ownership of real property in Florida, which relates directly to whether the Court may have personal jurisdiction over Defendants.

16. Plaintiff's First Interrogatories, numbers 6-18, 23, and 24, again relate to the contact Defendants had with the State of Florida and entities therein and as such go to proving Defendants had the minimum required contacts within the State. The requests also go to prove that Defendants were "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" and that they breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

17. Each and every one of Plaintiff's Requests for Production relate directly to the contact Defendants had with the State of Florida and entities therein and as such go to proving Defendants had the minimum required contacts within the State. The requests also prove that Defendants were "operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" and that they

breached "a contract in this state by failing to perform acts required by the contract to be performed in this state."

18. Defendants objected to almost each and every Interrogatory, Request for Production, and Request for Admission without regard for the relevance to personal jurisdiction. All are relevant to establish minimum contact and that the Florida Long Arm Statute applies.

19. "[P]arties who "reach out beyond one state and create continuing relationships and obligations with citizens of another state" are subject to regulation and sanctions in the other State for the consequences of their activities." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473 (1985) citing Travelers Health Assn. v. Virginia, 339 U.S. 643, 647, 70 S.Ct. 927, 929, 94 L.Ed. 1154 (1950).

WHEREFORE, Plaintiff respectfully requests that this Court order Defendants Stroud, Wiles, and Graham to fully and completely answer Plaintiff's Interrogatories, Request for Admission, and Request for Production and, in addition or in the alternative, bar submission and consideration of any evidence in support of Defendant's Motion to Dismiss on Jurisdictional Grounds.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on July 9, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

**CERTIFICATE OF COUNSEL CONFERENCE**

Pursuant to Northern District, Local Rule 7.1(B), the undersigned counsel did confer with counsel for Defendants, Ralph Schofield, June 27-29 and at that time Defendants object to the relief requested. Counsel for Plaintiff attempted to confer with counsel for the Defendants,

Ralph Schofield, on the morning of July 9, 2012, leaving a message for him to return the call regarding a Motion but he did not return the call before the filing deadline.

Dated this 9th day of July, 2012.

                                        Respectfully submitted,

                                        By:  s/ George R. Mead
George R. Mead
Florida Bar No. 096490
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:	(850) 434-3541
Facsimile:	(850) 435-7899
Email:  emead@mhw-law.com
*Attorneys for Plaintiff*
*AloStar Bank of Commerce*