UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>    Plaintiff,<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

### ALOSTAR BANK OF COMMERCE'S FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS WILES, STROUD, AND GRAHAM RELATING TO JURISDICTIONAL DISCOVERY

Plaintiff AloStar Bank of Commerce ("AloStar") hereby serves these First Requests for Admissions upon Defendants Dwight P. Wiles ("Wiles"), James C. Stroud ("Stroud"), and Herbert L. Graham ("Graham") pursuant to the Court's Order of May 11, 2012 allowing jurisdictional discovery, for a response to AloStar's counsel of record at such time as provided by law in accordance with the following definitions and instructions.

### GENERAL INSTRUCTIONS AND DEFINITIONS

1.     As used herein, the terms "Defendant," "Defendants," "You," and "Your" refer to Wiles, Stroud, or Graham, whether individually, collectively, or in any combination, including any immediate family members of, or entities, trusts, or other estate planning devices settled,

managed, or controlled by Wiles, Stroud, or Graham. The phrase "Other Defendants" refers to one or more other parties defending this action, to the exclusion of Wiles, Stroud, and Graham.

2. Each request seeks information available to you, your attorneys or agents, and all persons acting on your behalf.

3. If you object to part of a request and refuse to answer or respond to that part, state your objection and answer or respond to the remaining portion of that request.

4. If any of the following requests cannot be responded to in full after exercising due diligence to secure the information, so state and respond to the extent possible, specifying your inability to respond to the remainder, and stating whatever information you have concerning the unanswered portions. If your response is qualified in any manner, please set forth the details of such qualification.

5. As used herein, "communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6. "Document" or "documents" means any writing or other correspondence or tangible thing, whether signed or unsigned, in draft or final form, an original or a copy, in the custody or control of or known to You or Your counsel. This definition includes, but is not limited to, the following items, whether printed, recorded, microfilmed, electronically, optically or magnetically stored, or reproduced by any process, or written or produced by hand: checks, billing statements, customer service records, credit information, appointment books, proposals, agreements, estimates, contracts, purchase orders, letters, telegrams, telexes, intraoffice or interoffice communications, memoranda, reports, business records, instructions, specifications, notes, notebooks, lists, personnel records, scrapbooks, diaries, drafts, work papers, calendars, plans, diagrams, pictures, photographs, photocopies, promotional material, charts, graphs,

-3-

exhibits, displays, descriptions, drafts, minutes of meetings and/or conferences and/or telephone and/or other conversations or communications, recordings, press releases, published or unpublished or pending speeches or articles, publications, transcripts of telephone conversations, telephone logs, telephone bills, messenger and/or courier logs, messenger and/or courier receipts, records of the transmittal or receipt of correspondence and/or documents and/or other tangible materials, records reflecting charges to clients or others for the transmittal or receipt of correspondence and/or documents and/or other tangible materials, ledgers, financial statements, microfilm, tape or disk (disc) recordings, e-mails and all attachments, including from any personal email accounts**,** written or electronically or magnetically stored calculations, computer printouts or any other tangible thing that stores, contains or preserves facts and/or opinions and/or information, or which in any way refers to, relates or reflects the fact or substance of any communication or other transmittal of fact and/or opinions and/or information, in any way whatsoever.  This definition also includes, but is not limited to, electronically stored data from which information can be obtained either directly or by translation through detection devices or readers, and any such document is to be produced in a reasonably legible and usable form.  This definition includes the original item (or copy thereof if the original is not available) and all copies which differ in any respect from the original, including copies containing any notation, underlining, marking, or information not on the original.

      7.      As used herein, "Plaintiff" means AloStar.

      8.      As used herein, the terms "GLS Florida Property 2, LLC" ("GLS") as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

9. As used herein, "possession," "custody," or "control" includes the joint or several possession, custody or control not only by Defendant, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of Defendant whether as employee, attorney, investigator, agent, sponsor, spokesman, or otherwise;

10. As used herein, "identify" when referring to a person means to state the person's full name, business and residence addresses and telephone numbers, and the relation or affiliation such person had or has to Defendant or Plaintiff.

