UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>      Plaintiff,<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>      Defendants. | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

**ALOSTAR BANK OF COMMERCE'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS WILES, STROUD, AND GRAHAM RELATING TO JURISDICTIONAL DISCOVERY**

Plaintiff AloStar Bank of Commerce ("AloStar"), pursuant to the Court's Order of May 11, 2012 allowing jurisdictional discovery, hereby serves these First Request for Production of Documents upon Defendants Dwight P. Wiles ("Wiles"), James C. Stroud ("Stroud"), and Herbert L. Graham ("Graham"), for a response to AloStar's counsel of record at such time as provided by law in accordance with the following definitions and instructions.

**INSTRUCTIONS AND DEFINITIONS**

1.    "Document" or 'documents" has the meaning intended by the Federal Rules of Civil Procedure and means any writing or other correspondence or tangible thing, whether signed or unsigned, in draft or final form, an original or a copy, in the custody or control of or known to

You or Your counsel.  This definition includes, but is not limited to, the following items, whether printed, recorded, microfilmed, electronically, optically or magnetically stored, or reproduced by any process, or written or produced by hand:  checks, billing statements, customer service records, credit information, appointment books, proposals, agreements, estimates, contracts, purchase orders, letters, telegrams, telexes, intraoffice or interoffice communications, memoranda, reports, business records, instructions, specifications, notes, notebooks, lists, personnel records, scrapbooks, diaries, drafts, work papers, calendars, plans, diagrams, pictures, photographs, photocopies, promotional material, charts, graphs, exhibits, displays, descriptions, drafts, minutes of meetings and/or conferences and/or telephone and/or other conversations or communications, recordings, press releases, published or unpublished or pending speeches or articles, publications, transcripts of telephone conversations, telephone logs, telephone bills, messenger and/or courier logs, messenger and/or courier receipts, records of the transmittal or receipt of correspondence and/or documents and/or other tangible materials, records reflecting charges to clients or others for the transmittal or receipt of correspondence and/or documents and/or other tangible materials, ledgers, financial statements, microfilm, tape or disk (disc) recordings, e-mails and all attachments, including from any personal email accounts, written or electronically or magnetically stored calculations, computer printouts or any other tangible thing that stores, contains or preserves facts and/or opinions and/or information, or which in any way refers to, relates or reflects the fact or substance of any communication or other transmittal of fact and/or opinions and/or information, in any way whatsoever.  This definition includes, but is not limited to, electronically stored data from which information can be obtained either directly or by translation through detection devices or readers, and any such document is to be produced in a reasonably legible and usable form.  This definition includes the original item (or copy

thereof if the original is not available) and all copies which differ in any respect from the original, including copies containing any notation, underlining, marking, or information not on the original.

2. As used herein, "Plaintiff" means AloStar.

3. As used herein, the terms "GLS Florida Property 2, LLC" ("GLS") as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

4. As used herein, "possession," "custody," or "control" includes the joint or several possession, custody or control not only by Defendant, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of Defendant whether as employee, attorney, investigator, agent, sponsor, spokesman, or otherwise.

5. All documents within Defendant's possession, custody, or control shall be produced. Without limitation, a document is deemed to be in Defendant's control if he has a superior right to compel the production of the requested discovery from a third party (including an agency, authority, or representative).

6. As used herein, the term "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic, or other methods used), as well as any note, memorandum or other record thereof.

7. As used herein, "identify" when referring to a person means to state the person's full name, business and residence addresses and telephone numbers, and the relation or affiliation such person had or has to Defendant or Plaintiff.

8. As used herein, "identify" when referring to a document means to specifically describe the document in detail so that the document can readily be obtained by using the

description. In identifying a document that was, but no longer is, in Defendant's possession, custody, or control, describe the contents of the document; state the date it ceased to be in Defendant's possession, custody, or control; and identify the current custodian of the document.

9. As used herein, "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

10. As used herein, "person" is defined as any natural person or any business, legal or governmental entity or association.

11. As used herein, "concerning" means relating to, referring to, describing, evidencing or constituting.

12. As used herein, "Original Note" means the December 23, 2005 Promissory Note executed by GLS in favor of the Bank of Bonifay.

13. As used herein, "Operative Note" means the Renewal Promissory Note, dated January 10, 2010 and executed by GLS.

14. As used herein, "Amended Note" means any and every note, renewal, or amendment executed subsequent to the Original Note but prior to the Operative Note.

15. As used herein, "Property" means any portion of that real estate located in Bay County, Florida that GLS mortgaged to the Bank of Bonifay.

16. As used herein, the terms "all" and "each" shall be construed as all and each.

17. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

18. The use of the singular form of any word includes the plural and vice versa.

19. If You have possession, custody or control of the originals of the documents requested, then the originals and all non-identical copies shall be produced; if You do not have possession, custody, or control of the originals of the documents requested, then any identical copy of each original and any and all non-identical copies of each original shall be produced.

20. If any document is withheld under any claim of privilege, immunity, or qualified immunity, including, but not limited to, the attorney/client privilege or work product doctrine, each such document for which a privilege, immunity or qualified immunity is claimed shall be identified by providing the following information: date, sender, recipients, recipients of copies, every person known to have seen or been told of the contents of such document, the subject matter of such document sufficient for identification, and the factual basis upon which such privilege, immunity, or qualified immunity is claimed.

