UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>    Plaintiff,<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>    Defendants. | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

**ALOSTAR BANK OF COMMERCE'S SUPPLEMENTAL INTERROGATORIES TO DEFENDANTS WILES, STROUD, AND GRAHAM RELATING TO JURISDICTIONAL DISCOVERY**

Plaintiff AloStar Bank of Commerce ("AloStar") hereby serves these First Interrogatories upon Defendants Dwight P. Wiles ("Wiles"), James C. Stroud ("Stroud"), and Herbert L. Graham ("Graham") pursuant to the Court's Order of May 11, 2012 allowing jurisdictional discovery, for a response to AloStar's counsel of record at such time as provided by law in accordance with the following definitions and instructions.

**GENERAL INSTRUCTIONS AND DEFINITIONS**

1. As used herein, the terms "Defendant," "Defendants," "You," and "Your" refer to Wiles, Stroud, or Graham, whether individually, collectively, or in any combination, including any immediate family members of, or entities, trusts, or other estate planning devices settled,

-2-

managed, or controlled by Wiles, Stroud, or Graham.  The phrase "Other Defendants" refers to one or more other parties defending this action, to the exclusion of Wiles, Stroud, and Graham.

2. "Document" or "documents" means any writing or other correspondence or tangible thing, whether signed or unsigned, in draft or final form, an original or a copy, in the custody or control of or known to You or Your counsel.  This definition includes, but is not limited to, the following items, whether printed, recorded, microfilmed, electronically, optically or magnetically stored, or reproduced by any process, or written or produced by hand:  checks, billing statements, customer service records, credit information, appointment books, proposals, agreements, estimates, contracts, purchase orders, letters, telegrams, telexes, intraoffice or interoffice communications, memoranda, reports, business records, instructions, specifications, notes, notebooks, lists, personnel records, scrapbooks, diaries, drafts, work papers, calendars, plans, diagrams, pictures, photographs, photocopies, promotional material, charts, graphs, exhibits, displays, descriptions, drafts, minutes of meetings and/or conferences and/or telephone and/or other conversations or communications, recordings, press releases, published or unpublished or pending speeches or articles, publications, transcripts of telephone conversations, telephone logs, telephone bills, messenger and/or courier logs, messenger and/or courier receipts, records of the transmittal or receipt of correspondence and/or documents and/or other tangible materials, records reflecting charges to clients or others for the transmittal or receipt of correspondence and/or documents and/or other tangible materials, ledgers, financial statements, microfilm, tape or disk (disc) recordings, e-mails and all attachments, including from any personal email accounts**,** written or electronically or magnetically stored calculations, computer printouts or any other tangible thing that stores, contains or preserves facts and/or opinions and/or information, or which in any way refers to, relates or reflects the fact or substance of any

communication or other transmittal of fact and/or opinions and/or information, in any way whatsoever.  This definition also includes, but is not limited to, electronically stored data from which information can be obtained either directly or by translation through detection devices or readers, and any such document is to be produced in a reasonably legible and usable form.  This definition includes the original item (or copy thereof if the original is not available) and all copies which differ in any respect from the original, including copies containing any notation, underlining, marking, or information not on the original.

      3.      As used herein, "Plaintiff" means AloStar.

      4.      As used herein, the terms "GLS Florida Property 2, LLC" ("GLS") as well as a party's full or abbreviated name or a pronoun referring to a party mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates.

      5.      As used herein, "possession," "custody," or "control" includes the joint or several possession, custody or control not only by Defendant, but also the joint or several possession, custody or control by each or any other person acting or purporting to act on behalf of Defendant whether as employee, attorney, investigator, agent, sponsor, spokesman, or otherwise;

      6.      As used herein, the term "communication" includes, without limitation, communications by whatever means transmitted (i.e., whether oral, written, electronic, or other methods used), as well as any note, memorandum or other record thereof.

