**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

**ALOSTAR BANK OF COMMERCE,**

      **Plaintiff,**

**v.**

**GLS FLORIDA PROPERTY 2, LLC;**
**JASON R. FLOM; HERBERT L.**
**GRAHAM; GLENN W. JOHNSON, III;**
**ELLIOT H. LEVINE; PETER**
**MCKENNA; JAMES C. STROUD;**
**DWIGHT P. WILES; ELIZABETH**
**YATES; and ROGER S. AARON,**
**EARLE YAFFA, and RONALD J.**
**WEISS, as Executors of the Estate of**
**Joseph Flom;**

      **Defendants.**

**CIVIL ACTION FILE**
**NO. 5:11-cv-00406-RS-GRJ**

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RESPONSES TO PLAINTIFF'S PERSONAL JURISDICTION DISCOVERY

Plaintiff, AloStar Bank of Commerce, by and through undersigned counsel files this Memorandum of Law in Support of Plaintiff's Motion to Compel Responses to Plaintiff's Jurisdictional Discovery.

### Statement of the Rule

Federal Rule of Civil Procedure Rule 26 provides that :

> "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and

location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed. R. Civ. P. 26.  The information requested in Plaintiff's discovery is relevant to Defendants' defense that the Court lacks personal jurisdiction over Defendants.  As explained in the Motion contemporaneously filed herewith, Plaintiff must meet the requirements of Florida Statute Section 48.193 commonly referred to as "Florida's Long Arm Statute," and must show that Defendants had the required minimum contacts with the state of Florida.  The discovery requests submitted by Plaintiff are relevant to prove these issues.

**Objections Raised**

Defendants list eight discovery objections that they use almost interchangeably to answer the Requests for Admission, the Interrogatories, and the Request for Production.  Those objections are as follows:

Objection 1: Responding Defendants object to this request as exceeding the scope of the discovery permitted by the Court's previously entered Order, which allows discovery on the sole issue of personal jurisdiction over the Responding Defendants.

Objection 2: The request appears to relate to merits discovery or discovery on the issue of personal jurisdiction over Defendant [xxx] which/who is not one of the Responding Defendants.

Objection 3:  Further, the request may seek irrelevant information.

Objection 4:  The request appears to relate to merits discovery.

Objection 5: The execution of a guaranty does not create a basis for the exercise of personal jurisdiction.

Objection 6:   Responding Defendants object to this request as seeking impermissible financial discovery or otherwise exceeding the scope of permissible discovery.

2

Objection 7:  Any such ownership interest in [company(s)] is insufficient to create a basis for the exercise of personal jurisdiction.

Plaintiff does not wish to discover privileged information nor has it been alleged otherwise.  Instead, Defendants objections relate to the relevance of the discovery requested.  However, as the Southern District of Florida explained, "[i]nformation is relevant if it is "germane, conceivably helpful to plaintiff, or reasonably calculated to lead to admissible evidence."  Adelman v. Boy Scouts of Am., 276 F.R.D. 681, 689 (S.D. Fla. 2011), citing Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007).  "Under Rule 26 relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case."  Donahay v. Palm Beach Tours & Transp., Inc., 242 F.R.D. 685, 687 (S.D. Fla. 2007).  In other words, if the request could potentially uncover relevant information or lead to relevant information then the request is admissible and should be answered.

"[A]n objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence must include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence."  Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fla. 2008).  Defendants have failed to provide such an explanation and cannot do so as the discovery requests are relevant to proving Defendants' minimum contacts with the State of Florida.  In fact, Defendants do not even deny the relevance of most of the requests and instead Defendants state "the request *may* seek irrelevant information" admitting that it seeks relevant information but still refusing to answer.

**Categories of Requests**

Most of Plaintiff's requests fall into categories.  Plaintiff requests information on second loans and guarantees made by Defendants to Florida banks, on Defendants' ownership interests and involvement in Florida businesses, Defendants' residence and domicile, Defendants' contacts with the State of Florida, Defendants' involvement in real estate development in Florida, Defendants' travels to Florida, and Defendants' contacts with Florida.  These requests are relevant for the following reasons:

(1)  the existence and structure of loans goes towards showing additional contacts of officers of the company with the State of Florida;

(2) loans may also lead to the discovery of other relationships within the State of Florida;

(3)  additional guarantees might also lead to the discovery of additional relationships within the State of Florida;

