UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

        **Plaintiff,**

v.

GLS FLORIDA PROPERTY 2, LLC;
JASON R. FLOM; HERBERT L.
GRAHAM; GLENN W. JOHNSON, III;
ELLIOT H. LEVINE; PETER
MCKENNA; JAMES C. STROUD;
DWIGHT P. WILES; ELIZABETH
YATES; and ROGER S. AARON,
EARLE YAFFA, and RONALD J.
WEISS, as Executors of the Estate of
Joseph Flom;

        **Defendants.**

CIVIL ACTION FILE
NO. 5:11-cv-00406-RS-GRJ

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS WILES, STROUD, AND GRAHAM'S MOTION TO DISMISS

      Plaintiff, AloStar Bank of Commerce, by and through undersigned counsel files this Memorandum of Law in Opposition to Defendants Wiles, Stroud, and Graham's Motion to Dismiss.

### Case Posture

      Defendants Stroud, Wiles, and Graham, jointly filed a motion to dismiss and alleged that the Court lacks personal jurisdiction over them as each lives out of State and allegedly fails to meet the requirements of the Florida Long Arm Statute, § 48.193, and fail to meet the minimum contacts required by both Florida and US Supreme Court case law.  By stipulated agreement and

Order the Court allowed for discovery of issues related to personal jurisdiction.   However, Defendants objected to almost every discovery request presented to them.  See Plaintiff's Motion to Compel Responses and accompanying Memorandum of Law. Now, Plaintiff is left in the position of defending a Motion to Dismiss for Lack of Personal Jurisdiction without the benefit of the Court ordered discovery regarding personal jurisdiction.  Defendants even objected to producing "documents evidencing any visit by you or your agents to the State of Florida" as "unreasonably burdensome," giving Plaintiff cause to believe that documents, when eventually produced, will be useful to the Court in resolving this dispute as to personal jurisdiction.

**Background**

However, because Defendants have refused Plaintiff's discovery requests on relevance grounds, yet failed to "include a specific explanation describing why the request lacks relevance, and why the information sought will not reasonably lead to admissible evidence" as required, Plaintiff is placed in an awkward, if not impossible, position of arguing the motion without only the benefit of the discovery this Court has ordered.  Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D. Fla. 2008).  However, based on information known to and believed by Plaintiff, including Plaintiff's knowledge without the assistance of discovery, Defendants started a real estate company in Florida to construct a planned development on the Florida coast.  The company was a Florida LLC, the documents filed with the Florida Department of State, and the Defendants used Florida banks for financing and executed limited guaranties in favor of a Florida bank to include that bank to make the loan.  The guarantees all state the Florida law applies.  More than just a single set of guaranties to Florida banks, Defendants executed *three sets* of guarantees over a span of several years to Florida banks, all stating Florida law applied. See Guarantees attached as **Exhibit A**.  Demonstrating the frivolity of Plaintiff's objections,

Defendants even objected to their production, stating they were not relevant to the "issue of personal jurisdiction."

Regardless, upon information and belief, Defendants were hoping to build approximately 100 condominium units on the Florida Coast, flip the units for a profit, and pay back the Florida bank.  Defendants are believed to own an interest in the Florida companies proportionate to the amount of capital they contributed or guaranteed, courtesy of Florida banks.  Years after the crash of the Florida real estate market—hitting the residential condominium market especially hard, Defendants have chosen to walk away from Florida and this business venture altogether. Other Defendants have now moved for the Florida lawsuit to be transferred to New York, thereby allowing a New York court to apply Florida law to issues originating from Bay County property and Florida banks.  It is odd to think that had the project started a year or two earlier Defendants probably would have taken advantage of Florida courts to sue their contractors for construction defects, litigate the return of deposits from unhappy buyers, and perhaps even litigate the distribution of profits from this business.  One of the few things Defendants were willing to admit was that they intended to profit from their investments in the respective Florida LLCs developing and selling real estate on the Florida Coast.  See Defendants' Admission to Plaintiff's Request for Admissions #39 and 40.

## Long Arm Jurisdiction

Defendants argue that even though they intended to profit from the Florida LLCs they started to develop and sell property on the Florida coast that were funded by loans from Florida banks that Defendants personally guaranteed and in which they agreed that Florida law would apply, that they cannot be reached by the Florida Long Arm Statute, § 48.193.  The relevant portions of the Statute state:

(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

(b) Committing a tortious act within this state.

