IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

    Plaintiff,

v.                                                          CASE NO. 5:11-cv-406-RS-GRJ

GLS FLORIDA PROPERTY 2, LLC, et al.,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Plaintiff's Motion to Compel Responses to Plaintiff's Personal Jurisdiction Discovery (Doc. 60).  On July 17, 2012 upon prior notice the Court conducted a telephonic hearing to address the motion. For the reasons discussed at the hearing, which are incorporated into this order, and as summarized below, Plaintiff's Motion to Compel is due to be granted in part and denied in part.

This case arises from a multi-million dollar loan in default.  The defendants are the borrower (a limited liability company), and a number of individuals who signed limited guaranties of the loan.  All of the individual defendants except one has filed a motion to dismiss for lack of personal jurisdiction.  (Docs. 38, 48, 49, 50, 51, 54.) The one defendant who has not so filed has not responded to the suit at all.  The moving defendants argue that the Northern District of Florida has no personal jurisdiction over them because their contacts to the state of Florida were limited to signing the guaranties.

The parties jointly requested leave to conduct discovery on the issue of personal jurisdiction, which the Court granted. (Doc. 47.)  Plaintiff hoped to prove that

Defendants had a greater relationship with the state of Florida than merely signing a guaranty for the purchase of Florida property, and its discovery requests focused on Defendants' participation in the limited liability company that signed the loan in question and the real estate development project that the loan was to fund.  Defendants Stroud, Wiles, and Graham responded to some requests, but lodged objections to many others. Their objections fell generally into these categories: (1) the requests were impermissible merits discovery; (2) the requests were impermissible financial discovery; (3) the requests were otherwise outside the scope of the personal jurisdiction discovery permitted by the Court; (4) the requests asked for information about other defendants. In response to these objections, Plaintiff filed the instant motion to compel.  (Doc. 60.) After the motion was filed and before the hearing, Defendant Stroud filed a motion to withdraw his previously-filed motion to dismiss, thereby consenting to personal jurisdiction.  (Doc. 72.)  The motion to compel therefore remained pending only as to Defendants Wiles and Graham.

     As a general matter Defendants' personal participation in the real estate development project—or lack thereof—is relevant to the question of personal jurisdiction, and discovery about that participation is permissible.  Plaintiff's motion to compel answers to those requests is granted as detailed below.  Second, many of Plaintiff's requests exceed the scope of personal jurisdiction discovery, encompassing issues relevant only to the ultimate merits of the lawsuit and not Defendants' personal contacts with Florida.  Those requests are limited or denied as detailed below.  Finally, a number of questions focused on the behavior of the limited liability company and on other defendants, not on the behavior of Defendants Wiles and Graham.  Because the

motion to compel is pending only as to these two defendants, Plaintiff's discovery requests were limited or denied as detailed below.

Accordingly, upon due consideration, it is **ORDERED**:

(1) Plaintiff's Motion to Compel (Doc. 60) is **GRANTED in part and DENIED in part.** Defendant shall produce all responsive documents by **August 3, 2012**.

(2) With regard to Requests to Admit Nos. 1, 2, 6, 7, 8, 9, 10, 11, 25, 29, 35, 36, and 37, the Motion to Compel is **DENIED**, and the Defendants' objections are sustained.

(3) With regard to Requests to Admit Nos. 3, 5, 19, 20, 21, 22, 34, and 50, the Motion to Compel is **GRANTED**, and the Defendants' objections are overruled.

(4) With regard to Request to Admit No. 33, the Motion to Compel is **GRANTED**, with the limitation that the Defendants must answer as to themselves only.

(5) Requests to Admit Nos. 4, 23, and 24 are **MOOT** because Defendant Stroud withdrew his objection to personal jurisdiction.

(6) The Motion to Compel does not apply to Requests to Admit Nos. 12, 13, 14, 15, 16, 17, 18, 26, 27, 28, 30, 31, 32, 41, 42, 43, 44, 45, 46, 47, 48, and 49.

(7) With regard to Requests to Admit Nos. 38, 39, and 40, Defendants' objections are overruled so that Defendants' response after the objections shall control.

(8) With regard to Interrogatory No. 1, the Motion to Compel is **GRANTED in part and DENIED in part**. The Defendants must provide a response as to Wiles and Graham only. Defendants shall not be required to respond to that part of the request which states: "now or ever incorporated in, doing any business in, or deriving any revenue from in [sic] the State of Florida" but shall be required to respond to the request

as limited to "operating or doing business in Florida." Defendants shall not be obligated to provide information related to the last sentence of the request.

(9) With regard to Interrogatory No. 5, the Motion to Compel is **GRANTED in part and DENIED in part**. The Interrogatory is limited to real and personal property owned by Defendants Wiles and Graham. The Defendants must identify the property and when they acquired it, but need not disclose its current value or its original cost.

