## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

      Plaintiff,                    CASE NO.  5:11-cv-00406-RS-GRJ

v.

GLS FLORIDA PROPERTY 2, LLC;
JASON R. FLOM; HERBERT L.
GRAHAM; GLENN W. JOHNSON, III;
ELLIOT H. LEVINE; PETER
MCKENNA; JAMES C. STROUD;
DWIGHT P. WILES; ELIZABETH
YATES; and ROGER S. AARON,
EARLE YAFFA, and RONALD J.
WEISS, as Executors of the Estate of
Joseph Flom;

      Defendants.

_____

## RESPONSE OF DEFENDANTS WEISS AND YAFFA AS CO-EXECUTORS OF THE WILL OF JOSEPH FLOM TO PLAINTIFF'S JULY 30, 2012 FILING

Defendants Ronald J. Weiss ("Weiss") and Earle Yaffa ("Yaffa"), as co-Executors of the will of Joseph Flom (the "Estate" and together with Weiss and Yaffa, "the Estate Defendants"),[1] respond to Plaintiff's July 30, 2012 "Partial Response to Motion to Dismiss as to Defendants McKenna, Graham, Yaffa, and Weiss, and Motion to Extend Time to Serve Responses to Jurisdictional Motions as to Remaining Defendants" ("Plaintiff's Filing"):

1.      On Sunday, July 29, 2012, one day before Plaintiff's opposition was due to certain of Defendants' motions to dismiss for lack of personal jurisdiction, counsel for

---

[1] Pursuant to the Statement Noting a Party's Death, defendant Roger S. Aaron passed away after the filing of the Complaint.  He thus is no longer a proper defendant as he is not serving as an executor of the will of Joseph Flom.  *See* Statement of Death (previously filed).

Plaintiff, Eric Stolze, sent an email to counsel for Defendants seeking their consent to extend Plaintiff's time.  The email stated, in full:

> Can we all please agree on a 21-day extension from Monday, July 30th?  Please reply with your consent.

2.      Based on the email, the Estate Defendants gave consent the same day.

3.      When seeking consent, Mr. Stolze did not advise that, as part of seeking the 21-day extension, Plaintiff would be including a so-called "partial response" to Defendants' motions to dismiss that purports to address the merits of Defendants' motions.

4.      There does not appear to be any basis under the Federal Rules of Civil Procedure for Plaintiff to get two bites at the apple, that is, to address "partially" the merits of Defendants' motions now, and then to do it again in 21 days, and thus it is not clear whether Plaintiff intends for the Court to rule now on the basis of its recent filing or later.

5.      If Plaintiff is done with its briefing on the Estate Defendants' motion to dismiss for lack of personal jurisdiction, based upon Plaintiff's submission, the Estate Defendants' motion should be granted.  As set forth more fully therein, in its complaint, Plaintiff alleges that the sole basis for jurisdiction over Defendants is that they are doing business in Florida: "[t]his Court has personal jurisdiction over all Defendants because each has conducted business in this state, and the claims asserted in this action arise directly out of those contacts with this jurisdiction." Compl. ¶ 14.  Thus, Plaintiff was required to allege facts in the complaint sufficient to establish that (1) Defendants engaged in a general course of business activity in the State for pecuniary benefit and (2) the cause of action sued upon arises out of that business.  *See Homeway Furniture Co. of Mount Airy, Inc. v. Horne*, 822 So. 2d 533, 536 (Fla. 2d DCA 2002) (business activities

of the non-resident defendant must be considered collectively and must show a general course of business activity in Florida for pecuniary gain).  Plaintiff failed to do so.

6.      Plaintiff's "partial response" now, for the first time, suggests that its basis for alleging jurisdiction over certain Defendants, including the Estate Defendants, is a "contractual waiver of the defense of personal jurisdiction."  Plaintiff's Filing ¶ 13.

7.      Plaintiff cannot purport to amend its complaint through its latest filing.

8.      Even if it could so amend, Plaintiff still must show that any alleged contractual waiver is enforceable.  Here, the guaranty referenced by Plaintiff was executed in *New York* and does not provide for the performance of any act or obligation in the State of Florida.  *See* Declaration of Ronald J. Weiss ("Weiss Decl.") ¶ 9.

9.      The Estate Defendants do not oppose the 21-day extension for Plaintiff to file a brief in opposition to Defendants' motions to dismiss.  However, to the extent Plaintiff intends to file an opposition brief that is based on a new theory of jurisdiction, the Estate Defendants reserve the right to respond to the procedural and substantive infirmities of Plaintiff's position.

Dated:  August 1, 2012                Respectfully submitted,


                                      _/s/ Edward M. Mullins_____
                                      Edward M. Mullins (Fla. Bar No. 863920)
                                      emullins@astidavis.com
                                      Regan N. Kruse (Fla. Bar No. 84404)
                                      rkruse@astidavis.com
                                      ASTIGARRAGA DAVIS MULLINS
                                         & GROSSMAN, P.A.
                                      701 Brickell Avenue, 16th Floor
                                      Miami, Florida  33131
                                      Telephone:  (305) 372-8282
                                      Facsimile:  (305) 372-8202

                                      *Counsel for Defendants Earle Yaffa and Ronald
                                      J. Weiss, as Executors of the Will of Joseph Flom*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 1, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF filing system.  I also certify that the foregoing document is being served this date on all counsel of record or pro se parties on the Service List below in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF system or; in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.


*/s/ Regan N. Kruse*_____
Regan N. Kruse (Fla. Bar No. 84404)


## SERVICE LIST
*Alostar Bank of Commerce v. GLS Florida Property 2, LLC, et al.*
Case No.: 5:11-cv-00406-RS-GRJ
United States District Court, Northern District of Florida

| | |
|---|---|
| Yancey F. Langston<br>ylangston@mhw-law.com<br>George Roderick Mead, II<br>emead@mhw-law.com<br>MOORE, HILL & WESTMORELAND,<br>P.A.<br>220 West Garden Street (32502)<br>Sun Trust Tower, 9th Floor<br>Post Office Box 13290<br>Pensacola, Florida  32591-3290<br>Telephone:  (850) 434-3541<br>Facsimile:  (850) 435-7899<br>*Counsel for Plaintiff*<br>Electronically served via<br>CM/ECF<br><br>Eric D. Stolze<br>ericstolze@paulhastings.com<br>PAUL HASTINGS LLP<br>600 Peachtree Street, N.E., Suite 2400<br>Atlanta, Georgia  30308-2222<br>Telephone:  (404) 815-2400<br>Facsimile:  (404) 815-2424<br>*Counsel for Plaintiff*<br>Electronically served via<br>CM/ECF | Sara F. Reynolds<br>sreynolds@andersonreynolds.com<br>ANDERSON & REYNOLDS PLC<br>3100 West End Avenue, Suite 225<br>Nashville, Tennessee  37203<br>Telephone:  (615) 942-1700<br>Facsimile:  (615) 942-1701<br>*Counsel for Defendant Flom*<br>Electronically served via CM/ECF<br><br>Alfred Benjamin Gordon, III<br>bgordon@kaglawfirm.com<br>Lawrence Keefe<br>lkeefe@kagmlaw.com<br>Ralph Hamilton Schofield, Jr.<br>rschofield@kagmlaw.com<br>KEEFE, ANCHORS, GORDON<br>2113 Lewis Turner Boulevard, Suite 100<br>Fort Walton Beach, Florida  32547<br>Telephone:  (850) 863-1974<br>Facsimile:  (850) 863-1591<br>*Counsel for Defendants Herbert L. Graham,<br>  and Dwight P. Wiles*<br>Electronically served via CM/ECF<br><br>Cynthia S. McKenzie |

Kevin E. Vance
kevance@duanemorris.com
DUANE MORRIS LLP
200 South Biscayne Boulevard, Suite 3400
Miami, Florida  33131-2318
Telephone:  (305) 960-2200
Facsimile:  (305) 960-2201
*Counsel for Defendant McKenna*
Electronically served via CM/ECF

John A. Christy
jchristy@swfllp.com
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street, Suite 800
Atlanta, Georgia  30309
Telephone:  (404) 681-3450
Facsimile:  (404) 681-1046
*Counsel for Defendant Yates*
Electronically served via CM/ECF

Jonathan T. Holloway
jholloway@okaloosalaw.com
Holloway Law Firm, P.A.
369 North Main Street
Crestview, Florida  32536
Telephone:  (850) 398-6808
Facsimile:  (850) 398-6809
*Counsel for James C. Stroud*
Electronically served via CM/ECF

cmckenzie@mckenziejacksonlaw.com
MCKENZIE JACKSON, PLC
201 4th Avenue North, Suite 1130
Nashville, Tennessee  37219
Telephone:  (615) 873-5670
Facsimile:  (615) 873-5671
*Counsel for Defendants Levine and GLS*
Electronically served via CM/ECF

Robert A. Emmanuel
rae@esclaw.com
EMMANUEL, SHEPPARD & CONDON
30 South Spring Street (32502)
Post Office Drawer 1271
Pensacola, Florida  32591-1271
Telephone:  (850) 433-6581
Facsimile:  (850) 429-0492
*Counsel for Defendant Yates*
Electronically served via CM/ECF