IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

    Plaintiff,

v.

                                            CASE NO. 5:11cv406-RS-GRJ

GLS FLORIDA PROPERTY 2, LLC;
JASON R. FLOM; HERBERT L.
GRAHAM; GLENN W. JOHNSON, III;
ELLIOT H. LEVINE; PETER
MCKENNA; JAMES C. STROUD;
DWIGHT P. WILES; ELIZABETH
YATES; and ROGER S. AARON,
EARLE YAFFA, and RONALD J.
WEISS, as Executors of the Estate of
Joseph Flom;

    Defendants.
_____/

**DEFENDANTS HERBERT L. GRAHAM'S
MOTION FOR LEAVE TO FILE A REPLY
WITH INCORPORATED MEMORANDUM OF LAW**

    Defendants Herbert L. Graham ("Graham"), by and through undersigned counsel, moves this Court for an Order granting leave to reply to Plaintiff's July 30, 2012 "Partial Response" (Doc. 81) to the pending Motion to Dismiss (Doc. 38). In support of this motion, Graham states as follows:

    1.    On July 30, 2012, Plaintiff filed a document entitled "Partial Response to Motion to Dismiss As to Defendants McKenna, Graham, Yaffa, and Weiss, and Motion to Extend Time to Serve Responses to Jurisdictional Motions As to Remaining Defendants" (Doc. 81).

1

2. The "Partial Response" raises the new argument that Graham may have "waived" the personal jurisdiction defense by signing certain amended guaranties.

3. To the extent this Court deems Plaintiff's "Partial Response" to be Plaintiff's Local Rule 7.1(C) "Responsive Memorandum," Graham seeks an opportunity to file a Reply to argue that the purported waivers are ineffective because, *inter alia*, they were signed, if at all, under duress or coercion.

4. In the alternative, Graham seeks a determination from this Court that Plaintiff's "Partial Response" is not a "Responsive Memorandum" and that Plaintiff will need to file its responsive memorandum, if at all, by a date to be determined by the Court.

5. This motion is filed in good faith, is not for purposes of delay, and will not result in unfair prejudice.

## Memorandum of Law

Pursuant to Rule 7.1, *Local Rules for the United States District Court for the Northern District of Florida*, the movant submits this Memorandum of Law in support of his Request for Entry or Motion for Leave.

### I. INTRODUCTION AND BACKGROUND

On December 16, 2011, Plaintiff AloStar Bank of Commerce ("Bank") brought this action against Defendant GLS Florida Property 2, LLC ("GLS") and alleged individual guarantors, including Graham, seeking damages for allegedly unpaid amounts on a note. Plaintiff hinged personal jurisdiction over Graham on allegations of "specific jurisdiction" only.

Graham filed a Motion to Dismiss and accompanying affidavit demonstrating that Graham has not engaged in any of the acts that would subject him to specific jurisdiction of this Court.

During a hearing on a personal jurisdiction discovery dispute, Plaintiff's counsel indicated a desire to defer response and to respond jointly to motions to dismiss filed by all defendants *after* it had completed discovery as to all defendants.  Graham did not object to this request.

Plaintiff unexpectedly submitted a so-called "Partial Response" to certain motions to dismiss, including that motion filed by Graham. This "Partial Response" attached a document supposedly evidencing Graham's intentional waiver of the personal jurisdiction defense.

Plaintiff simultaneously requested that this Court permit Plaintiff to gather further discovery and file a second response to the motions to dismiss at a later date.

## II.   IF PLAINTIFF HAS FILED A "RESPONSIVE MEMORANDUM," GRAHAM SHOULD HAVE THE OPPORTUNITY TO FILE A REPLY

There is no basis under the Federal Rules of Civil Procedure or Local Rules of this district that suggests that Plaintiff may file "partial" or piecemeal responses to a defendant's motion to dismiss and later supplement those responses.  Local Rule 7.1 describes the process with regard to most motions, including motions to dismiss.  After a defendant files his motion to dismiss, the plaintiff must file a "responsive memorandum" within fourteen days.  No additional filings are permissible absent leave of court.

In the "Partial Response," Plaintiff makes an argument for why the motion to dismiss filed by Graham should be denied. If this Court deems the "Partial Response" to be the equivalent of the Local Rule 7.1 "responsive memorandum," all filings with regard to the motion to dismiss are complete. The only opportunity under Rule 7.1 for further filings is if this Court grants leave to Graham to file a reply.

Plaintiff presents new information in its "Partial Response" indicating that Graham may have signed an amended guaranty, which may have contained a waiver of the personal jurisdiction defense. As this is the first time Plaintiff has made this argument, Graham has, until now, had no opportunity to respond. Graham takes the position that Plaintiff has left out key facts that demonstrate that the waiver is ineffective because, *inter alia*, it was signed under duress or coercion.

Under these circumstances, leave to file a reply is appropriate. *See* Order, *Ottaviano v. Nautilus Ins. Co.*, No. 8:08-cv-2204-T-33TGW, 2009 WL 425976, at *1 (M.D. Fla. Feb. 19, 2009) ("Plaintiff asserts in his motion for leave to file a reply that defendant has misstated the facts and that defendant's case law should not be applied to the facts of the present case. This Court finds that these grounds warrant the filing of a reply memorandum."); *Griffin v. Kraft Gen. Foods, Inc.*, 62 F.3d 368 (11th Cir. 1995) (Court can consider duress, coercion, and totality of circumstances when determining whether a waiver if effective, knowing, and voluntary).

### III.     CONCLUSION

For the reasons explained above, Graham should be granted leave to file a Reply to Plaintiff's "Partial Response." In the alternative, this Court should deem the

"Partial Response" to be nonresponsive to the motion to dismiss and require Plaintiff to file a responsive memorandum, if at all, by a date to be set by the Court.

/s/ Ralph Schofield
**Lawrence Keefe**
Florida Bar No. 602809
**A. Benjamin Gordon**
Florida Bar No. 528617
**Ralph Schofield**
Florida Bar No. 70543
Keefe Anchors Gordon & Moyle P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email: lkeefe@kaglawfirm.com
          bgordon@kaglawfirm.com
          rschofield@kaglawfirm.com

*Attorneys for Defendants Graham*

## LOCAL RULE 7.1(B) CERTIFICATE OF CONFERENCE

Undersigned counsel certifies that he has conferred with opposing counsel in a good faith effort to resolve by agreement the issues raised. Counsel for the parties were unable to agree to the relief requested herein.

/s/ Ralph Schofield
**Lawrence Keefe**
Florida Bar No. 602809
**A. Benjamin Gordon**
Florida Bar No. 528617
**Ralph Schofield**
Florida Bar No. 70543
Keefe Anchors Gordon & Moyle P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email: lkeefe@kaglawfirm.com
          bgordon@kaglawfirm.com
          rschofield@kaglawfirm.com

*Attorneys for Defendants Graham*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this Motion has been filed electronically through this Court's ECF system and that a true and correct copy of the foregoing has been automatically furnished to each party's counsel via a Notice of Electronic Filing.

/s/ Ralph Schofield
**Lawrence Keefe**
Florida Bar No. 602809
**A. Benjamin Gordon**
Florida Bar No. 528617
**Ralph Schofield**
Florida Bar No. 70543
Keefe, Anchors & Gordon P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547
Telephone:   (850) 863-1974
Facsimile:    (850) 863-1591
Email: lkeefe@kaglawfirm.com
           bgordon@kaglawfirm.com
           rschofield@kaglawfirm.com

*Attorneys for Defendants Graham*