UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>      Plaintiff,<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>      Defendants. | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

### ALOSTAR'S MOTION FOR LEAVE TO FILE SUR-REPLY TO DEFENDANTS WEISS AND YAFFA'S "RESPONSE" TO ALOSTAR'S JULY 30, 2012 FILING IN FURTHER SUPPORT OF ALOSTAR'S MOTION TO EXTEND TIME TO SERVE RESPONSES

Plaintiff AloStar Bank of Commerce ("AloStar"), by and through its undersigned counsel, files this Motion for Leave to File Sur-Reply to Defendants Weiss and Yaffa's (the "Estate") "Response as Co-Executors of the Will of Joseph Flom to Plaintiff's July 30, 2012 Filing." (Doc. 86 (the Response")).[1]  In the Response, the Estate argues that the "July 30, 2012 Filing" constituted AloStar's response to the Estate's pending motion to dismiss.  If that were true, however, the Estate's filing is properly categorized as a reply,

---

[1] Defendant Yates also has joined this filing.  (Doc. 87).

which may only be filed "with a showing of good cause and upon leave of the Court." N.D. Fla. L.R. 7.1(C)(2).

AloStar would, if this Court accepts that interpretation and if this Sur-Reply is allowed by the Court, clarify the ambiguity that the Estate and other parties to this action claim to exist in AloStar's pending motion to extend time to serve responses (Doc. 81 (the "Motion")) and would provide additional grounds to grant the relief AloStar seeks, as follows:

1. The sur-reply would show that the Estate was *in possession* of the 2010 Amended and Restated *Limited Guaranty Agreement containing that waiver*, yet filed and continues to pursue its motion to dismiss. The Estate's arguments, if they exist, as to why personal jurisdiction remains improper, even after discovery of express waiver document, can only be addressed at a future date on a full record, and thus the response is premature.[2] AloStar's requested sur-reply would further detail how Defendants have yet to fully respond to other jurisdictional discovery requests material to these points, especially AloStar's request for production of documents, many of which are subject to an order compelling them over objection. AloStar submitted documents to the Court in support of its motion for an extension of time to respond *fully and completely* to the pending motions to dismiss -- with the benefit of discovery responses that have yet to be provided from all Defendants.

---

[2] The Motion made no representation to the Court regarding the consent of Defendants. The Estate raises a moot point because AloStar does not rest on the consent of Defendants' counsel to obtain the *only* relief requested: an extension of time to respond to jurisdictional motions while Defendants continue working to fulfill discovery obligations.

2

2.     Sur-reply would show the Estate's attack misplaced to the effect that AloStar has raised "for the first time" that Joseph Flom waived the defense of personal jurisdiction. (Response ¶ 6). This is an argument to preemptively prohibit amendment based on discovered facts. The argument would be precluded if thus intended.[3] At completion of this discovery – so as to avoid piecemeal amendments and unnecessary expense or judicial labor -- AloStar should be granted leave to amend its complaint on due motion, to add the ground that all Defendants have consented to the jurisdiction of this Court, which appears supported in light of information obtained during jurisdictional discovery, so far.

3.     AloStar would show that recent discovery of agreements evidencing consent by Guarantors to personal jurisdiction in the State of Florida constitutes good cause for the requested extension at issue. Aware that the decision to extend the time for response rests in the discretion of the Court, AloStar submitted evidence now available of these waivers only as a precaution and not as its full response. AloStar would thus show that it does not seek "two bites at the apple." (Doc. 86 ¶ 4). AloStar would show that this jurisdictional dispute is not yet ripe for adjudication. The Estate suggests that

---

[3]     "The [C]ourt should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), and "[t]he policy behind rule 15(a) is clear – amendments shall be liberally permitted absent a substantial reason to deny leave to amend." *Pepe, Ltd. v. Grupo Pepe, Ltda.*, 1992 U.S. Dist. LEXIS 17144, at *17 (S.D. Fla. June 3, 1992) (unpublished) (citation omitted); *see also Teran v. GB International S.P.A.,* No. 11-2236, (D. Kan. Apr. 25, 2012) ("At this early stage of the litigation the Court finds the better course is to allow Plaintiff to file his amended complaint and then decide the jurisdictional issue and legal sufficiency of the claims upon a properly filed motion to dismiss.").

AloStar is "done with its briefing" on the Estate's motion to dismiss. (Response ¶ 5). The text of the Motion belies this argument.[4]

4. AloStar would argue that the Estate obviously seeks to press this Court to rule on the basis of an incomplete record, while wholly ignoring Joseph Flom's ***contractual consent to personal jurisdiction in the State of Florida, executed before a notary.*** This agreement, standing alone, may obviate the need for detailed factual arguments, although those also fully support jurisdiction on the complete record contemplated by the outstanding discovery. However, several Defendants remain in the process of producing electronic and other documents believed to be relevant to the issue of personal jurisdiction. Following the partial grant of a motion to compel, amended discovery responses remain outstanding.

WHEREFORE, AloStar respectfully requests that this Court grant this motion for sur-reply, and ultimately grant AloStar's request for an extension of time to answer all jurisdictional motions given the state of discovery obtained and now provided to the Court, and with outstanding discovery responses owed by Defendants.

/s/ George R. Mead
George R. Mead
Florida Bar No. 096490
Moore, Hill & Westmoreland, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor

---

[4] The heading appearing at the top of Page 8 states:

**MOTION TO EXTEND DEADLINE FOR ALOSTAR TO RESPOND FULLY TO ALL PENDING JURISDICTIONAL MOTIONS**

(Doc. 81 at 8 (emphasis in original); and also, *id.* at 10 ("WHEREFORE, AloStar respectfully request[s] that this Court extend the time for Plaintiff to respond to Defendants' Motions to Dismiss by an additional 21-days . . . .")).

        Post Office Box 13290
        Pensacola, FL 32591-3290
        Telephone:  (850) 434-3541
        Facsimile:  (850) 435-7899
        Email:  emead@mhw-law.com
        *Attorneys for Plaintiff - AloStar Bank*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on August 2, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

        <u>/s/ George R. Mead</u>
        George R. Mead
        Florida Bar No. 096490
        Moore, Hill & Westmoreland, P.A.
        220 West Garden Street (32502)
        SunTrust Tower, 9th Floor
        Post Office Box 13290
        Pensacola, FL 32591-3290
        Telephone:  (850) 434-3541
        Facsimile:  (850) 435-7899
        Email:  emead@mhw-law.com
        *Attorneys for Plaintiff - AloStar Bank*

LEGAL_US_E # 99792711.3