UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>    Plaintiff,<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>    **Defendants.** | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

**MOTION FOR LEAVE TO AMEND COMPLAINT OR, ALTERNATIVELY, PLAINTIFF'S RESPONSE TO MOTION TO DISMISS OF DEFENDANTS WILES, STROUD, AND GRAHAM [Doc. 38]**

Plaintiff AloStar Bank of Commerce ("AloStar"), by and through its undersigned counsel, provides this response[1] to the Motion to Dismiss for Lack of Personal Jurisdiction filed by Defendants Wiles, Stroud, and Graham [Doc. 38]. Argument and documents previously submitted in Doc. 81 are incorporated herein by reference, and as more specifically identified herein below.

---

[1] Exhibits to this motion are submitted to the Court for filing under seal, consistent with the agreement between counsel that documents produced were for attorneys' eyes only pending the negotiation of a protective order to shield documents from disclosure.

*Preface*

While several defendants have withdrawn their challenges to personal jurisdiction, the argument and exhibits submitted by AloStar demonstrate that jurisdiction and venue are, nonetheless, proper in this Court.  However, based on the discovery of additional facts and documents not previously available to Plaintiff, AloStar intends to file a Motion for Leave to Amend its Complaint, which will avoid the need for judicial labor on arguments forecast by prior filings of Defendants and that may more suitably be addressed by amendment in light of discovery.  Insufficient time existed both to prepare this response in a timely manner and to confer with counsel on the substance of the intended amendment of the pleadings.

*Applicable Authorities on Florida Personal Jurisdiction*

Most instructive for the purpose of deciding the motions at hand are a line of cases construing the factual requirements for asserting Florida long-arm and federal minimum contacts jurisdiction:

> the district court's reasoning is that Florida courts can exercise in personam jurisdiction over an objecting, non-resident defendant, even though the defendant has engaged in none of the acts set forth in our long arm statute. We reject this reasoning and hold that a forum selection clause, designating Florida as the forum, cannot operate as the <u>sole basis</u> for Florida to exercise personal jurisdiction over an objecting non-resident defendant. . . .  We reject the suggestion that a defendant waives his due process right to contest the jurisdictional issue merely by signing a contract containing a permissive jurisdiction clause.

*McRae v. J.D./M.D., Inc*. 511 So.2d 540, 542 (Fla. 1987) (emphasis added).  The *McRae* court qualified *Datamatic Services Corp. v. Bescos,* 484 So.2d 1351 (2d DCA1986), to the extent that a forum selection clause may not be "the sole basis" for jurisdiction; but

approved the general principle of *Manrique v. Fabbri,* 493 So.2d 437, 440 (Fla.1986) ("Florida courts should recognize the legitimate expectations of contracting parties. . . . We hold that forum selection clauses should be enforced in the absence of a showing that enforcement would be unreasonable or unjust."). Later cases have taken the same line: "Forum selection clauses are presumptively valid and 'should be enforced in the absence of a showing that enforcement would be unreasonable or unjust.' " *Bombardier Capital Inc. v. Progressive Marketing Group, Inc.*, 801 So.2d 131, (Fla. 4th DCA 2001), citing *Manrique*, 493 So.2d 437. Lastly, *Jetbroadband VA, LLC vs. MasTec North America, Inc.*, 13 So. 3d 159,163 (Fla. 3d DCA 2009) further outlined independent bases for jurisdiction to support a forum selection or waiver clause that is not "unreasonable or unjust."

The *Jetbroadband* Court clarified that while *subject matter* jurisdiction cannot be conferred by agreement, *personal jurisdiction* in Florida *can* be conferred by agreement under an amended statutory law enacted to resolve the concerns of *McRae*. This statute is codified at Fla. Stat. § 685.102 and provides, in pertinent part, as follows:

> [n]otwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which *contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.*

Fla. Stat. § 685.102(1) (emphasis added). The *Jetbroadband* case explains the applicability of this statute to waivers of personal jurisdiction like those existing in the instant case:

> [r]ead together, the two sections stand for the proposition that, if certain requirements are met, parties may, by contract alone, confer personal jurisdiction on the courts of Florida. To satisfy the statutory requirements, the contract, agreement, or undertaking must (1) include a choice of law provision designating Florida Law as the governing law, (2) include a provision whereby the non-resident agrees to submit to the jurisdiction of the courts of Florida, (3) involve consideration of not less than $250,000, (4) not violate the United States Constitution, and (5) either bear a substantial or reasonable relation to Florida or have at least one of the parties be a resident of Florida or incorporated under its laws. Thus, as long as one of the parties is a resident of Florida or incorporated under its laws, and the other statutory requirements are met, sections 685.101-.102 operate irrespective of whether the underlying contract bears any relation to Florida and notwithstanding any law to the contrary. See §§ 685.101 and 685.102, Fla. Stat.

*Jetbroadband*, 13 So. 3d at 163 (emphasis added).

Minimum contacts, likewise, *are satisfied* by such an agreement on personal jurisdiction. In the commercial context, the "minimum contacts standard is met if a forum-selection clause exists that is 'freely negotiated' and is not 'unreasonable and unjust.'" *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citing *Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)) ("In order for a forum-selection provision to be unreasonable and unjust, the moving party must show that the contractual forum is "so gravely difficult and inconvenient that he will for all practical purposes be deprived of his day in court."); *see Jetbroadband*, 13 So. 3d at 163; *see also Desai Patel Sharma, Ltd. v. Don Bell Indus., Inc.*, 729 So.2d 453, 454 (Fla. 5th DCA 1999) ("Personal jurisdiction,

unlike subject matter jurisdiction, may be conferred by agreement."). The forum selection and inconvenient forum attacks thus merge under the standards of both *Jetbroadband* and *Burger King.*

While the indebtedness precipitating this litigation initiated several years earlier, the maturity date of the underlying obligation was extended in 2010, coincident with the amended and restated limited guaranty agreements, as the uncontroverted allegations set forth. *Complaint* [doc. 1]. Some or all Guarantors actually executed those agreements, and the borrower and entity in which those Guarantors held a financial interest—GLS Florida Property 2, LLC ("GLS Florida"), the *Florida* LLC—received the benefit of the contemplated loan modification. By necessary implication of the extension, *all* of the Guarantors did as well—whether now able to produce an executed copy of the 2010 guaranty agreement containing the waiver provision or not.

Ultimately, the indebtedness underlying this litigation *was modified* with a Renewal Promissory Note, also with an effective date of January 10, 2010. [Doc. 81] **Exhibit F**, ALOSTAR000399-000405. As to any argument, therefore, that 2010 amended and restated limited guaranty agreements may have lacked a connection to or consideration relating to Florida in the contemplated transaction as to the guarantors, see, *Texaco, Inc. v. Giltak* Corp., 492 So.2d 812  (1st DCA 1986) ("It is not necessary that consideration flow directly to the guarantors. It is sufficient that the new consideration move toward the principal debtor." *Ferst v. Blackwell,* 39 Fla. 621, 22 So. 892, 894 (1897). In this instance, default on the principal obligations was staved off by the

extension of further credit beyond 2010 and in conjunction with the 2010 renewal guarantees. *Complaint* [doc. 1].

### *Evidence Of Personal Jurisdiction And Forum Selection*

As generally set forth in the document exhibits, the project underlying the obligations at issue was a *Florida* real estate development project, made possible by a loan to a *Florida* entity, financed by a *Florida* bank, the Bank of Bonifay, and guaranteed or otherwise made a direct or contingent debt obligation as to the moving Defendants. Verified Complaint ¶ 16-18.  The underlying obligation defaulted, giving rise to claims of direct or contingent liability for the indebtedness that is the subject matter of this action, and which is several million dollars in amount, but which obligations were renewed or extended in 2010.  *Id.* ¶ 46-51.

*Every* Guarantor that is the subject of this motion executed a January 2010 amended and restated limited guaranty agreement, and a number, if not all, of the other Guarantors and Defendants did as well, namely Levine, McKenna, Joseph Flom, Wiles, Stroud, and Graham.  As shown further below as to each of them, all executed or prepared 2010 amended and restated limited guaranty agreements related to the underlying obligations, and containing the following language dispositive to all jurisdictional issues raised:

> Guarantor also waives any and all rights or defenses arising by reason of:
> . . . (g) **any defenses** disputing proper venue in Okaloosa or Bay County, Florida, or **disputing personal jurisdiction within the State of Florida.**

(emphasis added) See [doc. 81], **Exhibit A**, PJM000070-80, at 000074-75 (McKenna); [doc. 81] **Exhibit B**, ESTATE00094-00102, at 00098-99 (Joseph Flom); [doc. 81]

- 6 -

**Exhibit C**, ALOSTAR000195-203, at 000199-000200 (Graham). The 2010 amended and restated limited guaranty agreements thus conceded guarantors' defenses to personal jurisdiction in Florida and other arguments that this matter is not properly before the Court on procedural grounds. These clauses are enforceable under the laws of Florida, able to satisfy all requirements of Fla. Stat. § 685.101-.102 and *Jetbroadband.*

Defendant Levine also entered into the renewal agreement and 2010 amended and restated limited guaranty agreement regarding the underlying obligation on behalf of GLS Florida and as personal guarantor on January 10, 2010. See **Exhibit 5** *infra*, p. EL 0003605; see also [doc. 81] Exhibit F, ALOSTAR000399-000405. As noted above, the guaranty agreements of Defendants McKenna, Defendant Graham, and Joseph Flom (relating to Defendants Yaffa and Weiss) were effective January 10, 2010. Other loan documents underlying this litigation share that same date, including a "Renewal Loan Agreement" prepared for execution by *all Defendants*, to include the Borrower, GLS Florida, and all Guarantors named in this action. [doc. 81] **Exhibit E**, ALOSTAR000709-000721.

A provision of this January 10, 2010 Renewal Loan Agreement contained a covenant that, "The Guarantors shall execute and deliver unto Lender amended and restated limited commercial guaranty agreements in form and substance satisfactory to Lender." *Id.*, ALOSTAR000710. In the normal course of business, the predecessor lender to AloStar likely would have asked all Guarantors named as Defendants to execute Guaranty Agreements in the same form—a form containing the same jurisdictional waiver clause and prepared for the signature of *every* Guarantor. Some or all Guarantors

actually executed those agreements, but all received the benefit of the contemplated loan modification, by delaying or forestalling action on their then-existing guarantees. The indebtedness underlying this litigation was modified with a Renewal Promissory Note, also with an effective date of January 10, 2010. [doc. 81] **Exhibit F**, ALOSTAR000399-000405. Documents produced to date indicate that members or managers of GLS Florida Property 2, LLC were asked to and did execute the January 10, 2010 Renewal Loan Agreement. *See* [doc. 81] **Exhibit G**, ESTATE00139.

Other documents, especially emails, prove or confirm by inference that the other Guarantors (namely Jason Flom and Yates) also executed the January 2010 Amended and Restated Limited Guaranty Agreement or agreement or expectation to do so while confirming the form and content of that agreement *to include the same jurisdictional waiver provision* – for their own benefit in forestalling action on the existing guarantees and in extending further credit for the benefit of Defendant GLS Florida. Such implied-in-fact contracts – inferred in the circumstances and by the conduct, informal or implied promises of the parties, (rather than their formal acts such as execution of written agreements) – even arguably in violation of the statute of frauds have been contested over personal jurisdiction in federal courts in Florida, and personal jurisdiction found. *See Tara Productions, Inc. v. Hollywood Gadgets*, *Inc*. 2010 WL 1531489, (S.D. Fla., Apr. 16, 2010).

"A contract implied in fact can be enforced even where a defendant has received nothing of value. In these contracts, the parties have in fact entered into an agreement but without sufficient clarity, so a fact finder must examine and interpret the parties' conduct

to give definition to their unspoken agreement." *Id.,* citing *Tooltrend, Inc. v. CMT Utensili, SRL*, 198 F.3d 802, 806 (11th Cir.1999) "Although the parties may have never by word or deed indicated in any way that there was any agreement between them, the law will, in essence, 'create' an agreement in situations where it is deemed unjust for one party to have received a benefit without having to pay compensation for it." *Tooltrend*, 198 F. 3d 805.

Most notably, both Stroud and Wiles signed the GLS Florida Property 2 LLC Operating agreement which applies Florida law and establishes venue in Florida.  [doc. 102 **Exhibit 8**, pp. 19-20].  A partial listing of such transactional documents communications as to each defendant Wiles, Stroud and Graham is attached hereto and from which inference is reasonable that the contemplated guarantees as to each of the listed Defendants contemplated in the Renewal Loan Agreement were in fact executed or the parties contemplated being bound by guarantees of the same substance though they may not be not presently discoverable or capable of being produced:

    **Exhibit 1**  --  as to  Wiles

    **Exhibit 2**  --  as to  Stroud

    **Exhibit 3**  --  as to  Graham

## CONCLUSION

It is not enough for a Motion to Dismiss on personal jurisdiction to merely to disregard the detailed transactions on this *Florida* project, with a *Florida* bank, through a *Florida* LLC, and continuing contemplation of the application of *Florida* law to the matters at hand.  The 2010 amended and restated limited guaranty agreements do not

represent anything new in the understanding of the parties.  Instead, they are simply the late recitation of the continuing substance of dealings involved and understood – that the situs of the parties' relations and dealings on the instant obligations always was Florida, and with acceptance of personal jurisdiction and venue here by their conduct from the beginning and well prior to 2010.  And when most, if not all of them, executed the 2010 amended and restated limited guaranty agreement containing a clause to that effect, it simply confirmed that understanding that was there from inception.

The Court should find that the *Verified Complaint* and evidence adduced here and in the record cited show personal jurisdiction of these defendants in Florida, and their Motions should be denied.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on April 27, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

Dated this 20th day of August 2012.   Respectfully submitted,

By:  s/ Eric D. Stolze
William K Whitner
Georgia Bar No. 756652
Eric D. Stolze
Ga. Bar No. 425966
PAUL HASTINGS LLP
600 Peachtree Street, N.E.
Twenty-Fourth Floor
Atlanta, GA  30308
Telephone: (404) 815-2400

Facsimile:   (404) 815-2424
Email:  kwhitner@paulhastings.com
Email:  ericstolze@paulhastings.com

George R. Mead
Florida Bar No. 096490
Moore, Hill & Westmoreland, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone: (850) 434-3541
Facsimile:   (850) 435-7899
Email:  emead@mhw-law.com
*Attorneys for Plaintiff - AloStar Bank*