UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>    **Defendants.** | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

### CONSENT TO FILING OF AMENDED COMPLAINT AND REQUEST FOR ENTRY OF CONSENSUAL SCHEDULING ORDER

Plaintiff AloStar Bank of Commerce ("AloStar") and Defendants GLS Florida Property 2, LLC; Jason R. Flom; Herbert L. Graham; Elliot H. Levine; Peter McKenna; James C. Stroud; Dwight P. Wiles; Elizabeth Yates; and Earle Yaffa and Ronald J. Weiss, as Executors of the Estate of Joseph Flom ("Defendants" and, collectively, the "Parties")[1] by and through undersigned counsel and pursuant to Fed. R. Civ. P. 6(b) and 15(a), and N.D. Fla. L.R. 6.1 and 7.1, hereby consent to Plaintiff's amendment of the

---

[1] Glenn W. Johnson, III is named as a party in the above caption. He has not yet appeared in this action, and AloStar's application for default judgment is pending with the Court.

Complaint in this action and request that, in connection therewith, the Court consider and, if appropriate, enter a scheduling order establishing the timeline set forth below. In support of that request, the Parties state as follows:

1. On August 20, 2012, AloStar filed its motions for leave to amend the Complaint, or in the alternative, its responses to the motion to dismiss of Defendants Wiles, Stroud, and Graham (Doc. 101) and to the motions to dismiss of Defendants Yates; McKenna; Jason Flom; Levine; GLS Florida Property 2, LLC; and Yaffa and Weiss, as Executors of the Estate of Joseph Flom (Doc. 102) (collectively, the "Responses").

2. AloStar alleges that the Responses included information not known to it at the time of the filing of the Complaint. As a result, AloStar requested and was granted an opportunity to undertake jurisdictional discovery as ordered by this Court. (Doc. 47).

3. To date, several Defendants have moved for leave to file reply briefs (Docs. 112-114) to the Responses on the grounds that AloStar has argued a new basis for personal jurisdiction in its legal briefing that was not included in the original Complaint, and other Defendants have previously forecasted an intent to object to new bases for personal jurisdiction if raised in the Responses (Docs. 86-90). If any Defendant is granted leave to reply, AloStar would respectfully request that this Court allow it to file a sur-reply to address the argument and authority raised in any reply.

4. To avoid unnecessary costs of litigation and to expedite the resolution of these procedural issues, the Parties have agreed to the filing of an Amended Complaint for the purpose of addressing personal jurisdiction, subject-matter jurisdiction, venue, and

most appropriate forum. Plaintiff does not intend to add parties or claims not included in the Complaint. The filing of an Amended Complaint would moot the requests for leave to file reply briefs noted above in Paragraph 3 (and any possible further request by AloStar to file a sur-reply).

5. The Parties intend and agree that a motion to dismiss for lack of personal jurisdiction as to the original Complaint that has since been withdrawn will serve as a bar to raising any defense of lack of personal jurisdiction regarding an Amended Complaint. For example, all Defendants who have previously raised a challenge to personal jurisdiction, but have since withdrawn their motion, may not assert that defense as to the Amended Complaint.

6. Consistent with prior representations, the Parties have agreed to a schedule for resolution of this matter, and propose the following to the Court:

| **Scheduled Item** | **Date/Days** |
|---|---|
| Submission of Agreed or Proposed Protective Order Addressing Discovery and the use of Discovery Materials | 09/04/2012 |
| | |
| Filing of an Amended Complaint by Plaintiff | 14 Days After Entry of Protective Order |
| Filing of Responsive Pleadings by all Defendants as to Whom Personal Jurisdiction has not been Admitted (Each responding Defendant will file a single motion and memorandum (and any related or necessary papers) addressing the Amended Complaint) | 21 Days after filing of the Amended Complaint |
| Filing of Plaintiff's Response to Responsive Pleadings | 21 Days after filing of Responsive Pleadings |

| | |
|---|---|
| To the extent Necessary, Answers and Additional Pleadings (e.g., counterclaims, cross-claims, etc.) Due.  Third Party practice within the time set by the Federal Rules, Local Rules or order of the Court. | 21 Days After Last Order Entered on Defendants' Motions, or if no motions, 21 Days After Last Responsive Pleadings Filed |
| AloStar's Responsive Pleadings Due (the Parties anticipate that Plaintiff will need to obtain Approval from the FDIC to assert certain arguments in response to matters likely to be asserted by Defendants in the responsive pleadings noted above, and that Plaintiff may require additional time in order to obtain such approval.  The Parties agree to consent to Plaintiff's reasonable requests for additional time to do so.) | 60 Days After Filing of Answers and Additional Pleadings<br><br>(Applicable to the Pleadings of all Defendants (including Stroud and Wiles), causing the responsive pleading of AloStar to be due on the same date for all Defendants) |
| Opposition by Defendants to AloStar's Responsive Pleadings (if it is a motion) | 21 Days After AloStar's motion is filed. |
| Defendants Respond to AloStar's Responsive Pleadings (if not a motion) | 21 Days After Last Order on Plaintiff's Responsive Pleading |
| | |
| Rule 26(f) Conference | Within 14 Days After Pleadings are Closed |
| Rule 26 Disclosures and Rule 26 Report | 14 Days After Rule 26(f) Conference |
| | |
| Trial | 6 Months from 26(f) Conference |

7. As a basis for the good cause required by N.D. Fla. L.R. 6.1, Plaintiff and Defendants show that an Amended Complaint is the most efficient and economical method of resolving the remaining alleged deficiencies. Allowing an Amended Complaint and adopting the proposed schedule above would not result in unfair prejudice to any party but would, instead, promote resolution of this matter.

WHEREFORE, the Parties respectfully request that this Court allow amendment of the Complaint on the terms set forth herein and adopt the proposed scheduling order included in this joint motion.

Dated this 29th day of August 2012.                Dated this 29th day of August 2012.

Respectfully submitted,                            Respectfully submitted,

s/ Eric D. Stolze                                  s/ Kevin E. Vance
William K Whitner                                  Kevin E. Vance, Esquire
Georgia Bar No. 756652                             kevance@duanemorris.com
Eric D. Stolze                                     DUANE MORRIS LLP
Ga. Bar No. 425966                                 Suite 3400
PAUL HASTINGS LLP                                  200 South Biscayne Boulevard
600 Peachtree Street, N.E.                         Miami, Florida 33131
Twenty-Fourth Floor                                Tel: (305) 960-2200
Atlanta, GA  30308                                 Fax: (305) 960-2201
Telephone:      (404) 815-2400                     *Counsel for Defendant Peter McKenna*
Facsimile:      (404) 815-2424
Email:  kwhitner@paulhastings.com                  s/ Sara F. Reynolds
Email:  ericstolze@paulhastings.com                Sara Fitzpatrick Reynolds, Esquire
                                                   sreynolds@andersonreynolds.com
George R. Mead                                     Anderson & Reynolds, PLC
Florida Bar No. 096490                             Suite 225
Moore, Hill & Westmoreland, P.A.                   3100 West End Avenue
220 West Garden Street (32502)                     Nashville, Tennessee 37203
SunTrust Tower, 9th Floor                          Tel: (615) 942-1700
Post Office Box 13290                              Fax: (615) 942-1701
Pensacola, FL 32591-3290                           *Counsel for Defendant Jason R. Flom*
Telephone:      (850) 434-3541
Facsimile:      (850) 435-7899
Email:  emead@mhw-law.com
*Attorneys for Plaintiff - AloStar Bank*

                                                                             <u>s/ Ralph H. Schofield</u>
Lawrence Keefe, Esquire
lkeefe@kagmlaw.com
Ralph Hamilton Schofield, Jr., Esquire
rschofield@kagmlaw.com
Alfred Benjamin Gordon, III, Esquire
bgordon@kagmlaw.com
Keefe, Anchors & Gordon
Suite 100
2113 Lewis Turner Boulevard
Fort Walton Beach, Florida 32547
Tel: (850) 863-1974
Fax: (850) 863-1591
*Counsel for Defendants Herbert L. Graham and Dwight P. Wiles*

<u>s/ Jonathan Holloway</u>
Jonathan Holloway
jholloway@okaloosalaw.com
Holloway Law Firm, P.A.
369 N. Main Street
Crestview, Florida 32536
Tel: (850) 398-6808
Fax: (850) 398-6809
*Counsel for Defendant James C. Stroud*

<u>s/ Cynthia S. McKenzie</u>
Cynthia McKenzie, Esquire
cmckenzie@mckenziejacksonlaw.com
McKenzie Jackson PLC
Suite 1130
201 Fourth Avenue North
Nashville, Tennessee 37219
Tel: (615) 873-5670
Fax: (615) 873-5671
*Counsel for Defendants, Elliot H. Levine and GLS Florida Property 2, LLC*

s/ *John A. Christy*
John A. Christy, Esquire
jchristy@swfllp.com
Schreeder, Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street
Atlanta, Georgia 30309
Tel: (404) 681-3450
Fax: (404) 681-1046
*Counsel for Defendant Elizabeth Yates*

s/ *Robert A. Emmanuel*
Robert Anthony Emmanuel, Esquire
rae@esclaw.com
Emmanuel Sheppard & Condon
30 S. Spring Street
Pensacola, Florida 32502
Tel: (850) 433-6581
Fax: (850) 429-0492
*Co-Counsel for Defendant Elizabeth Yates*

s/ Edward M. Mullins
Edward M. Mullins
Florida Bar No. 863920
ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.
701 Brickell Avenue, 16th Floor
Miami, Florida  33131
Telephone:     (305) 372-8282
Facsimile:     (305) 372-8202
Email:  emullins@astidavis.com
*Attorney for Defendants Yaffa and Weiss*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>    Plaintiff,<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>    **Defendants.** | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on August 29, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

Respectfully submitted,

                                   By: s/ Eric D. Stolze
                                         William K Whitner
                                         Georgia Bar No. 756652
                                         Eric D. Stolze
                                         Ga. Bar No. 425966
                                         PAUL HASTINGS LLP
                                         600 Peachtree Street, N.E.
                                         Twenty-Fourth Floor
                                         Atlanta, GA  30308
                                         Telephone:     (404) 815-2400
                                         Facsimile:      (404) 815-2424
                                         Email:  kwhitner@paulhastings.com
                                         Email:  ericstolze@paulhastings.com

>George R. Mead
>Florida Bar No. 096490
>Moore, Hill & Westmoreland, P.A.
>220 West Garden Street (32502)
>SunTrust Tower, 9th Floor
>Post Office Box 13290
>Pensacola, FL 32591-3290
>Telephone:      (850) 434-3541
>Facsimile:      (850) 435-7899
>Email:  emead@mhw-law.com
>*Attorneys for Plaintiff - AloStar Bank*

LEGAL_US_E # 100135513.4