IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

    Plaintiff,

v.                                       CASE NO.  5:11-cv-406-RS-GRJ

GLS FLORIDA PROPERTY 2, LLC;
JASON R. FLOM; HERBERT L.
GRAHAM; GLENN W. JOHNSON, III;
ELLIOT H. LEVINE; PETER
MCKENNA; JAMES C. STROUD;
DWIGHT P. WILES; ELIZABETH
YATES; and ROGER S. AARON,
EARLE YAFFA, and RONALD J.
WEISS, as Executors of the Estate of
Joseph Flom,

    Defendants.
_____/

## ORDER

Before me are Defendant Herbert L. Graham's Motion to Dismiss Verified Amended Complaint for Lack of Personal Jurisdiction (Doc. 134) and AloStar's Response (Doc. 148), Defendant Jason Flom's Second Motion to Dismiss for Lack of Personal Jurisdiction and the Doctrine of *Forum Non Conveniens* (Doc. 137) and AloStar's Response (Doc. 147), and Defendant Elizabeth Yates' Motion to Dismiss for Lack of Personal Jurisdiction and *Forum Non Conveniens* (Doc. 136) and AloStar's Response (Doc. 149).

1

Defendant Graham's Motion to Dismiss is **DENIED** because he signed a guaranty in 2010 containing a contractual consent to personal jurisdiction in Florida. Florida Statute § 685.102 provides that

> Notwithstanding any law that limits the right of a person to maintain an action or proceeding, any person may, to the extent permitted under the United States Constitution, maintain in this state an action or proceeding against any person or other entity residing or located outside this state, if the action or proceeding arises out of or relates to any contract, agreement, or undertaking for which a choice of the law of this state, in whole or in part, has been made pursuant to s. 685.101 and which contains a provision by which such person or other entity residing or located outside this state agrees to submit to the jurisdiction of the courts of this state.

Accordingly, as long as Defendant Graham has the minimum contacts with Florida required by due process, he is subject to personal jurisdiction here. As the Eleventh Circuit has held,

> Because the nonresident defendant in the present case contractually agreed to personal jurisdiction in Florida, the usual due process analysis need not be done. . . . [T]he due process analysis is unnecessary where a nonresident defendant has consented to suit in a forum. Quite simply, parties to a contract may agree in advance to submit to the jurisdiction of a given court.

*Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 921 (11th Cir. 1989) (internal citations and quotations omitted). Thus, Defendant Graham is subject to personal jurisdiction in Florida.

Personal jurisdiction over Defendants Jason Flom and Yates is not as straightforward because any guaranty signed by either of them in 2010 consenting to jurisdiction in Florida cannot be located. Earlier guaranties have been produced, but those do not contain a provision consenting to jurisdiction in Florida. Jason Flom is a New York resident and is a member of FL Florida Property 3, LLC, a New York limited liability company which manages GLS Florida Property 2, LLC, the Florida limited liability company whose defaulted loan is the subject of this action. All guaranties executed by him were executed in New York. Defendant Yates is a Pennsylvania resident who signed guaranties in New York, and is also a member of FL Florida Property 3, LLC.

In Yates' Declarations (Doc. 48-1 & 136-2), she claims that the "guaranty which is the subject matter of this action was signed by me in New York, New York." Now that the guaranty cannot be located, she claims she is not subject to personal jurisdiction in Florida. Similarly, Jason Flom asserted in his affidavit (Doc. 50-1) that the "guaranty referenced in Plaintiff's complaint and allegedly signed by me was executed in the State of New York." However, he now claims that he does not recall signing a guaranty in 2010. Doc. 138. Because AloStar has produced the 2010 guaranties of all individual Defendants except Jason Flom and Yates, there is certainly doubt as to whether these two Defendants ever executed

the final guaranties, although there is no question that they were supposed to execute them as a requirement of the 2010 extension of the loan.

Even assuming that Jason Flom and Yates did not execute the 2010 guaranties, this court still has specific personal jurisdiction over them. It is well settled that

> [t]o assert personal jurisdiction over a nonresident defendant, federal courts must engage in a two-part analysis. Courts first analyze the jurisdictional problem by looking at the applicable state long-arm statute. If this inquiry is satisfactorily answered, the court considers whether asserting jurisdiction offends the due process clause of the fourteenth amendment. Specifically, the court decides whether the nonresident defendant has such minimum contacts with Florida that maintenance of the suit does not offend traditional notions of fair play and substantial justice.

*Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 919 (11th Cir. 1989) (internal quotations and citations omitted). Under Florida's long-arm statute, a person subjects him- or herself to personal jurisdiction in Florida by "[b]reaching a contract in this state by failing to perform acts required by the contract to be performed in this state." Fla. Stat. § 48.193(1)(g). The guaranties signed by Jason Flom and Yates in 2009 and earlier guaranteed payment to the Bank of Bonifay in Destin, Florida. These guaranties were potentially breached when GLS Florida Property 2, LLC defaulted on the loan and the guarantors did not make the required payments. The fact that AloStar, a successor in interest to

the Bank of Bonifay, is an Alabama corporation is of no moment.  Jason Flom and Yates cannot elude personal jurisdiction in Florida by relying on the fact that the assets of a failed bank happened to be bought by a bank in another state.

Because Florida's long-arm statute has been satisfied, the next step is to determine whether Jason Flom and Yates had sufficient minimum contacts to Florida to subject them to personal jurisdiction here.  Neither is a Florida resident, neither signed any guaranties in Florida, and neither personally conducts business in Florida.  Their involvement with the transaction is guaranteeing the loan to GLS Florida Property 2, LLC  as well as membership in FL Florida Property 3, LLC, the managing member of GLS Florida Property 2, LLC.

In Florida, showing that a borrower defaulted on payments to be made in the state is not enough to satisfy due process concerns. *Labry v. Whitney Nat'l Bank*, 8 So. 3d 1239 (Fla. 1st DCA 2009).  However, where the guaranty is for a Florida business obligation, "part and parcel of a Florida venture registered in Florida by the corporate maker, and the debts to the Florida organization were to further a business in Florida," the guarantor can be said to have sufficient minimum contacts here. *Hamilton v. Bus. Assistance Consortium, Inc.*, 602 So. 2d 619, 621 (Fla. 3d DCA 1992).  In this case, a Florida bank made a loan to a Florida company to further the development of a piece of property in Florida.  Jason Flom and Yates

guaranteed payment of the loan.  Thus, I find that they have sufficient minimum contacts to Florida to subject them to personal jurisdiction here.

Jason Flom and Yates also request that this action be transferred to the Southern District of New York, relying on the doctrine of *forum non conveniens*. Pursuant to 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  AloStar has represented that it has asked all Defendants whether they would consent to transfer and has not received responses. Thus, it is clear that not all parties have consented.  What is not clear is that this action "could have been brought" in the Southern District of New York.  For example, Defendant Graham is a resident of Texas.  As noted above, he consented to jurisdiction in Florida (which he now contests).  I have no indication that he has consented to jurisdiction in New York, and imagine a transferee court in New York would have to dispose of a similar motion to dismiss for lack of personal jurisdiction.  Defendants Wiles and Stroud reside in Tennessee.  Personal jurisdiction over them would also need to be established. Even if this action could have been brought in New York, I find that in a lawsuit involving a Florida LLC, property located in Florida, and guaranties to a Florida bank, Florida is not an

inconvenient forum, and decline to transfer this action to the Southern District of New York.

**ORDERED** on October 17, 2012.

> **/s/ Richard Smoak**
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**