IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

    Plaintiff,

v.

CASE NO. 5:11cv406-RS-GRJ

GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;

    Defendants.

_____/

**DEFENDANT HERBERT L. GRAHAM'S
MOTION FOR RECONSIDERATION
AND MOTION FOR LEAVE TO FILE REPLY
TO ALOSTAR'S RESPONSE IN OPPOSITION TO
DEFENDANT HERBERT L. GRAHAM'S
[SECOND] MOTION TO DISMISS FOR LACK OF
PERSONAL JURISDICTION
<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

Defendant HERBERT L. GRAHAM ("Graham"), by and through undersigned counsel and pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, hereby submits this Motion and Memorandum and requests that this Court reconsider its recent denial of Graham's Motion to Dismiss for Lack of Personal Jurisdiction. In support of this Motion, Graham states as follows:

1

1. Plaintiff's Response to Graham's Motion to Dismiss was filed on Friday, October 12, 2012. That Response attached a certain guaranty allegedly signed by Graham that included language regarding choice of law and waiver of defenses as to personal jurisdiction. Prior to the week that Plaintiff filed that Response, Graham was not aware of the existence of this guaranty and, therefore, did not make an argument regarding the validity of the alleged provisions in Graham's Motion to Dismiss.

2. Just three business days after Plaintiff filed the Response, this Court denied Graham's Motion to Dismiss.

3. Graham has not had an opportunity to adequately respond to Plaintiff's newly presented evidence and requests that opportunity now.

4. Florida law supports Graham's Motion to Dismiss, notwithstanding the existence of this guaranty.

5. This Motion is brought for good cause, as set forth more fully herein.

6. This Motion is not brought for purposes of delay and will not result in unfair prejudice.

7. In filing this Motion to Dismiss, Graham does not intend to waive any defenses or claims, including but not limited to the defense that Bank has failed to state a claim upon which relief may be granted.

### Memorandum of Law

Pursuant to Rule 7.1, *Local Rules for the United States District Court for the Northern District of Florida*, Graham submits this Memorandum of Law in support of his Motion for Reconsideration and Motion for Leave to File Reply.

**I.      INTRODUCTION AND BACKGROUND**

On December 16, 2011, Plaintiff ALOSTAR BANK OF COMMERCE ("Bank") brought this action against Defendant GLS FLORIDA PROPERTY 2, LLC ("GLS") and alleged individual guarantors, including Graham, seeking damages for allegedly unpaid amounts on a note.

The parties have engaged in some attempts at a loan workout. Such attempts being unsuccessful, the Defendants were required to file responses to the pending Verified Amended Complaint. No substantive activity outside of the unresolved personal jurisdiction dispute between the parties has occurred.

Graham resides outside of the State of Florida and has not acted in Florida in such a way that would give rise to either specific or personal jurisdiction. Instead, Bank hinges its allegations of this Court's personal jurisdiction over Graham on the mere execution of personal guaranties.

**II.     THIS COURT SHOULD DISMISS FOR LACK OF PERSONAL JURISDICTION**

As set forth more fully in Graham's Motion to Dismiss, which is incorporated by reference as if fully set forth herein, Florida law stands for the proposition that the mere signing of a guaranty "remains, even in the event of default, a constitutionally inadequate basis for personal jurisdiction." *Labry v. Whitney Nat'l Bank*, 8 So.3d 1239, 1242 (Fla. 1st DCA 2009). Bank's argument to the contrary appears to hinge on the fact that some documents were executed in favor of Bank of Bonifay, an ostensibly Florida entity. However, the guaranty *upon which Bank sues* (and the guaranty that appears to replace prior guaranties) was executed by exclusively non-Florida parties—Graham of Texas and Nexity Bank of Alabama. Thus, the law that Bank submits,

3

indicating that where a contract requires payment to a Florida entity breach thereof is a basis for jurisdiction in Florida, in inapposite.

The result is the mere question of whether the contents of the guaranty create a basis for personal jurisdiction. Bank argues that the guaranty creates such a basis by the mere language as follows:

> [Graham] waives any and all rights or defenses arising by reason of … any defenses disputing … personal jurisdiction within the State of Florida.

Bank uses this provision as a hook under sections 685.101-.102 for automatic satisfaction of the Florida Long-Arm Statute. But those statutes state that, where, as here, all parties to the guaranty to be enforced are nonresidents—Graham of Texas and Bank of Alabama—the transaction must still bear a "substantial or reasonable relation to this state." *Fla. Stat.* 685.101(2)(a).

In any event, Florida case law coming into existence after the enactment of these statutory provisions indicates that even the type of guaranty provision included in this case is *not enough* on its own to confer personal jurisdiction. In *Holton v. Prosperity Bank of St. Augustine*, 602 So.2d 659 (Fla. 5th DCA 1992), the court dealt with a guaranty where payment *would* be due to a Florida bank. Thus, under the statutes cited by Bank, there would not even need to be evidence of a "substantial or reasonable relation to this state." Further, the *Holton* court dealt with a guaranty that was *signed* in Florida. And yet, the court found the following language in the guaranty insufficient to confer personal jurisdiction:

> 18. *Venue* Each guarantor agrees that any action against the Guarantors, or any of them, may be brought in a court of competent jurisdiction in St. Johns County, Florida,

4

>regardless of the place of execution of the guaranty, and each Guarantor hereby waives any right to require that any action to enforce this Guaranty be brought in any other jurisdiction or venue.

The *Holton* personal jurisdiction waiver is arguably even *broader* than the purported waiver in the instant case. But the *Holton* court explained its dismissal as follows:

>The Bank asserts that the guaranty agreement, which was signed by the guarantor in Florida and obligated the guarantor to pay a Florida bank under the guaranty, provides sufficient documentary evidence that the trial court has jurisdiction over the guarantor.
>
>In the matter of proof, a plaintiff seeking to subject a nonresident defendant to the jurisdiction of the court via the long-arm statute does not satisfy the requirement[s] … by alleging facts which show only a possibility of jurisdiction. …
>
>… A contractual forum selection clause cannot serve as a sole basis for asserting in personam jurisdiction over an objecting nonresident defendant.
>
>… While the guaranty agreement … may have indicated the possibility of jurisdiction, the Bank did not prove jurisdiction and thus did not meet its burden.
>
>… [A] guarantor's mere obligation to honor a payment obligation of another, even if that obligation is required to be made in Florida is not a substantial activity to subject the nonresident guarantor to the jurisdiction of a Florida court.

Under the *Holton* case, the guaranty sued upon in this case would not be a basis for personal jurisdiction over Graham, particularly given that the bank that is a party to that guaranty and the bank suing Graham are Alabama entities and that Graham signed his guaranty in Texas.

### III. GRAHAM HAS NOT UNREASONABLY DELAYED IN MAKING THE ABOVE ARGUMENT

5

This Court denied Graham's Motion to Dismiss just three business days after Bank filed its Response. What the Court was unaware of, however, is that prior to the week Bank filed its Response, Bank and Bank's counsel had made representations that they were still searching for Graham's guaranty. Bank argues in its Response that the guaranty was produced pursuant to discovery months ago; however, the guaranty was buried among a set of documents produced in response to a request by another Defendant, Peter McKenna. Graham had not requested these documents and had no reason to believe the documents would have anything to do with personal jurisdiction over Graham, particularly given Bank's and Bank's counsel's representations that the Graham guaranty was not readily available.

Upon receipt of Bank's Response to the Motion to Dismiss, Graham's counsel began drafting a reply and accompanying motion for leave to file a reply. However, while Graham's counsel was completing this task, the Court denied Graham's Motion to Dismiss.

Graham respectfully requests that this Court, now aware that the guaranty is, in effect, "new evidence," reconsider its ruling and/or allow for Graham to submit a reply to Bank's Response prior to making such a ruling.

## IV.   CONCLUSION

For the reasons explained above, Graham requests that this Court reconsider and grant Graham's Motion to Dismiss or, in the alternative, allow Graham to file a reply to Bank's Response to the Motion to Dismiss before this Court decides the Motion to Dismiss.

/s/ Ralph Schofield\
**Lawrence Keefe**\
Florida Bar No. 602809\
**A. Benjamin Gordon**\
Florida Bar No. 528617\
**Ralph Schofield**\
Florida Bar No. 70543\
Keefe Anchors & Gordon P.A.\
2113 Lewis Turner Blvd., Ste. 100\
Fort Walton Beach, FL 32547\
Telephone:   (850) 863-1974\
Facsimile:    (850) 863-1591\
Email: lkeefe@kaglawfirm.com\
          bgordon@kaglawfirm.com\
          rschofield@kaglawfirm.com

*Attorneys for Defendant Graham*

## **LOCAL RULE 7.1(B) CERTIFICATE OF CONFERENCE**

Undersigned counsel certifies that he has previously conferred with opposing counsel in a good faith effort to resolve by agreement the issues raised. Counsel for the parties were unable to agree to the relief requested herein.

/s/ Ralph Schofield_____
**Lawrence Keefe**
Florida Bar No. 602809
**A. Benjamin Gordon**
Florida Bar No. 528617
**Ralph Schofield**
Florida Bar No. 70543
Keefe Anchors & Gordon P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email: lkeefe@kaglawfirm.com
          bgordon@kaglawfirm.com
          rschofield@kaglawfirm.com

*Attorneys for Defendant Graham*

**CERTIFICATE OF SERVICE**

I hereby certify that this motion has been filed electronically through this Court's ECF system on this 18th day of October, 2012, and a true and correct copy of the foregoing has been furnished to each party's counsel via a Notice of Electronic Filing.

/s/ Ralph Schofield_____
**Lawrence Keefe**
Florida Bar No. 602809
**A. Benjamin Gordon**
Florida Bar No. 528617
**Ralph Schofield**
Florida Bar No. 70543
Keefe Anchors & Gordon P.A.
2113 Lewis Turner Blvd., Ste. 100
Fort Walton Beach, FL 32547
Telephone:   (850) 863-1974
Facsimile:   (850) 863-1591
Email: lkeefe@kaglawfirm.com
         bgordon@kaglawfirm.com
         rschofield@kaglawfirm.com

*Attorneys for Defendant Graham*