UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE,<br><br>     Plaintiff and Counter-Defendant,<br><br>v.<br><br>GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;<br><br>     Defendants and Counter-Plaintiffs, | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |
| PETER MCKENNA,<br><br>     Cross-Claim Plaintiff,<br><br>v.<br><br>JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; JAMES C. STROUD; DWIGHT P. WILES; and ELIZABETH YATES;<br><br>     Cross-Claim Defendants, | |
| PETER MCKENNA,<br><br>     Third-Party Plaintiff,<br><br>v.<br><br>RONALD E. GILLEY, and RONNIE GILLEY PROPERTIES, LLC;<br><br>     Third-Party Defendants. | |

**ALOSTAR'S RESPONSE IN OPPOSITION TO DEFENDANT GRAHAM'S MOTION FOR RECONSIDERATION AND MOTION FOR LEAVE TO FILE REPLY TO ALOSTAR'S RESPONSE IN OPPOSITION TO DEFENDANT GRAHAM'S [SECOND] MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Plaintiff AloStar Bank of Commerce ("AloStar"), by and through its counsel, files this Response in Opposition to Defendant Herbert L. Graham's ("Graham") Motion for Reconsideration and Motion for Leave to File Reply. (Doc. 165). Because Graham presents only irrelevant authority coupled with inaccurate claims that the existence of a January 2010 Guaranty executed by Graham is novel information, these motions should be denied.

"Reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *Groover v. Michelin N. Am., Inc.*, 90 F. Supp. 2d 1236, 1256 (M.D. Ala. 2000). It is appropriate "only if the movant demonstrates that there has been an intervening change in the law, that new evidence has been discovered which was *not previously available to the parties in the exercise of due diligence,* or that the court made a clear error of law." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997) (emphasis added). Some courts "will not reconsider a previous ruling when the party's motion fails to raise new issues and, instead, only relitigates what has already been found lacking." *Hipp v. Liberty Nat. Life Ins. Co.*, 65 F. Supp. 2d 1314, 1324 (M.D. Fla. 1999).

In an attempt to further delay the close of the procedural phase of this action, Graham seeks to revisit issues previously decided by this Court. However, Graham's legal argument blurs Florida's long-arm statute, Fla. Stat. § 48.193, with another Florida law allowing jurisdiction to be conferred by contract, Fla. Stat. § 685.102. Florida's courts have concluded that conflating the two statutes is not proper, and Graham's argument fails on this basis alone. *See, e.g., Steller Group, Inc. v. Mid-Ohio Mech., Inc.*, 2004 WL 5685570, at *2

1

(M.D. Fla. Jan. 28, 2004) ("Because section 685.102 substitutes the constitutional limitations for the more restrictive limitations imposed by Florida's long-arm statute, Defendant incorrectly argues for the application of Florida's long arm statute. Instead, the proper inquiry is whether Defendant has sufficient minimum contacts with the State of Florida to satisfy the Due Process Clause of the United States Constitution.").

Further, the authority Graham cites in support of his theory that an executed January 2010 Guaranty is "not enough on its own to confer personal jurisdiction," *Holton v. Prosperity Bank of St. Augustine*, 602 So.2d 659 (Fla. Dist. Ct. App. 1992), is wholly irrelevant for two reasons. (Doc. 165 at 4). First, *Holton* is based exclusively on the long-arm statute—not § 685.102. *Holton*, 602 So.2d at 660 ("Two inquires must be made in determining whether long-arm statute (§ 48.193, Fla. Stat.) jurisdiction is appropriate in a given case . . . ."). Second, the *Holton* decision cites *McRae v. J.D./M.D., Inc.*, 511 So.2d 540 (Fla. 1987) for the proposition that a contractual waiver of personal jurisdiction is inadequate. *Holton*, 602 So.2d at 662. However, the *McRae* decision predates the enactment of § 685.102 *by two years,* and a much more recent case explains that although "courts still quote with approval the language of *McRae*, . . . [t]hese references, however, *merely parrot the rule as it relates to section 48.193* and, we believe, *have no effect on the impact of sections 685.101-.102.*"). *Jetbroadband WV, LLC v. MasTec N. Am., Inc.*, 13 So.3d 159, 162, 162 n.3 (Fla. Dist. Ct. App. 1999) (emphasis added).

While Graham's counsel contends that the existence of an executed January 2010 "guaranty is, in effect, 'new evidence,' " and that "prior to the week Bank filed its Response, Bank and Bank's counsel had made representations that they were still searching for Graham's guaranty" (Doc. 165 at 6), the pleadings and exhibits thereto ***expressly contradict***

2

this account. AloStar's *August 20, 2012* "Motion for Leave to Amend Complaint or, Alternatively, [] Response to Motion to Dismiss of Defendants Wiles, Stroud, and *Graham*," stated:

> *Every Guarantor that is the subject of this motion executed a January 2010* amended and restated limited guaranty agreement and a number, if not all, of the other Guarantors and Defendants did as well, namely Levine, McKenna, Joseph Flom, Wiles, Stroud, and Graham. As shown further below as to each of them, all executed or prepared 2010 amended and restated limited guaranty agreements related to the underlying obligations, and containing the following language dispositive to all jurisdictional issues raised: "Guarantor also waives any and all rights or defenses arising by reason of: . . . (g) any defenses disputing proper venue in Okaloosa or Bay County, Florida, or disputing personal jurisdiction within the State of Florida" (emphasis added). See . . . *Exhibit C, ALOSTAR000195-203, at 000199-000200 (Graham)*.

(Doc. 103, 6-7 (emphasis added)). Hardly "buried among a set of document produced in response to a request by another Defendant" (Doc. 165 at 6), Graham's *executed* January 2010 Guaranty was 1) announced in a pleading, 2) referenced by Bates range, and 3) included as an exhibit *more than one month prior* to Graham's *September 28, 2012* [Second] Motion to Dismiss for Lack of Personal Jurisdiction. (Doc. 134).

     Graham's motions are not based on "newly presented evidence," and do not satisfy any other criterion for reconsideration. Further, the authority Graham now presents is inapposite to the question of personal jurisdiction. AloStar respectfully requests that these motions be denied.

*[Signatures to appear on the following page.]*

Dated this 19th day of October 2012.

Respectfully submitted,

s/ Eric D. Stolze
William K Whitner
Georgia Bar No. 756652
Eric D. Stolze
Ga. Bar No. 425966
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA  30309
Telephone:      (404) 815-2400
Facsimile:      (404) 815-2424
Email:  kwhitner@paulhastings.com
Email:  ericstolze@paulhastings.com

George R. Mead
Florida Bar No. 096490
Yancey F. Langston
Florida Bar No. 827134
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:      (850) 434-3541
Facsimile:      (850) 435-7899
Email:  emead@mhw-law.com
Email:  ylangston@mhw-law.com
*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>     Plaintiff,<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>     **Defendants.** | **CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ** |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on October 19, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

Respectfully submitted,

                By:  s/ Eric D. Stolze
                    William K Whitner
                    Georgia Bar No. 756652
                    Eric D. Stolze
                    Ga. Bar No. 425966
                    PAUL HASTINGS LLP
                    1170 Peachtree Street, N.E.
                    Suite 100
                    Atlanta, GA  30309
                    Telephone:     (404) 815-2400
                    Facsimile:       (404) 815-2424
                    Email:  kwhitner@paulhastings.com
                    Email:  ericstolze@paulhastings.com

George R. Mead
Florida Bar No. 096490
Yancey F. Langston
Florida Bar No. 827134
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:      (850) 434-3541
Facsimile:       (850) 435-7899
Email: emead@mhw-law.com
Email: ylangston@mhw-law.com
*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

LEGAL_US_E # 100915331.2