IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 5:11-cv-00406-RS-GRJ |
| GLS FLORDIA PROPERTY 2, LC; ) | |
| JASON R. FLOM; HERBERT L. GRAHAM; ) | |
| GLENN W. JOHNSON, III; ELLIOT H. ) | JURY TRIAL DEMANDED |
| LEVINE; PETER MCKENNA; JAMES ) | |
| C. STROUD; DWIGHT P. WILES; ) | |
| ELIZABETH YATES; and ROGER S. ) | |
| AARON, EARLE YAFFA, and RONALD ) | |
| J. WEISS, as Executors of the Estate ) | |
| of Joseph Flom, ) | |
| ) | |
| Defendants and Counter-Plaintiffs, ) | |
| ) | |
| PETER MCKENNA, ) | |
| ) | |
| Cross-Claim Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| JASON R. FLOM; HERBERT L. GRAHAM; ) | |
| GLENN W. JOHNSON, III; ELLIOT H. ) | |
| LEVINE; JAMES C. STROUD; DWIGHT P. ) | |
| WILES; and ELIZABETH YATES, ) | |
| ) | |
| Cross-Claim Defendants, ) | |
| ) | |
| PETER MCKENNA, ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| v. ) | |

1

|  |  |
|---|---|
| **RONALD E. GILLEY, and RONNIE GILLEY PROPERTIES, LLC;** | )<br>)<br>) |
|  | ) |
| **Third-Party Defendants.** | ) |

## ANSWER OF DEFENDANT JASON FLOM

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Jason Flom responds to the allegations of Plaintiff's Verified Amended Complaint as follows:

1-2. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 1-2.

3. It is admitted that Jason Flom is a citizen of the United States of America. The remaining allegations contained in paragraph 3 are not directed at this Defendant, and no response is required.

4. It is admitted that Defendant is an individual residing in New York, New York. The remaining allegations contained in paragraph 4 are denied.

5-18. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 5-18.

19. Upon information and belief, Defendant is a member of FL Florida Property 3, LLC. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 19.

20. Denied as to this Defendant. The remaining allegations contained in paragraph 20 are not directed at this Defendant, and no response is required.

21. Paragraph 21 is not directed at this Defendant, and no response is required.

22. Denied as to this Defendant. The remaining allegations contained in paragraph 21 are not directed at this Defendant, and no response is required.

23. Defendant denies executing a January 2010 guaranty. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 23.

24. Denied as to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the regarding the remaining allegations in paragraph 24.

25. Denied as to this Defendant. The remaining allegations contained in paragraph 25 are not directed at this Defendant, and no response is required.

26. Denied as to this Defendant. The remaining allegations contained in paragraph 26 are not directed at this Defendant, and no response is required.

27. It is admitted that Defendant is a plaintiff in an unrelated matter pending in the Northern District of Florida. The remaining allegations contained in paragraph 27 are denied.

28. The allegations contained in paragraph 28 are not directed at this Defendant, and no response is required.

29. Denied as to this Defendant. The remaining allegations contained in paragraph 29 are not directed at this Defendant, and no response is required.

30. Denied.

31-33. Denied as to this Defendant. The remaining allegations contained in paragraphs 31-33 are not directed at this Defendant, and no response is required.

34-40. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 32-40.

41. Denied as to this Defendant. The remaining allegations contained in paragraph 41 are not directed at this Defendant, and no response is required.

42-45. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 42-45.

46-49. Denied as to this Defendant. The remaining allegations contained in paragraphs 46-49 are not directed at this Defendant, and no response is required.

50-58. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 50-58.

59. Denied.

60-64. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 60-64.

65. Denied as to this Defendant. Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 65.

66-74. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 66-74.

75. Denied as to this Defendant. The remaining allegations contained in paragraph 75 are not directed at this Defendant, and no response is required.

76-78. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraphs 76-78.

79. Denied as to this Defendant. The remaining allegations contained in paragraph 79 are not directed at this Defendant, and no response is required.

80. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 80.

81-88. Paragraphs 81-88 are not directed at this Defendant, and no response is required. To the extent any response is required, the allegations are denied.

89. No response is required.

90. Denied.

91-94. Denied as to this Defendant.  The remaining allegations contained in paragraphs 91-94 are not directed at this Defendant, and no response is required.

95. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in paragraph 95.

96. Denied as to this Defendant.  Defendant lacks knowledge or information sufficient to admit or deny the remaining allegations contained in paragraph 96.

97. Denied.

## AFFIRMATIVE DEFENSES

1. The Court lacks personal jurisdiction over Jason Flom.

2. Venue is improper in this forum due to the doctrine of *forum non conveniens*.

3. The Verified Amended Complaint fails to state a claim upon which relief may be granted.

4. Plaintiff's claims are barred by the doctrines of setoff and accord and satisfaction.

5. Plaintiff's claims are barred by the doctrines of waiver and estoppel.

6. Plaintiff's claims have been partially or fully released.

7. Plaintiff has failed to name one or more indispensable parties to this action.

8. Plaintiff's claims are barred by the doctrine of novation.

9. Plaintiff is not a holder in due course of the debt.

10. Plaintiff's claims are barred by the doctrine of unclean hands.

11. Plaintiff's claims fail due to unilateral or mutual mistake.

12. Plaintiff's claims are barred due to the negligence, misrepresentation, and/or fraud on the part of Plaintiff and/or its predecessors.

13. Plaintiff lacks standing to bring this suit.

14. Plaintiff's claims are barred by operation of the Statute of Frauds.

15. Plaintiff's claims are barred or diminished by its failure and/or the failure of its predecessors to mitigate damages.

16. Plaintiff's claims are barred by it or its predecessor's breach of the duty not to deal with the primary debtor or security in such a manner as to harm a guarantor.

17. Plaintiff cannot pursue these claims as it is not the real party in interest.

18. Planitff's claims are barred due to the failure of conditions precedent to Defendants' alleged obligations.

## COUNTERCLAIMS[1]

### Parties and Jurisdiction

1. Bank of Bonifay ("Bonifay") was a Florida banking institution with its principal place of business in Destin, Florida.

2. Nexity Bank ("Nexity") was an Alabama banking institution with its principal place of business in Birmingham, Alabama.

3. Alostar Bank of Commerce ("AloStar") is an Alabama banking institution with its principal place of buisness in Birmingham, Alabama.

4. This Defendant is a resident of the State of New York.

---

[1] All allegations contained in Defendant's counterclaims are stated upon information and belief and are alleged "at all relevant times" unless specifically stated otherwise.

5. This Defendant is a member of FL Florida Property 3, LLC ("FLP").

6. FLP is a member in GLS Florida Property 2, LLC ("GLS").

7. Jurisdiction is present pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Factual Allegations**

9. On or about December 23, 2005, GLS purchased a piece of real property known as "Marina DiMassa" (the "Property"). The purchase price for the Property was $25,000,000.

10. The purchase of the Property by GLS was funded by a loan from Bonifay (the "Loan") in the principal amount of $18,750,000. The Loan contemplated future advances up to $100,000,000.

11. Unbeknownst to this Defendant, Bonifay obtained an appraisal of the Property on September 7, 2005 (the "2005 Appraisal"). The 2005 Appraisal valued the Property at $5,500,000 - $7,000,000.

12. The 2005 Appraisal revealed to Bonifay that the Property was worth far less than the purchase price at which it was sold to GLS.

13. At the time the Loan was made from Bonifay to GLS, Bonifay knew that the Property was worth far less than the purchase price of $25,000,000.

14. At the time the Loan was made from Bonifay to GLS, Bonifay knew that the Property had very recently been sold for $12,000,000. In fact, Bonifay knew that the Property was simultaneously purchased by Ronnie Gilley (or Ronnie Gilley Properties, LLC, collectively referred to herein as "Gilley") for $12,000,000 and resold by Gilley to GLS for $25,000,000.

15. Bonifay had a duty to this Defendant to disclose material information about the Loan, the Property, and the transaction at issue.

16. Bonifay breached its duty by failing to advise this Defendant of the contents of the 2005 Appraisal.

17. Bonifay breached its duty by failing to advise this Defendant of the simultaneous sale and resale of the Property by Gilley.

18. Armed with the knowledge regarding the true value of the Property, Bonifay induced this Defendant to sign a personal guaranty for a portion of the Loan.

19. In 2009, the Loan was sold by Bonifay to Nexity.

20. The Loan was extinguished by Nexity in favor of a new agreement in January 2010.

21. This Defendant did not sign the new loan agreement in January 2010.

22. This Defendant did not sign a guaranty of the new loan agreement in January 2010.

23. AloStar alleges that it purchased and/or assumed the Loan from Nexity.

24. Bonifay's misrepresentations were apparent from the Loan files.

25. Nexity and AloStar knew or should have known, upon receiving the Loan files, that the Loan and this Defendant's guaranty were obtained by Bonifay using fraud and/or misrepresentation.

## Cause of Action I – Breach of Fiduciary Duty

26. The allegations set forth in paragraphs 1-25 of this Counterclaim are incorporated as if fully set forth herein.

27. Bonifay required this Defendant to provide a personal guaranty on the Loan.

28. As such, Bonifay owed a fiduciary duty to this Defendant.

29. Bonifay breached its fiduciary duty to this Defendant by failing to disclose and/or misrepresenting material information regarding the sale of the Property and the Loan, including the following:

    a. The contents of the 2005 Appraisal.

    b. The fact that the Property was worth far less than the purchase price.

    c. The fact that the Property had been very recently purchased for $12,000,000.

    d. The fact that the Property was being purchased and simultaneously resold at more than twice the price by Gilley.

30. Bonifay's breaches of fiduciary duty tainted all of the following amendments and restatements of the Loan and this Defendant's guaranty/guaranties.

31. The facts concealed by Bonifay were imputed to, known by, and concealed by Nexity and AloStar.

32. These breaches of fiduciary duty have caused damage to this Defendant in an amount to be proven at trial.

## Cause of Action II – Misrepresentation

33. The allegations set forth in paragraphs 1-32 of this Counterclaim are incorporated as if fully set forth herein.

34. Bonifay knew or should have known of facts material to the purchase of the Property and execution of the Loan.

35. Bonifay had a duty to disclose material facts to this Defendant.

36. As set forth above, Bonifay negligently and/or intentionally failed to disclose material facts to this Defendant.

37. Bonifay knew or should have known that this Defendant would rely to his detriment on Bonifay's omissions of material fact.

38. This Defendant relied to his detriment on Bonifay's misrepresentations.

39. Bonifay's misrepresentations caused damage to this Defendant in an amount to be proven at trial.

40. Bonifay's misrepresentations tainted all of the following amendments and restatements of the Loan and this Defendant's guaranty/guaranties.

41. Bonifay's misrepresentations are attributable to AloStar as the alleged successor in interest.

## Cause of Action III—Unjust Enrichment

42. The allegations set forth in paragraphs 1-41 of this Counterclaim are incorporated as if fully set forth herein.

43. Upon the recommendation of Elliot Levine, acting as this Defendant's personal accountant, this Defendant mistakenly paid moneys to AloStar's alleged predecessor, Nexity Bank, after the 2010 loan agreement was in effect.

44. Such payments were not pursuant to the 2010 loan agreement as this Defendant was not a party to that agreement, and was not a party to a guaranty based upon that agreement.

45. Nexity knew that this Defendant was not a party to the 2010 loan agreement, yet retained the moneys paid by this Defendant. Such retention was unjust under the circumstances.

46. Hence, Nexity was unjustly enriched in an amount to be proved at trial, and such unjust enrichment is attributable to AloStar as the alleged successor in interest to Nexity.

### Cause of Action IV—Accounting

47.     The allegations set forth in paragraphs 1-46 of this Counterclaim are incorporated as if fully set forth herein.

48.     AloStar, as alleged successor to Nexity and Bonifay has a duty to provide an accounting to the members of GLS and FLP regarding the Loan.

49.     Accordingly, this Defendant requests the Court to order an Accounting by AloStar for all payments received and/or amounts expended on the Loan.

### Prayer for Relief

Jason Flom respectfully requests that the Court (1) dismiss AloStar's amended complaint, (2) grant judgment in his favor on the counterclaims, and (3) grant such other and further relief as the Court deems appropriate.

### JURY DEMAND

Defendant demands a jury trial in this action.


                                                        Respectfully submitted,


                                                        /s/ Sara F. Reynolds
                                                        Sara F. Reynolds (TN #21469)
                                                        ANDERSON & REYNOLDS, PLC
                                                        3100 West End Avenue, Suite 225
                                                        Nashville, Tennessee 37203
                                                        615.942.1700

                                                        *Attorney for Defendant*
                                                        *Jason R. Flom*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served upon the via the Court's CM/EMF system to all parties registered to receive electronic notice, and via first class mail, postage pre-paid to all other parties, on October 31, 2012.

Yancey Frank Langston
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street
SunTrust Tower, 9th Floor
P. O. Box 13290
Pensacola, FL 32591-3290
Telephone: (850) 434-3541
Facsimile: (850) 435-7899
E-mail: ylangston@mhw-law.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

William K. Whitner
Eric D. Stolze
PAUL HASTINGS LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, GA 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
E-mail:kwhitner@paulhastings.com
           ericstolze@paulhastings.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

Alfred Benjamin Gordon, III
KEEFE ANCHORS GORDON ETC, PA
2113 Lewis Turner Boulevard
Suite 100
Fort Walton Beach, FL 32547
Telephone: (850) 863-1974
Facsimile: (850) 863-1591
E-mail: bgordon@kagmlaw.com

*Attorneys for Defendants*
*Dwight P. Wiles and Herbert L. Graham*

John A. Christy
SCHREEDER WHEELER & FLINT, LLP
1100 Peachtree Street
Suite 800
Atlanta, GA 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
E-mail: jchristy@swfllp.com

*Attorneys for Defendant Elizabeth Yates*

Jonathan T. Holloway
HOLLOWAY LAW FIRM, P.A.
369 N. Main Street
Crestview, FL 32536
Telephone: (850) 398-6808
Facsimile: (850) 398-6809
E-mail: jholloway@okaloosalaw.com

*Attorneys for Defendant*
*James C. Stroud*

Robert Anthony Emmanuel
EMMANUEL SHEPPARD & CONDON
30 S. Spring Street
Pensacola, FL 32502
Telephone: (850) 433-6581
Facsimile: (850) 429-0492
E-mail: rae@esclaw.com

*Attorneys for Defendant*
*Elizabeth Yates*

Cynthia McKenzie
MCKENZIE JACKSON, PLC
201 4th Avenue, North
Suite 1130
Nashville, TN  37221
Telephone: (615) 873-5670
Facsimile: (615) 873-5671
E-mail: cmckenzie@mckenziejacksonlaw.com

*Attorneys for Defendant*
*Elliot H. Levine*


Edward M. Mullins
ASTIGARRAGA, DAVID MULLINS & GROSSMAN, P.A.
16th Floor
701 Brickell Avenue
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: emullins@astidavis.com

*Attorneys for Defendants*
*Earle Yaffa and Ronald J. Weiss,*
*As Executors of the Will of Joseph Flom*


Gregory D. Smith
GREGORY D. SMITH, P.A.
201 South Baylen Street, Suite A
P.O. Box 12853
Pensacola, FL 32501-32591
Telephone: (850) 434-1821
E-mail: gdsmithlaw@aol.com

*Attorneys for GLS Florida Property 2, LLC*


John Dellaportas
Kevin P. Potere
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
E-mail: Dellajo@duanemorris.com
        Kppotere@duanemorris.com

*Attorneys for Defendant*
*Peter McKenna*


Andrew J. Lavoie
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, GA 30309-4516
Telephone: (404) 681-3450
Facsimile: (407) 681-1046
E-mail: alavoie@swfllp.com

*Attorneys for Elizabeth Yates*


Mark M. Heinish
SHENDELL & POLLOCK, P.L.
Fountain Square
2700 North Military Trail, Suite 150
Boca Raton, FL 33487
Telephone: (561) 241-2323
Facsimile: (561) 241-2330
E-mail: mark@shendellpollock.com

*Attorneys for Elliot H. Levine, Cross-Claim*
*Defendant*

   /s/ Sara F. Reynolds
   Sara F. Reynolds (TN #21469)