IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | | |
|---|---|---|
| ALOSTAR BANK OF COMMERCE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 5:11-cv-00406-RS-GRJ |
| GLS FLORDIA PROPERTY 2, LC; | ) | |
| JASON R. FLOM; HERBERT L. GRAHAM; | ) | |
| GLENN W. JOHNSON, III; ELLIOT H. | ) | JURY TRIAL DEMANDED |
| LEVINE; PETER MCKENNA; JAMES | ) | |
| C. STROUD; DWIGHT P. WILES; | ) | |
| ELIZABETH YATES; and ROGER S. | ) | |
| AARON, EARLE YAFFA, and RONALD | ) | |
| J. WEISS, as Executors of the Estate | ) | |
| of Joseph Flom, | ) | |
| | ) | |
| Defendants and Counter-Plaintiffs, | ) | |
| | ) | |
| PETER MCKENNA, | ) | |
| | ) | |
| Cross-Claim Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON R. FLOM; HERBERT L. GRAHAM; | ) | |
| GLENN W. JOHNSON, III; ELLIOT H. | ) | |
| LEVINE; JAMES C. STROUD; DWIGHT P. | ) | |
| WILES; and ELIZABETH YATES, | ) | |
| | ) | |
| Cross-Claim Defendants, | ) | |
| | ) | |
| PETER MCKENNA, | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |

1

|  |  |
|---|---|
| **RONALD E. GILLEY, and RONNIE GILLEY PROPERTIES, LLC;** | ) ) ) ) |
| **Third-Party Defendants.** | ) ) |

## ANSWER OF CROSS-CLAIM DEFENDANT JASON FLOM TO PETER MCKENNA'S CROSS-COMPLAINT

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Defendant Jason Flom responds to the allegations of Cross-Claim Plaintiff Peter McKenna's "Amended Answer, Counterclaim Complaint, Cross-Claim Complaint, Third-Party Complaint and Impleader, and Request for Declaratory Judgment," beginning at paragraph 98 of that document as follows:

98. It is admitted that this case involves the Bank of Bonifay, a Florida entity that was involved with the acquisition of real estate in Panama City, Florida. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

99. It is admitted that the purchasing entity was managed by Elliot Levine and owned in part by another entity also managed by Mr. Levine. It is also admitted that Mr. Flom was an investor in the second entity, FL Property 3, LLC ("FLP"). Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

100. It is admitted that the purpose of the property was funded by a loan from Bonifay in the amount of $18.75 million. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

101. It is admitted that Bonifay had an appraisal of the property at the time the loan was made that indicated the property was not worth the purchase price. It is admitted that Bonifay requested this Defendant sign a personal guaranty for a portion of the loan. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

102. Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraph.

103. It is admitted that Mr. Flom did not know of the terms or circumstances surrounding the transaction. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

104. The first, second, and third sentences of paragraph 104 are admitted. Mr. Flom lacks sufficient knowledge or information to admit or deny the remaining allegations.

105-108. Admitted.

109-113. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

114. It is admitted that FLP is a New York Limited Liability company with the principle place of business stated in this paragraph. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

115. It is admitted that Mr. Flom is and/or was a member of FLP, and that Mr. Levine is and/or was a manager of that entity. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

116. It is admitted that Mr. Levine was Mr. Flom's personal accountant and was in a position of trust and confidence as to Mr. Flom. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

117-118. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

119. It is admitted that Mr. Levine was and is the manager of FLP and GLS. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

120-122.    Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

123-124.    Admitted

125-128.    Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

129.    It is admitted that the 2005 Appraisal was obtained by Bonifay.  Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

130.    Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraphs.

131-136.    Admitted.

137-141.    Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

142-143.    Admitted with respect to Bonifay.  Mr. Flom lacks sufficient information to admit or deny the remaining allegations of these paragraph.

144-146.    Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

147.    Admitted as to Bonifay.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

148-150.    Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

151.    The first sentence of paragraph 151 is admitted.  Defendant lacks sufficient information to admit or deny the remaining allegations of this paragraph.

152-153. Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraph.

154. It is admitted that Mr. Flom was asked to provide a personal guaranty of a portion of FLP's indebtedness. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

155. Admitted with respect to the duty owed by Bonifay to this Defendant.

156. Admitted.

157-173. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

174-175. Admitted.

176-179. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

180. It is admitted that Mr. Levine is an accountant, the managing member of FLP and GLS, and directed Mr. Flom as to how and when to provide additional capital for purposes of servicing the Property or debt related thereto. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

181-219. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

220-222. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraph.

223. It is admitted that SunSouth and Mr. Gilley were involved in the purchase and sale of the Borgata Property in Panama City. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

224. Admitted.

225-228. The complaint in the SunSouth Action speaks for itself. All allegations of these paragraphs deviating the allegations contained in that complaint are denied.

229-240. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

241. The guaranty documents cited in this paragraph speak for themselves. It is admitted that paragraph 241 contains a quote from the general form of the guaranty agreements. Any remaining allegations are denied.

242. Admitted.

243. Admitted.

244. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

245-246. Admitted.

247-248. Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

249. Admitted.

250. Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraphs.

251-252. Admited.

253. It is admitted that no one can produce an executed 2010 guaranty for Mr. Flom. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

254-257. Admitted.

258.   The case filings speak for themselves. Mr. Flom lacks sufficient information to admit or deny the remaining allegations of this paragraph.

259-305.   The allegations of these paragraphs are not directed to Mr. Flom and therefore do not require a response by him. To the extent that a response is required, Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

306-313.   Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

314-349.   The allegations of these paragraphs are not directed to Mr. Flom and therefore do not require a response by him. To the extent that a response is required, Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

350.   Admitted.

351-355.   The allegations of these paragraphs are not directed to Mr. Flom and therefore do not require a response by him. To the extent that a response is required, Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

356.   Admitted.

357-427.   The allegations of these paragraphs are not directed to Mr. Flom and therefore do not require a response by him. To the extent that a response is required, Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

428.   Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

429.   Denied.

430.   This paragraph requires no response.

431. Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraph.

432. Denied.

433. This paragraph requires no response.

434. Admitted.

435. Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraphs.

436. Denied.

437. This paragraph requires no response.

438. Mr. Flom lacks sufficient information to admit or deny the allegations of this paragraph.

439. Denied.

440-581. The allegations of these paragraphs are not directed to Mr. Flom and therefore do not require a response by him. To the extent that a response is required, Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

582-605. The allegations of these paragraphs are not directed to Mr. Flom and therefore do not require a response by him. To the extent that a response is required, Mr. Flom lacks sufficient information to admit or deny the allegations of these paragraphs.

606. This paragraph requires no response.

## **AFFIRMATIVE DEFENSES**

1. The Court lacks personal jurisdiction over Jason Flom.

2. Venue is improper in this forum due to the doctrine of *forum non conveniens*.

3. Mr. McKenna's Amended Cross-Complaint fails to state a claim upon which relief may be granted.

4. Mr. McKenna has failed to name one or more indispensable parties to this action.

## JURY DEMAND

Defendant demands a jury trial in this action.

Respectfully submitted,

/s/ Sara F. Reynolds
Sara F. Reynolds (TN #21469)
ANDERSON & REYNOLDS, PLC
3100 West End Avenue, Suite 225
Nashville, Tennessee 37203
615.942.1700

*Attorney for Defendant
Jason R. Flom*

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing has been served upon the via the Court's CM/EMF system to all parties registered to receive electronic notice, and via first class mail, postage pre-paid to all other parties, on October 31, 2012.

Yancey Frank Langston
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street
SunTrust Tower, 9th Floor
P. O. Box 13290
Pensacola, FL 32591-3290
Telephone: (850) 434-3541
Facsimile: (850) 435-7899
E-mail: ylangston@mhw-law.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

William K. Whitner
Eric D. Stolze
PAUL HASTINGS LLP
Suite 2400
600 Peachtree Street, N.E.
Atlanta, GA 30308-2222
Telephone: (404) 815-2400
Facsimile: (404) 815-2424
E-mail:kwhitner@paulhastings.com
      ericstolze@paulhastings.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

Alfred Benjamin Gordon, III
KEEFE ANCHORS GORDON ETC, PA
2113 Lewis Turner Boulevard
Suite 100
Fort Walton Beach, FL 32547
Telephone: (850) 863-1974
Facsimile: (850) 863-1591
E-mail: bgordon@kagmlaw.com

*Attorneys for Defendants*
*Dwight P. Wiles and Herbert L. Graham*

Cynthia McKenzie

John A. Christy
SCHREEDER WHEELER & FLINT, LLP
1100 Peachtree Street
Suite 800
Atlanta, GA 30309
Telephone: (404) 681-3450
Facsimile: (404) 681-1046
E-mail: jchristy@swfllp.com

*Attorneys for Defendant Elizabeth Yates*

Jonathan T. Holloway
HOLLOWAY LAW FIRM, P.A.
369 N. Main Street
Crestview, FL 32536
Telephone: (850) 398-6808
Facsimile: (850) 398-6809
E-mail: jholloway@okaloosalaw.com

*Attorneys for Defendant*
*James C. Stroud*

Robert Anthony Emmanuel
EMMANUEL SHEPPARD & CONDON
30 S. Spring Street
Pensacola, FL 32502
Telephone: (850) 433-6581
Facsimile: (850) 429-0492
E-mail: rae@esclaw.com

*Attorneys for Defendant*
*Elizabeth Yates*

John Dellaportas

MCKENZIE JACKSON, PLC
201 4th Avenue, North
Suite 1130
Nashville, TN 37221
Telephone: (615) 873-5670
Facsimile: (615) 873-5671
E-mail: cmckenzie@mckenziejacksonlaw.com

*Attorneys for Defendant*
*Elliot H. Levine*

Edward M. Mullins
ASTIGARRAGA, DAVID MULLINS & GROSSMAN,
    P.A.
16th Floor
701 Brickell Avenue
Miami, FL 33131
Telephone: (305) 372-8282
Facsimile: (305) 372-8202
E-mail: emullins@astidavis.com

*Attorneys for Defendants*
*Earle Yaffa and Ronald J. Weiss,*
*As Executors of the Will of Joseph Flom*

Gregory D. Smith
GREGORY D. SMITH, P.A.
201 South Baylen Street, Suite A
P.O. Box 12853
Pensacola, FL 32501-32591
Telephone: (850) 434-1821
E-mail: gdsmithlaw@aol.com

*Attorneys for GLS Florida Property 2, LLC*

Kevin P. Potere
DUANE MORRIS LLP
1540 Broadway
New York, NY 10036
Telephone: (212) 692-1000
Facsimile: (212) 692-1020
E-mail: Dellajo@duanemorris.com
            Kppotere@duanemorris.com

*Attorneys for Defendant*
*Peter McKenna*

Andrew J. Lavoie
SCHREEDER, WHEELER & FLINT, LLP
1100 Peachtree Street N.E., Suite 800
Atlanta, GA 30309-4516
Telephone: (404) 681-3450
Facsimile: (407) 681-1046
E-mail: alavoie@swfllp.com

*Attorneys for Elizabeth Yates*

Mark M. Heinish
SHENDELL & POLLOCK, P.L.
Fountain Square
2700 North Military Trail, Suite 150
Boca Raton, FL 33487
Telephone: (561) 241-2323
Facsimile: (561) 241-2330
E-mail: mark@shendellpollock.com

*Attorneys for Elliot H. Levine, Cross-Claim*
*Defendant*

   /s/ Sara F. Reynolds
   Sara F. Reynolds (TN #21469)