11. As used herein, "identify" when referring to a document means to specifically describe the document in detail so that the document can readily be obtained by using the description. In identifying a document that was, but no longer is, in Defendant's possession, custody, or control, describe the contents of the document; state the date it ceased to be in Defendant's possession, custody, or control; and identify the current custodian of the document.

12. As used herein, "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

13. As used herein, "person" is defined as any natural person or any business, legal or governmental entity or association.

14. As used herein, "concerning" means relating to, referring to, describing, evidencing or constituting.

15. As used herein, "Original Note" means the December 23, 2005 Promissory Note executed by GLS in favor of the Bank of Bonifay.

16. As used herein, "Operative Note" means the Renewal Promissory Note, dated January 10, 2010 and executed by GLS.

-4-

17. As used herein, "Amended Note" means any and every note, renewal, or amendment executed subsequent to the Original Note but prior to the Operative Note.

18. As used herein, "Property" means any portion of that real estate located in Bay County, Florida that GLS mortgaged to the Bank of Bonifay.

19. As used herein, "Guarantors" refers to Defendants and Jason R. Flom; Glenn W. Johnson, III; Elliot H. Levine; Peter McKenna; Elizabeth Yates; and Joseph Flom.

20. As used herein, "real estate development" or "real estate development" means any business or operation related the acquisition of, investment in, purchase of, construction on, development of, or any similar activity related to real property.

21. As used herein, the terms "all" and "each" shall be construed as all and each.

22. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

23. The use of the singular form of any word includes the plural and vice versa.

## **REQUESTS**

1. Please admit that GLS obtained a second loan on the Property, other than the loan now held by AloStar.

2. Please admit that a second mortgage or lien on the Property was granted to SunTrust Bank to obtain a loan ("SunTrust Loan").

3. Please admit that Wiles executed a guaranty concerning the SunTrust Loan.

4. Please admit that Stroud executed a guaranty concerning the SunTrust Loan.

5. Please admit that Graham executed a guaranty concerning the SunTrust Loan.

6. Please admit that Defendant Jason Flom executed a guaranty concerning the SunTrust Loan.

7. Please admit that Defendant Peter McKenna executed a guaranty concerning the SunTrust Loan.

8. Please admit that Defendant Glenn W. Johnson, III executed a guaranty concerning the SunTrust Loan.

9. Please admit that Defendant Elliot H. Levine executed a guaranty concerning the SunTrust Loan.

10. Please admit that Defendant Elizabeth Yates executed a guaranty concerning the SunTrust Loan.

11. Please admit that Joseph Flom executed a guaranty concerning the SunTrust Loan.

12. Please admit that Graham is employed by SunSouth Bank.

13. Please admit that SunSouth Bank operates in the State of Florida.

14. Please admit that Graham is compensated by SunSouth Bank for work Graham performs in the State of Florida.

15. Please admit that Graham is compensated by SunSouth Bank for work Graham performs that affects, concerns, or involves the State of Florida.

16. Please admit that Wiles has or had an ownership interest in GLS.

17. Please admit that Stroud has or had an ownership interest in GLS.

18. Please admit that Graham has or had an ownership interest in GLS.

19. Please admit that Graham's interest in GLS is, or has been, 23%.

20. Please admit that Graham's interest in GLS is, or has been, approximately 23%.

21. Please admit that Wiles's interest in GLS is, or has been, 1.5%.

22. Please admit that Wiles's interest in GLS is, or has been, approximately 1.5%.

23. Please admit that Stroud's interest in GLS is, or has been, 5%.

24. Please admit that Stroud's interest in GLS is, or has been, approximately 5%.

25. Please admit that all Guarantors of the Original Note, at the time of executing their respective guaranty, had an ownership interest in GLS or FL Florida Property 3, LLC.

26. Please admit that Wiles, at the time of executing his guaranty concerning the Original Note, had an ownership interest in GLS.

27. Please admit that Stroud, at the time of executing his guaranty concerning the Original Note, had an ownership interest in GLS.

28. Please admit that Graham, at the time of executing his guaranty concerning the Original Note, had an ownership interest in GLS.

29. Please admit that all Guarantors of the Original Note, at some time after executing their respective guaranty concerning the Original Note, had an ownership interest in GLS or FL Florida Property 3, LLC.

30. Please admit that Wiles, at some time after executing his guaranty concerning the Original Note, had an ownership interest in GLS.

31. Please admit that Stroud, at some time after executing his guaranty concerning the Original Note, had an ownership interest in GLS.

32. Please admit that Graham, at some time after executing his guaranty concerning the Original Note, had an ownership interest in GLS.

33. Please admit that the amount of the limited guaranty executed by Defendants and Jason Flom; Glenn W. Johnson, III; Elliot H. Levine; Peter McKenna; Elizabeth Yates; and

Joseph Flom was calculated, at least in part, using the percentage of ownership interest or other investment in either GLS or FL Florida Property 3, LLC.

34. Please admit that the amount of the limited guaranties concerning each Amended Note and the Operative Note executed by the individuals listed in the preceding request varied based on the percentage of ownership interest or other investment in either GLS or FL Florida Property 3, LLC.

35. Please admit that GLS acquired the Property for the purpose of developing the "Marina Di Massa" project.

36. Please admit that GLS is, or was, engaged in the real estate development business in the State of Florida.

37. Please admit that GLS obtained the loan from AloStar for the purpose of acquiring the Property for its real estate development business in the State of Florida.

38. Please admit that You had knowledge of the Marina Di Massa project when You executed Your guaranty related to the Original Note.

39. Please admit that You intended to profit from GLS's real estate development business concerning the Property.

40. Please admit that You intended to profit from GLS's real estate development business concerning the State of Florida.

41. Please admit that You executed Your guaranty related to the Original Note to facilitate the real estate development of the Property.

42. Please admit that You executed Your guaranty related to the Amended Note to facilitate the real estate development of the Property.

43. Please admit that You executed Your guaranty related to the Operative Note to facilitate the real estate development of the Property.

44. Please admit that You executed Your guaranty related to the Original Note to facilitate real estate development in the State of Florida.

45. Please admit that You executed Your guaranty related to the Amended Note to facilitate real estate development in the State of Florida.

46. Please admit that You executed Your guaranty related to the Operative Note to facilitate real estate development in the State of Florida.

47. Please admit that You executed Your guaranty related to the Original Note to facilitate the real estate development of the "Marina Di Massa" project.

48. Please admit that You executed Your guaranty related to the Amended Note to facilitate the real estate development of the "Marina Di Massa" project.

49. Please admit that You executed Your guaranty related to the Operative Note to facilitate the real estate development of the "Marina Di Massa" project.

50. Please admit that Exhibit A represents, or has represented, the ownership structure of GLS.

Dated this 25th day of May 2012.

Respectfully submitted,

By: s/ Yancey F. Langston
    Yancey F. Langston
    Florida Bar No. 827134
    MOORE, HILL & WESTMORELAND, P.A.
    220 West Garden Street (32502)
    SunTrust Tower, 9th Floor
    Post Office Box 13290
    Pensacola, FL 32591-3290
    Telephone:   (850) 434-3541
    Facsimile:   (850) 435-7899
    Email: ylangston@mhw-law.com
    *Attorneys for Plaintiff*
    *AloStar Bank of Commerce*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>    Plaintiff,<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2012, I served a true and exact copy of the foregoing *First Interrogatories to Defendants Wiles, Stroud, and Graham Relating To Jurisdictional Discovery* via delivery by courier, to the following counsel of record:

Ralph Schofield
Lawrence Keefe
A. Benjamin Gordon
KEEFE ANCHORS GORDON & MOYLE P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547


s/ Yancey F. Langston
Yancey F. Langston

EXHIBIT A