21. All documents produced pursuant to these requests shall be produced in separate groups of documents responsive to each separate request, and, to the extent possible, in the form and order in which they were kept by You until produced.

22. If a document previously existed but has been misplaced, lost, destroyed, discarded, or is otherwise unavailable, identify the document and any persons involved in its unavailability and state the date and circumstance of its unavailability.

## **DOCUMENTS TO BE PRODUCED**

1. All documents identified or referenced in Your response to Plaintiffs' First Interrogatories to Defendants Wiles, Stroud, and Graham Relating to Jurisdictional Discovery or upon which You based Your responses.

2. All exhibits or documents You intend to tender at any hearing on this Court's jurisdiction or other procedural objection.

3. All documents or concerning Your defense of lack of personal jurisdiction including, without limitation, any documents upon which You base that defense or any other procedural defense.

4. All documents relating or concerning any of the facts that support or refute, or which You contend support or refute, each of the statements and claims made in Your motion to dismiss or accompanying affidavits.

5. All documents evidencing, reflecting or relating to any financial contributions or support made by You, Defendants, or Other Defendants to GLS, FL Florida Property 3, LLC, or any other entity incorporated in the State of Florida.

6. All documents evidencing, reflecting or relating to any expenditures of GLS or You, Defendants, or Other Defendants on behalf of or in furtherance of its business, operations, or the "Marina Di Massa" development project or its equivalent under a different name, or any other use of the Property.

7. All documents evidencing, reflecting, or relating to communications between the members or owners of GLS and its managers, including but not limited to Elliot Levine or FL Florida Property 3, LLC.

8. All Operating Agreements of GLS and FL Florida Property 3, LLC and any contracts or agreements among or involving its members related to either company.

9. All documents evidencing, reflecting or relating to any communication with Ronnie Gilley or Ronnie Gilley Properties, LLC.

10. All documents concerning the "Marina Di Massa" development project or its equivalent under a different name, or any alternative use of the Property.

11. All documents concerning any contemplated, conceived, proposed, or considered alternative use for the Property.

12. All documents evidencing, reflecting or relating to any communication regarding, expenditure, or use, whether actual or considered, of the proceeds obtained from the Original Note, Operative Note, and Amended Note.

13. All documents evidencing, reflecting or relating to communications between the GLS or its members and any state or federal governmental agency regarding the Property or development of the Property.

14. All documents evidencing, reflecting or relating to Your ownership interest in, investment in, or value of interest in GLS.

15. All documents evidencing any bank account held by the GLS and FL Florida Property 3, LLC.

16. All documents, including all notes, witness statements and affidavits, relating to or concerning any communication between or involving any combination of GLS, its members, its managers, and the guarantors of the Original Note, Operative Note, or Amended Note concerning (a) the Property or any activity in or concerning the State of Florida, (b) the Partnership's selection, retention and termination of a manager or developer of the Property, (c) the selection of any consultants, architects, engineers, surveyors, or general contractors or subcontractors.

17. All documents concerning Your ownership interest of or any contractual relationship, e.g., guaranties, with any entity now or ever incorporated in, operating in, doing any business in, or deriving any revenue from the State of Florida, or any other manner in which You

indirectly or through an entity have an interest in real or personal property or business in the State of Florida.

  18. All guaranty agreements You executed concerning the Original Note, Operative Note, and Amended Note.

  19. All documents showing the method of calculating the amount of the guaranty agreements You executed concerning the Original Note, Operative Note, and Amended Note.

  20. All documents that You have signed concerning GLS, FL Florida Property 3, LLC, or the Property.

  21. All documents evidencing any visit by You or Your agents to the State of Florida, regardless of the purpose.

  22. All communications between You and the Bank of Bonifay or its successors in interest.

  23. All documents related to the negotiation of the transaction that resulted in the acquisition of the Property by GLS.

Dated this 21st day of May, 2012.

       By: s/ Yancey F. Langston
        Yancey F. Langston
        Florida Bar No. 827134
        MOORE, HILL & WESTMORELAND, P.A.
        220 West Garden Street (32502)
        SunTrust Tower, 9th Floor
        Post Office Box 13290
        Pensacola, FL 32591-3290
        Telephone: (850) 434-3541
        Facsimile: (850) 435-7899
        Email: ylangston@mhw-law.com
        *Attorneys for Plaintiff*
        *AloStar Bank of Commerce*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>　　**Defendants.** | **CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 21, 2012, I served a true and exact copy of the foregoing *First Request for Production of Documents to Defendants Wiles, Stroud, and Graham Relating To Jurisdictional Discovery* via e-mail transmission, to the following counsel of record:

Ralph Schofield
Lawrence Keefe
A. Benjamin Gordon
KEEFE ANCHORS GORDON & MOYLE P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547
rscholfield@kagmlaw.com

　　　　　　　　　　　　　　　　s/ Yancey F. Langston
　　　　　　　　　　　　　　　　Yancey F. Langston