      7.      As used herein, "identify" when referring to a person means to state the person's full name, business and residence addresses and telephone numbers, and the relation or affiliation such person had or has to Defendant or Plaintiff.

      8.      As used herein, "identify" when referring to a document means to specifically describe the document in detail so that the document can readily be obtained by using the

description.  In identifying a document that was, but no longer is, in Defendant's possession, custody, or control, describe the contents of the document; state the date it ceased to be in Defendant's possession, custody, or control; and identify the current custodian of the document.

9. As used herein, "date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

10. As used herein, "person" is defined as any natural person or any business, legal or governmental entity or association.

11. As used herein, "concerning" means relating to, referring to, describing, evidencing or constituting.

12. As used herein, "Original Note" means the December 23, 2005 Promissory Note executed by GLS in favor of the Bank of Bonifay.

13. As used herein, "Operative Note" means the Renewal Promissory Note, dated January 10, 2010 and executed by GLS.

14. As used herein, "Amended Note" means any and every note, renewal, or amendment executed subsequent to the Original Note but prior to the Operative Note.

15. As used herein, "Property" means any portion of that real estate located in Bay County, Florida that GLS mortgaged to the Bank of Bonifay.

16. As used herein, "CRT, LLC" means that company shown on Exhibit A to Plaintiff's First Requests for Admissions served contemporaneously with these interrogatories.

17. As used herein, the terms "all" and "each" shall be construed as all and each.

18. As used herein, the terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

19. The use of the singular form of any word includes the plural and vice versa.

20. In answering these Interrogatories, Plaintiff should furnish such information as is known or is available to it regardless of whether this information is obtained directly by, or known to, its attorneys or other agents or representatives.

## INTERROGATORIES

1. If any Defendant's response to any separately-numbered request for admission in Plaintiff's First Requests for Admissions served contemporaneously with these interrogatories is other than an unequivocal admission:

   a) State each and every fact upon which you rely to support the response to each such request; and

   b) With respect to each fact referred to in the response to subpart (a) hereof:

   i. Identify each person who has or purports to have knowledge of the same; and

   ii. Identify each document or tangible thing that concerns, relates to, reflects or supports the same.

2. Identify "CRT, LLC" and each person or entity who has ever had a financial interest in or served as a manager of "CRT, LLC," and for each such person, state their historical ownership, as it may have changed from time to time and the nature of that ownership (type of ownership, voting or not, voting rights, preferences, and privileges, percentage or share of interest), and their state of residence and domicile.

3. Identify "Jim Johnson" as shown on Exhibit A to Plaintiff's First Request for Admissions served contemporaneously with these interrogatories and state whether "Jim Johnson" is the same as Defendant Glenn W. Johnson, III named in this action.

-5-

Dated this 25th day of May 2012.

Respectfully submitted,

By: s/ Yancey F. Langston
    Yancey F. Langston
    Florida Bar No. 827134
    MOORE, HILL & WESTMORELAND, P.A.
    220 West Garden Street (32502)
    SunTrust Tower, 9th Floor
    Post Office Box 13290
    Pensacola, FL 32591-3290
    Telephone:    (850) 434-3541
    Facsimile:    (850) 435-7899
    Email:  ylangston@mhw-law.com
    *Attorneys for Plaintiff*
    *AloStar Bank of Commerce*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,** <br><br>    **Plaintiff,** <br><br> v. <br><br> **GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;** <br><br>    **Defendants.** | CIVIL ACTION FILE <br> NO. 5:11-cv-00406-RS-GRJ |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 25, 2012, I served a true and exact copy of the foregoing *First Interrogatories to Defendants Wiles, Stroud, and Graham Relating To Jurisdictional Discovery* via delivery by courier, to the following counsel of record:

Ralph Schofield
Lawrence Keefe
A. Benjamin Gordon
KEEFE ANCHORS GORDON & MOYLE P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547

<u>s/ Yancey F. Langston</u>
Yancey F. Langston