(4)  guarantees made in Florida on behalf of Florida businesses doing business in Florida are relevant to show minimum contacts within the State of Florida

(5) interest in Florida businesses doing business in Florida is relevant to show minimum contacts within the State of Florida;

(6)  residence and domicile are relevant to show personal jurisdiction;

(7)  contacts within the State of Florida or with Florida businesses are relevant to show minimum contacts with the State of Florida;

(8)  involvement in real estate projects in Florida is relevant to show minimum contacts with the State of Florida;

(9)  travels to Florida are relevant to show minimum contacts with the State of Florida;

(10) Defendants' objections are conclusions of law and fail to "include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence." Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fla. 2008).

### Discovery Sanctions

The fact that Defendants have not adequately responded to the discovery also entitles Plaintiff to sanctions.  Plaintiff requests sanctions pursuant to Fed. R. Civ. P. 37.  Specifically, pursuant to Fed. R. Civ. P. 37(c)(1)(C) and Fed. R. Civ. P. 37(d)(3), Plaintiff requests Defendants be prohibited from opposing Plaintiff's claim that this Court has personal jurisdiction over Defendants regarding the causes of action discussed herein or from introducing matters regarding the same into evidence.

Generally, Rule 37 sanctions are only imposed following a party's violation of a court order compelling production or disclosure.  *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).  However, an exception exists for situations arising under Rule 37(c) and Rule 37(d).  *See* Fed. R. Civ. P. 37(c)(1)(C); Fed. R. Civ. P. 37(d)(3).  Rule 37(c) provides "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)(C).  When a party fails to provide such information or witness, the court "may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i-vi)." *Id.*  The same sanctions are available pursuant to Rule 37(d) when a party "fails to serve its answers, objections, or written response" after being properly served with interrogatories under Rule 33. Fed. R. Civ. P. 37(d)(3).

Plaintiff are entitled to the requested sanctions pursuant to Rule 37(c) because Defendants have failed to comply with Rule 26(a) by repeatedly objecting to and/or failing to provide complete responses to Plaintiff's requests for production. *See* Fed. R. Civ. P. 37(c)(1)(C).  Defendants have not

established that their failure to disclose was substantially justified or that such failure is harmless to Plaintiff. *See id*. Similarly, Plaintiff are entitled to the requested sanctions pursuant to Rule 37(d) because Defendants have repeatedly objected to and/or failed to provide complete responses to Plaintiff's interrogatories. *See* Fed. R. Civ. P. 37(d)(3).

## Discussion of Merits of Objections

Due to the fact that discovery requests and responses exceeded 31 pages, listing each request, the multitude of objections associated with each request, and then Plaintiff's response to Defendants' objections is impossible as this memorandum would be approximately 40 pages. Due to length constraints, plaintiff has cited objections and responses to objections by number while preserving the original discovery request. Should the court wish Plaintiff to file a supplemental memorandum structured differently, Plaintiff will do so happily.

## Objections and Responses to Requests for Admission

Plaintiff's Requests for Admissions state as follows:

1.    Please admit that GLS obtained a second loan on the Property, other than the loan now held by AloStar.

Objections: 1, 2, 3.
Responses to objections: 1, 2, 6.

2.    Please admit that a second mortgage or lien on the Property was granted to SunTrust Bank to obtain a loan ("SunTrust Loan").

Objections:  1, 4, 3.
Responses to objections: 1, 2, 4, 6.

3.    Please admit that Wiles executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 3.
Responses to objections:  1, 2, 3, 4, 7, 10.

4.    Please admit that Stroud executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 3.
Responses to objections: 3, 4, 7, 10.

5.      Please admit that Graham executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 3.
Responses to objections: 3, 4, 7, 10.

6.      Please admit that Defendant Jason Flom executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 3.
Responses to objections: 3, 4, 7, 10.

7.      Please admit that Defendant Peter McKenna executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 2, 3.
Responses to objections: 3, 4, 7, 10.

8.      Please admit that Defendant Glenn W. Johnson, III executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 2, 3.
Responses to objections: 3, 4, 7, 10.

9.      Please admit that Defendant Elliot H. Levine executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 2, 3.
Responses to objections: 3, 4, 7, 10.

10.     Please admit that Defendant Elizabeth Yates executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 2, 3.
Responses to objections: 3, 4, 7, 10.

11.     Please admit that Joseph Flom executed a guaranty concerning the SunTrust Loan.

Objections: 1, 4, 5, 2, 3.
Responses to objections: 3, 4, 7, 10.

Plaintiff has no issue with Defendants' factual responses to RFA's #12-18, but objects

to Defendants' conclusions of law contained therein.

19.     Please admit that Graham's interest in GLS is, or has been, 23%.

Objections: 6, 7.
Responses to objections:  5, 8, 10.

20.     Please admit that Graham's interest in GLS is, or has been, approximately
23%.

Objections: 6, 7.
Responses to objections:  5, 8, 10.

21.     Please admit that Wiles's interest in GLS is, or has been, 1.5%.

Objections: 6, 7.
Responses to objections:  5, 8, 10.

22.     Please admit that Wiles's interest in GLS is, or has been, approximately
1.5%.

Objections: 6, 7.
Responses to objections:  5, 8, 10.

23.     Please admit that Stroud's interest in GLS is, or has been, 5%.

Objections: 6, 7.
Responses to objections:  5, 8, 10.

24.     Please admit that Stroud's interest in GLS is, or has been, approximately
5%.

Objections: 6, 7.
Responses to objections:  5, 8, 10.

25.     Please admit that all Guarantors of the Original Note, at the time of
executing their respective guaranty, had an ownership interest in GLS or FL
Florida Property 3, LLC.

Objections:  1, 2, 7, 3.
Responses to objections:  4, 5, 7, 8, 10.

Plaintiff has no issue with Defendants' factual responses to RFA's #26-28, but objects

to Defendants' conclusions of law contained therein.

29.     Please admit that all Guarantors of the Original Note, at some time after executing their respective guaranty concerning the Original Note, had an ownership interest in GLS or FL Florida Property 3, LLC.

Objections:  1, 2, 7, 3.
Responses to objections: 4, 5, 7, 8, 10.


Plaintiff has no issue with Defendants' factual responses to RFA's #30-32, but objects to

Defendants' conclusions of law contained therein.

33.     Please admit that the amount of the limited guaranty executed by Defendants and Jason Flom; Glenn W. Johnson, III; Elliot H. Levine; Peter McKenna; Elizabeth Yates; and Joseph Flom was calculated, at least in part, using the percentage of ownership interest or other investment in either GLS or FL Florida Property 3, LLC.

Objections: 1, 2, 7, 3.
Responses to objections: 4, 5, 7, 8, 10.


34.     Please admit that the amount of the limited guaranties concerning each Amended Note and the Operative Note executed by the individuals listed in the preceding request varied based on the percentage of ownership interest or other investment in either GLS or FL Florida Property 3, LLC.

Objections: 1, 2, 7, 3.
Responses to objections: 4, 5, 7, 8, 10.

35.     Please admit that GLS acquired the Property for the purpose of developing the "Marina Di Massa" project.

Objections: 1, 2, 3.
Responses to objections: 5, 7, 8, 10.

36.     Please admit that GLS is, or was, engaged in the real estate development business in the State of Florida.

Objections: 1, 2, 3.
Responses to objections: 5, 7, 8, 10.

37.     Please admit that GLS obtained the loan from AloStar for the purpose of acquiring the Property for its real estate development business in the State of Florida.

Objections: 1, 2, 3.
Responses to objections: 5, 7, 8, 10.

Plaintiff has no issue with Defendants' factual responses to RFA's #38-49, but objects to

Defendants' conclusions of law contained therein.

50.    Please admit that Exhibit A represents, or has represented, the ownership structure of GLS.

Objections: 1, and "responding Defendants previously responded regarding their interest in GLS, and any such interest is insufficient to create a basis for the exercise of personal jurisdiction over any of the Responding Defendants."
Response to objections: 5, 7, 8, 10.

### Objections and Responses to Interrogatories

Defendants also objected to most of the interrogatories directed to Defendants:

1.    Describe Your affiliation, interest in, ownership of, membership, contractual relationship, e.g., guaranties, and full relationship with GLS, FL Florida Property 3, LLC, and any other entity now or ever incorporated in, operating in, doing any business in, or deriving any revenue from in the State of Florida. For GLS, describe any changes in the preceding data occurring from the time of executing the Original Note to present.

Objections:  1, 2, 6, 3.
Responses to objections:  1, 2, 3, 4, 5, 7, 8, 10.

2.    Identify any individual that has ever been a member or owner of GLS or FL Florida Property 3, LLC, the percentage of ownership or extent of that interest to include historical changes over time, and their state of residence and domicile.

Objections:  1, 2, 6, 3.
Responses to objections:  5, 6, 7, 8, 10.

3.    Describe the method of calculating the amount of each of Your limited guarantees concerning the Original Note, Operative Note, and Amended Note.

Objections: 1, 3.
Responses to objections: 3, 4, 5, 7, 8, 10.

4.    Describe all policies or procedures by which GLS, directly or indirectly, accesses funds from all debt instruments to which it is a signatory, specifically

whether You may be required or asked to approve or guarantee the obligation resulting from that action.

Objections: 1, 6, 2, 3.
Responses to objections: 1, 2, 3, 4, 5, 7, 8, 10.

5.      Describe and identify all real and personal property in the State of Florida owned by You or an entity in which You have an interest. For all such real or personal property, state the value, amount paid to acquire an interest in said property, and whether You have executed any guarantees concerning that property or other entities.

Objections: 1, 6, 2, 3.
Responses to objections: 7, 8, 10.

6.      Identify all persons who have been signatories on each bank account maintained in the name of GLS or FL Florida Property 3, LLC, separately identifying all persons with authority to direct that any payment from any such bank account be made on behalf of GLS. For each bank account, state the address where the account was opened, the bank where the account is held, and the address where statements and other notices concerning the account are received. If You have ever issued paychecks or provided compensation from You or Your corporate bank accounts to GLS or another entity operating a business in Florida, please identify all such transactions.

Objections: 1, 6, 2.
Responses to objections: 5, 7, 8, 10.

Plaintiff does not take issue with Defendants' response to Interrogatories #7 and 8.

9.      Describe any and all communications You or any individual acting at Your request or on Your behalf had with the Bank of Bonifay and any subsequent holders of the Original Note, Operative Note, and Amended Note.

Objections: 1, 6, 2.
Responses to objections: 1, 2, 3, 4, 5, 7, 8, 10.

Plaintiff does not take issue with Defendants' response to Interrogatory #10, with the

exception of Defendants' omission of dates.

11.      State whether any limited guaranty concerning GLS or the Property, whether original or amended, You executed was a condition precedent to and induced the making of the Original Note, Operative Note, or Amended Note.

11

Objections: "Responding Defendants object to this request as vague regarding which party was supposedly "induced." In any event, Responding Defendants do not have sufficient knowledge to respond to this inquiry."
Responses to objections:  1, 2, 3, 4, 5, 7, 8, 10.

12.     State the amount of Your investment in GLS and any other entity now or ever incorporated in, operating in, doing any business in, or deriving any revenue from the State of Florida, including those entities with which You have any contractual relationship, e.g., guaranties, and the estimated present value of all such investments. If You provided any consideration to GLS or a third party concerning GLS's acquisition of the Property, state the amount of the consideration and the value given.

Objections:  1, 6, 3.
Responses to objections: 1, 2, 3, 4, 5, 7, 8, 10.

13.     State whether You or any entity in which You have an interest, to include GLS, presently operate or have ever operated a business in the State of Florida. For each such business, state the businesses' name, nature, duration, revenues, profits, and the amount of distributions You have received.

Objections: 1, 6, 2.
Response to objections:  1, 2, 3, 4, 5, 7, 8, 10.

14.     Describe the purpose of the loan proceeds obtained from the Original Note, the intended use of the Property, and the profit either You or GLS expected to realize. Specifically, state whether these loan proceeds were used, at least in part, to acquire the Property or provide capital or funds for the purpose of operating a business. For any such business, state the type and nature of business, the purpose of such business, and, specifically, whether it included real estate investment, holding, or development.

Objections: 6, 2, 3.
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

15.     Describe the negotiations, discussions, communications, and other activity concerning the Original Note, limited guaranties You executed, the Property, or mortgage of the Property that occurred prior to the execution of those documents, identifying each individual involved. Specifically, state whether acquisition of the Property by GLS was conditioned or made possible by execution of the Original Note, limited guaranties You executed, or mortgage of the Property.

Objections: "[…] this interrogatory is objectionable as vague in its use of the phrase "other activity" and its failure to define with whom the "discussions" and "communications" occurred. In any event, Responding Defendants were not

engaged in any direct dealings in Florida beyond any dealings that may be disclosed in these discovery responses."
Responses to objections: 7, 10.

16.    Describe and identify the "Marina Di Massa" development project or its equivalent under a different name, including its estimated costs of construction, Your or GLS's intended method of financing construction, marketing studies or efforts, and the professionals engaged to render and create plans for this development. For each individual identified, state whether You have communicated with individual and describe each such communication.

Objections: 1, 6, 3.
Responses to objections: 7, 8, 10.

17.    Describe Your involvement with GLS and the "Marina Di Massa" development project or its equivalent under a different name, including Your role in the permitting or regulatory approval process and whether You have ever signed, submitted, prepared, or reviewed any document or paid any fee in connection with such process.

Objections: 1.
Responses to objections: 5, 7, 8, 10.

Describe Your or GLS's relationship with Ronnie Gilley Properties, LLC, Ronnie Gilley, Gateway Ventures, LLC, Harold and Nancy Dickens, and any other prior owners of the Property.

Objections: 1, 2, 3.
Responses to objections: 7, 8, 10.

Plaintiff does not take issue with Defendants' objections to Interrogatory #19.

20.    State whether You or GLS are aware that GLS paid more than twice what Ronnie Gilley Properties, LLC or Ronnie Gilley paid to acquire the Property, the date You first became aware of that fact, and whether You disclosed it to the Bank of Bonifay or any subsequent holder of the Original Note, Operative Note, or Amended Note. If You or GLS were not aware of this fact, state the amount You believed Ronnie Gilley Properties, LLC or Ronnie Gilley paid to acquire its interest in the Property prior to conveying it to GLS.

Objections: 1, 3.
Responses to objections:  7, 8, 10.

Plaintiff does not take issue with Defendants' responses to Interrogatories #21 and 22.

23.   Have You ever owned or held any property, bank accounts, or assets in the State of Florida, paid taxes in the State of Florida, or owned companies doing business in the State of Florida. If so, describe with specificity.

Objections: "Defendant Stroud states that he has previously held a bank account in the State of Florida approximately twenty years ago. As previously noted, Defendant Stroud also owned a condominium in Boca Raton, Florida from approximately 2001 to 2008 and a house in Marco Island, Florida over twenty years ago. On information and belief, Defendant Stroud paid real estate taxes on such properties. **The assets will not be described with greater specificity as Plaintiff is not entitled to financial discovery.** Defendant Wiles states that he does not individually own any such assets but is a general partner in a partnership that owns property in the State of Florida. Defendant Graham states that he has not held any such assets."

Responses to objections:  5, 6, 7, 8, 9, 10.

Plaintiff does not take issue with Defendants' responses to Interrogatories #24 and 25.

## Objections and Responses to Requests to Produce

Defendants also objected to almost all of the Plaintiff's Requests to Produce:

1.       All documents identified or referenced in Your response to Plaintiffs' First Interrogatories to Defendants Wiles, Stroud, and Graham Relating to Jurisdictional Discovery or upon which You based Your responses.

Objections: Subject to objections already raised and to any potential privilege that may apply, responsive documents will be produced.
Responses to objections: 1-10.

Plaintiff does not take issue with Defendants' responses to RFP's 2-4 and only asks that

Defendants produce the documents as or if they become available.

5.       All documents evidencing, reflecting or relating to any financial contributions or support made by You, Defendants, or Other Defendants to GLS, FL Florida Property 3, LLC, or any other entity incorporated in the State of Florida.

Objections: 1, 6, 2.
Responses to objections: 1, 2, 3, 4, 5, 7, 8, 10.

6.       All documents evidencing, reflecting or relating to any expenditures of GLS or You, Defendants, or Other Defendants on behalf of or in furtherance of its

business, operations, or the "Marina Di Massa" development project or its equivalent under a different name, or any other use of the Property.

Objections: 1, 6, 2.
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

7.     All documents evidencing, reflecting, or relating to communications between the members or owners of GLS and its managers, including but not limited to Elliot Levine or FL Florida Property 3, LLC.

Objections: 1, 2, 3, "impermissibly vague or overbroad as to make it impossible, impractical, or unreasonably burdensome."
Response to objections: 5, 7, 8, 10.

8.     All Operating Agreements of GLS and FL Florida Property 3,LLC and any contracts or agreements among or involving its members related to either company.

Objections: 1, 2, 3
Response to objections: 5, 7, 8, 10.

9.     All documents evidencing, reflecting or relating to any communication with Ronnie Gilley or Ronnie Gilley Properties, LLC.

Objections: 1, 2, 3.
Response to objections: 5, 7, 8, 10.

10.    All documents concerning the "Marina Di Massa" development project or its equivalent under a different name, or any alternative use of the Property.

Objections: 1, 2, 3, "impermissibly vague or overbroad as to make it impossible, impractical, or unreasonably burdensome."
Response to objections: 5, 7, 8, 10.

11.    All documents concerning any contemplated, conceived, proposed, or considered alternative use for the Property.
Objections: 1, 2, 3, "impermissibly vague or overbroad as to make it impossible, impractical, or unreasonably burdensome."
Response to objections: 5, 7, 8, 10.

12.    All documents evidencing, reflecting or relating to any communication regarding, expenditure, or use, whether actual or considered, of the proceeds obtained from the Original Note, Operative Note, and Amended Note.

Objections: 1, 2, 3.
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

13.    All documents evidencing, reflecting or relating to communications between the GLS or its members and any state or federal governmental agency regarding the Property or development of the Property.

Objections: 1, 2, 3.
Response to objections: 5, 7, 8, 10.

14.    All documents evidencing, reflecting or relating to Your ownership interest in, investment in, or value of interest in GLS.

Objections: "impermissibly vague or overbroad as to make it impossible, impractical, or unreasonably burdensome."
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

15.    All documents evidencing any bank account held by the GLS and FL Florida Property 3, LLC.

Objections: 1, 2, 3.
Response to objections: 5, 7, 8, 10.

16.    All documents, including all notes, witness statements and affidavits, relating to or concerning any communication between or involving any combination of GLS, its members, its managers, and the guarantors of the Original Note, Operative Note, or Amended Note concerning (a) the Property or any activity in or concerning the State of Florida, (b) the Partnership's selection, retention and termination of a manager or developer of the Property, (c) the selection of any consultants, architects, engineers, surveyors, or general contractors or subcontractors.

Objections: 1, 2, 3.
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

17.    All documents concerning Your ownership interest of or any contractual relationship, e.g., guaranties, with any entity now or ever incorporated in, operating in, doing any business in, or deriving any revenue from the State of Florida, or any other manner in which You indirectly or through an entity have an interest in real or personal property or business in the State of Florida.

Objections: 1, 2, 3, "vague and burdensome."
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

18.    All guaranty agreements You executed concerning the Original Note, Operative Note, and Amended Note.

Objections: 1, 2, 3, "Responding Defendants object to this request as such documents should be in the control and possession of Plaintiff if Plaintiff intends to sue on such documents."
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

19.    All documents showing the method of calculating the amount of the guaranty agreements You executed concerning the Original Note, Operative Note, and Amended Note.

Objections: 1, 2, 3.
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

20.    All documents that You have signed concerning GLS, FL Florida Property 3, LLC, or the Property.

Objections: 1, 2, 3, requests "information that should already be in Plaintiff's possession and control."
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

21.    All documents evidencing any visit by You or Your agents to the State of Florida, regardless of the purpose.

Objections: "impermissibly vague or overbroad as to make it impossible, impractical, or unreasonably burdensome."
Response to objections: 7, 9, 10.

22.    All communications between You and the Bank of Bonifay or its successors in interest.

Objections: 1, 2, 3, 4.
Response to objections: 1, 2, 3, 4, 5, 7, 8, 10.

Plaintiff does not take issue with Defendants' response to RFP #23.

## Conclusion

In view of Defendants' unsupported and abusive objections to Plaintiff's discovery requests, Plaintiff respectfully requests that this Court order Defendants Stroud, Wiles, and Graham to fully and completely answer Plaintiff's Interrogatories, Request for Admission, and Request for Production and, in addition or in the alternative, bar submission and consideration of any evidence in support of Defendant's Motion to Dismiss on Jurisdictional Grounds.

Respectfully submitted this 9th day of July 2012.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on July 9,

2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of

electronic filing to counsel for the parties registered on the CM/ECF system.

Respectfully submitted,

By:  s/ George R. Mead
George R. Mead
Florida Bar No. 096490
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:      (850) 434-3541
Facsimile:      (850) 435-7899
Email:  emead@mhw-law.com
*Attorneys for Plaintiff*
*AloStar Bank of Commerce*