(c) Owning, using, possessing, or holding a mortgage or other lien on any real property within this state.

(g) Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

§ 48.193, Fla. Stat. Ann.  It is clear that Defendants operated, conducted, engaged in, or carried on a business or business venture in Florida, either themselves or through an agent.  Defendants meet subsection (a).  Defendants engaged in tortious acts in this state if they intended to defraud Plaintiff, which allows Defendants to meet subsection (b).  Defendants meet subsection (c) because they used a Florida mortgage to purchase the Florida property.  Defendants meet subsection (g) because they have failed to comply with the guarantee agreements and pay the Florida banks pursuant to the guarantee agreement stating Florida law applies.

**Substantial Contact Analysis**

While glossing over the above analysis, Defendants hang their hat on the argument that all they did was sign guarantee agreements and they did not have sufficient minimum contacts with the State of Florida to give the state personal jurisdiction.  While Defendants' refused to respond to discovery requests regarding their contacts with the State, Florida case law is clear that even with the little that is known about Defendants contacts, they have met the requirements for personal jurisdiction.  The Florida Third DCA, in a similar case involving business conducted in Florida by an out of state resident attempting to avoid personal jurisdiction, explained "[defendant] is a professional man with business contacts in Florida. […] and he certainly had to

be aware that in the event of a default of payments on the notes in Florida, which he guaranteed, he could "reasonably anticipate being haled into court" in Florida."  Hamilton v. Bus. Assistance Consortium, Inc., 602 So. 2d 619, 621 (Fla. 3d DCA 1992).  Different than the Defendant in Hamilton, the Defendants here not only had business contacts in Florida but were the principals behind Florida LLCs with a mission to develop Florida real estate to generate profits for the Defendants.

Simply put, the "test is whether the defendant's conduct in connection with the forum state is "such that he should reasonably anticipate being haled into court there.""  Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 500 (Fla. 1989), citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).   However, it is not just Defendants conduct and contact with the State of Florida that makes it clear they could anticipate being haled into court in Florida.  Defendants signed multiple guarantee agreements with choice of law provisions stating Florida law would apply.   As the United States Supreme Court explained, the choice of law provision "reinforced [Defendant's] deliberate affiliation with the forum State and the reasonable foreseeability of possible litigation there. As Judge Johnson argued in his dissent […], [Defendant] "purposefully availed himself of the benefits and protections of Florida's laws" by entering into contracts expressly providing that those laws would govern franchise disputes."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 482 (1985).

## Conclusion

In conclusion, Defendants started businesses in Florida, used Florida banks, inspected Florida property, bought Florida property, intended to develop and sell condominium units in Florida, intended to profit from their Florida businesses, guaranteed multiple loans to Florida banks, and signed guarantees with choice of law provisions stating Florida law would govern any

disputes.  At the very least, Defendants operated businesses in Florida, , used Florida mortgages, and breached Florida contracts by failing to make payment in Florida to Florida banks.

Even ignoring the evidence of personal jurisdiction that could be gained in the absence of Defendants' discovery charade, which is subject to sanctions pursuant to Rule 37, Defendants meet the requirements for the Florida Long Arm Statute, §48.193 to apply.  Defendants meet the minimum contacts requirement because not only do they far surpass the contacts Florida courts have found to be sufficient, they have purposefully availed themselves "of the benefits and protections of Florida's laws" according to the United States Supreme Court.

### Options for Relief

Plaintiff recommends two options to the Court in its ruling on Defendants' Motion to Dismiss.  First, either withhold ruling until Defendants have answered Plaintiffs' discovery related to personal jurisdiction or, second, deny Defendants' motion outright.  Pursuant to both the Florida Supreme Court and the United States Supreme Court, Defendants are subject to this Court's personal jurisdiction given only the information at hand.  Additional discovery would only serve to further the argument in favor of personal jurisdiction.

Respectfully submitted this 9th day of July 2012.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on July 9, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

Respectfully submitted,

By:  s/ George R. Mead
George R. Mead

Florida Bar No. 096490
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:     (850) 434-3541
Facsimile:     (850) 435-7899
Email:  emead@mhw-law.com
*Attorneys for Plaintiff*
*AloStar Bank of Commerce*