(10) With regard to Interrogatory No. 13, the Motion to Compel is **GRANTED in part and DENIED in part**. The Defendants must identify whether they have an interest in GLS or any other business in Florida, including the name of that business, the nature of the business, and what percentage ownership they have in the business. They need not disclose financial information about the business such as revenues and profits.

(11) With regard to Interrogatory No. 14, the Motion to Compel is **GRANTED**. The Defendants must provide a more complete answer to this interrogatory, including whether the loan proceeds were actually used to operate a business or acquire property.

(12) With regard to Interrogatory No. 15, the Motion to Compel is **GRANTED** to the extent that Defendants must provide an amended response that describes the circumstances surrounding their execution of the guarantees.

(13) With regard to Interrogatory No. 16, the Motion to Compel is **GRANTED in part and DENIED in part**. The Defendants shall only be required to respond to the interrogatory to the extent it requires the Defendants to describe their involvement, if any, with the financing, marketing, and planning for development and sale of the Marina Di Massa project, or its equivalent under another name.

(14) With regard to Interrogatory No. 23, the Motion to Compel is **GRANTED in part and DENIED in part**.  The Defendants must respond to the interrogatory with respect to Defendant Wiles, limited to the time frame June 2005 to the present.

(15) With regard to Interrogatories Nos. 6, 17, and 19, Defendants' objections are overruled and Defendants' responses after the objections shall control.

(16) The Motion to Compel does not apply to Interrogatories Nos. 7, 8, 10, 21, 22, 24, and 25.

(17) With regard to Interrogatories Nos. 2, 4, 9, 11, 12, and 20, the Motion to Compel is **DENIED** and the Defendants' objections are sustained.

(18) With regard to Interrogatories Nos. 3 and 18, the Motion to Compel is **GRANTED** and the Defendants' objections are overruled.

(19) With regard to Plaintiff's Motion to Compel responses to the Supplemental Interrogatories the motion is **DENIED** because Plaintiff's supplemental interrogatories exceed twenty-five and the interrogatories do not request information directed to personal jurisdiction.

(20) With regard to Request to Produce No. 1, the Motion to Compel is **GRANTED in part and DENIED in part**, in accordance with the rulings above.

(21) With regard to Requests to Produce Nos. 2, 3, and 4, the Motion to Compel is **DENIED**. The Defendants, however, shall be required to provide to Plaintiff copies of any documents that they will use at a hearing in this case concerning personal jurisdiction within three (3) days of the hearing.

(22) With regard to Request to Produce No. 5, the Motion to Compel is **DENIED** and the Defendants' objections are sustained.  The Defendants, however, must

describe any financial contributions they made to GLS or to FL Florida Property 3 LLC.

(23) With regard to Request to Produce No. 6, the Motion to Compel is **DENIED** and the Defendants' objections are sustained.  However, the Defendants must describe, to the extent that the Marina Di Massa project is not included in the disclosures from Request to Produce No. 5, what contributions they made to that project.

(24) With regard to Requests to Produce No. 9 and 22, the Motion to Compel is **GRANTED in part and DENIED in part**.  The Defendants' objections are overruled.  Defendants must amend their responses as limited to the question of personal jurisdiction.

(25) With regard to Request to Produce No. 14, the Motion to Compel is **GRANTED** to the extent that the Plaintiff is asking for documents evincing an ownership interest in GLS.  Otherwise, the Motion to Compel is **DENIED** and the Defendants' objections are sustained.

(26) With regard to Request to Produce No. 15, the Motion to Compel is **GRANTED** to the extent that the request is limited to documents evidencing the account agreement or evidencing the signature authority of the Defendants on any such accounts.

(27) With regard to Request to Produce No. 16, the Motion to Compel is **GRANTED** to the extent that the request is limited to Defendants Wiles and Graham, and limited to documents actually in the Defendants' possession.

(28) With regard to Request to Produce No. 20, the Motion to Compel is **GRANTED** to the extent that the request is limited to information concerning property of

GLS in the state of Florida.

(29) With regard to Request to Produce No. 21, the Motion to Compel is **GRANTED** to the extent that the request is limited to the time frame 2004 to the present, and limited to visits to the State of Florida by the Defendants that had a business purpose.

(30) The Motion to Compel does not apply to Request to Produce No. 23.

(31) With regard to Requests to Produce Nos. 7, 8, 10, 11, 12, 13, and 17, the Motion to Compel is **DENIED** and the Defendants' objections are sustained.

(32) With regard to Requests to Produce Nos. 18 and 19, the Motion to Compel is **GRANTED** and the Defendants' objections are overruled.

(33) The Plaintiff's Motion for Attorney's Fees and the Defendants' Motion for Attorney's Fees are **DENIED** because the Court concludes that the legal arguments and positions of the parties were substantially jusitified.

**DONE AND ORDERED** this 17th day of July, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge