# EXHIBIT B



## RENEWAL PROMISSORY NOTE

$16,031,251.00                              Destin, Florida                              January 10, 2010

WHEREAS, **GLS FLORIDA PROPERTY 2, LLC**, a Florida limited liability company ("Borrower") has issued in favor of The Bank of Bonifay that certain promissory note in the original maximum principal amount of Eighteen Million Seven Hundred Fifty Thousand and No/100s Dollars ($18,750,000.00), dated December 23, 2005, as thereafter renewed and/or extended (hereinafter collectively referred to as the "Original Note");

WHEREAS, the total unpaid principal balance of the existing indebtedness as evidenced by the Original Note is Sixteen Million Thirty One Thousand Two Hundred Fifty One and NO/100s Dollars ($16,031,251.00);

WHEREAS, Nexity Bank, an Alabama banking corporation (hereinafter the "Lender"), is the holder of the Original Note together with all loan and security documentation arising therefrom by virtue of that certain Assignment of Mortgage, Loan Rights and Loan Documents dated October 2, 2009, and recorded in Official Records Book 3189, Page 1291 in the Public Records of Bay County, Florida;

WHEREAS, Borrower has requested that Lender extend the Maturity Date as defined in the Original Note and make other modifications to the terms of the loan, and Lender has agreed to accommodate Borrower's request, subject however to Borrower's fulfillment of certain mutually agreed-upon covenants and obligations required by Lender. Given the foregoing, Borrower and Lender desire to amend, restate, and renew the Original Note as set forth herein.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Original Note is hereby renewed, amended and restated in its entirety as follows:

FOR VALUE RECEIVED, **GLS FLORIDA PROPERTY 2, LLC**, a Florida limited liability company (hereinafter referred to as "Borrower") promises to pay to the order of **NEXITY BANK**, its successors and assigns (referred to hereinafter, together with any other holder hereof, as the "Lender"), at 3680 Grandview Parkway, Suite 200, Birmingham, AL 35243, or at such other place as the Lender may from time to time designate, the principal sum of **Sixteen Million Thirty One Thousand Two Hundred Fifty One and NO/100s Dollars ($16,031,251.00)** in lawful money of the United States of America, or so much of that sum as may be advanced under this Note, together with interest thereon from the date of this Note until this Note is paid in full, said principal and interest being calculated and payable in the amounts, at the times and upon the terms and conditions provided in this Note.

1. **Definitions.**   As used in this Note, the following terms shall have the indicated meanings:

(A)   "**Loan**" shall mean that certain loan made by Lender to Borrower, as evidenced by this renewal promissory note (referred to herein as "Note" or "Renewal Note").

1

ALOSTAR000399

(B)     "**Loan Documents**" shall mean, collectively, this Renewal Note, the Mortgage, and all other assignments, agreements, guaranties and instruments evidencing, securing or relating to the Loan.

(C)     "**Maturity Date**" shall mean January 10, 2015.

(D)     "**Mortgage**" shall mean that certain Mortgage and Security Agreement dated December 23, 2005, recorded in Official Records Book 2722, Page 169, as modified by Modification Agreement dated January 27, 2009 and recorded in Official Records Book 3132, Page 1673 and as thereafter assigned to Lender in that certain Assignment of Mortgage, Loan Rights and Loan Documents in Official Records Book 3189, Page 1291, and as further modified by the mortgage modification agreement of even date herewith, all recorded or to be recorded in the Public Records of Bay County, Florida, and securing the Loan.

(E)     "**Premises**" shall mean the real property in Bay County, Florida, described in and subject to the Mortgage.

2.     **Interest Rate**.   Interest shall accrue and be payable on the outstanding principal balance of this Note from the effective date hereof until the Maturity Date at Lender's variable prime rate of interest plus one and one-half percent (Prime Rate + 1 ½%) per annum which at no time shall be less than the floor interest rate of six percent (6%) per annum. Interest shall be computed on the basis of a 360-day year for the actual number of days the principal is outstanding during each month. The "Prime Rate" shall be the highest rate (in the event of a split prime rate) so designated as announced from time to time in the Wall Street Journal. In the event that the Wall Street Journal, or any successor publication during the term hereof, shall abolish or abandon the practice of announcing a "prime rate" of interest, or should the same become unascertainable, or in the event that publication of the Wall Street Journal ceases or same for any reason fails to publish "prime rate", then Lender shall designate a comparable reference rate source which shall be deemed to be the "prime rate" hereunder from which to determine the Prime Rate announced from time to time which will be used to adjust the interest rate under this Note. Each adjustment is to be effective on the date of announcement of a change in the Prime Rate.

3.     **Payment**.   Borrower shall make principal and interest payments monthly commencing on February 10, 2010 and on the same day each month thereafter until the Maturity Date. On the Maturity Date, all principal, unpaid accrued interest and other charges hereunder shall be due and payable in full. Each payment on the indebtedness evidenced hereby will first reduce charges owed by Borrower that are neither principal nor interest. The remainder of each such payment will be applied first to accrued but unpaid interest and then to unpaid principal. Borrower's monthly payments of principal and interest shall be based upon an amortization schedule of fifteen (15) years with the entire balance due as prescribed herein on the Maturity Date which is five (5) years from the date of this Renewal Note.

4.     **After-Default Interest**.   Notwithstanding the foregoing, from and after any uncured Event of Default under this Note, interest on the outstanding principal balance shall accrue and be payable at the rate of eighteen percent (18%) per annum.

5.     **Interest Limitation**.   Nothing contained in this Note, the Mortgage or in any of the Loan Documents shall be construed or shall operate, either presently or prospectively, to require the Borrower to pay interest in excess of the maximum interest rate allowable under any statute or law applicable to this transaction when appropriate consideration is given to borrowers and lenders of like character classification or to make any payments or do any act contrary to law, nor shall the Borrower be obligated or required to pay interest on the

ALOSTAR000400

outstanding principal balance at a rate which could subject Lender to either civil or criminal liability as a result of being in excess of the maximum rate which the Borrower is permitted by law to contract, agree to pay or pay. Any interest paid in excess of the maximum rate allowed by law shall, at Lender's option, be (i) refunded to the Borrower, (ii) applied to reduction of the principal balance under this Note, or (iii) credited to amounts then due and owing by the Borrower under this Note, the Mortgage, or any of the Loan Documents; provided, however, that if the excessive amount of interest paid by Borrower exceeds the sums outstanding hereunder, the portion exceeding the sums outstanding hereunder shall be refunded in cash to the Borrower. Any such crediting or refund shall not cure or waive any Event of Default by Borrower hereunder or under any of the Loan Documents. Further, if the terms of this Note would otherwise require or obligate Borrower to pay interest on the principal balance hereunder at a rate of excess of the maximum rate allowed by law, then the rate of interest under this Note shall ipso facto be deemed to be reduced to such maximum lawful rate, and interest payable hereunder shall be computed at such maximum lawful rate and all payments theretofore or thereafter accruing hereunder shall be likewise computed on the basis of such maximum lawful rate. Borrower agrees, however, that in determining whether or not any interest payable hereunder exceeds the maximum rate allowed by law, any non-principal payment (except payments specifically stated herein to be "interest"), including without limitation late charges, shall be deemed, to the extent permitted by law, to be an expense, fee, premium or penalty rather than interest.

6. **Prepayment**. Principal outstanding under this Note may be prepaid in full or in part at any time and from time to time without penalty or premium. No such partial prepayment of principal will have the effect of postponing, satisfying, reducing or otherwise affecting any scheduled installment of interest before the principal of and interest on this Note, together with all other charges due under the Loan Documents, are paid in full.

7. **Late Charge**. If any installment of principal and interest or other payment required to be made under this Note or any of the Loan Documents is not received by Lender within ten (10) days after the date on which the installment or payment became due, then Borrower shall pay to Lender a late charge equal to five percent (5%) of such installment or payment amount. Nothing contained herein shall be construed as creating any grace period or additional grace period for the making of any such installment or payment.

8. **Default**. The occurrence of any of the following shall constitute an Event of Default under this Note:

(A) If Borrower fails to make any monetary payment required by this Note, as and when due; or

(B) If there occurs any other Event of Default under or specified in any of the Loan Documents and such Event of Default continues beyond the applicable cure period, if any, provided in the Loan Documents.

9. **Acceleration**. Upon the occurrence of any Event of Default as hereinabove defined, the entire principal balance of this Note, together with all accrued interest and other sums due hereunder or under the Loan Documents, shall become immediately due and payable without notice, demand or legal process, at the option of Lender.

10. **Loan Documents**. This Note is referred to in and arises out of the Loan Documents which include various agreements and assignments, and this Note is secured by, among other instruments, the Mortgage and the other Loan Documents. Said Loan Documents contain additional provisions for the

ALOSTAR000401

acceleration of the maturity of this Note.

    11. **Additional Waivers and Agreements.** With respect to any and all obligations under this Note or under any of the Loan Documents, Borrower and all co-signers, sureties, endorsers and guarantors of this Note, hereby:

    (A) Waive demand, presentment, protest, notice of protest, notice of dishonor, notice of acceleration of maturity, suit against any party and all other notices and requirements necessary to charge or hold the Borrower or any such co-signer, surety, endorser or guarantor on any such obligation;

    (B) Agree to continue and remain bound for the payment of principal, interest and all other sums payable hereunder or under any of the Loan Documents, notwithstanding any change or changes by way of addition, release, surrender, exchange or substitution of any security for this Note or of any party or parties liable hereunder or by way of any extension or extensions of time for the payment of any sums due hereunder or under any of the Loan Documents or any other changes or modifications to any of the Loan Documents agreed to by Borrower, and waive all and every kind of notice of such change or changes and all defenses on the ground of such change or changes and agree that the same may be made without notice to or consent of any of them;

    (C) Waive the right to interpose any setoff or counterclaim of any nature or description in any litigation in which the Lender and the Borrower and/or such co-signers, sureties, endorsers and guarantors, or any of them, shall be parties;

    (D) Agree that any obligations of Borrower or such co-signers, sureties, endorsers or guarantors hereunder may, from time to time, in whole or in part, be renewed, extended, modified, accelerated, compromised, discharged or released by Lender, and any collateral, lien and right of setoff securing any such obligations may, from time to time, in whole or in part, be exchanged, sold or released, all without notice to or further reservations of rights against any of said parties and all without in any way affecting or releasing the liability of any of said parties;

    (E) Agree to pay all filing fees, taxes and all costs of collecting or securing or attempting to collect or secure any obligations under the Note or any of the Loan Documents, including without limitation reasonable attorney's fees, whether or not any lawsuit is filed; and

    (F) BORROWER AND ALL CO-SIGNERS, SURETIES, ENDORSERS AND GUARANTORS OF THIS NOTE HEREBY KNOWINGLY, VOLUNTARILY AND INTENTIONALLY AGREE THAT:

    (1) THEY AND EACH OF THEM HEREBY WAIVE THE RIGHT TO TRIAL BY JURY IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM, CROSS-CLAIM OR OTHER ACTION OR PROCEEDING ARISING FROM OR BASED UPON THIS NOTE OR ANY OF THE LOAN DOCUMENTS, AND NEITHER THE BORROWER, NOR BORROWER'S HEIRS, LEGAL REPRESENTATIVES, SUCCESSORS OR ASSIGNS, NOR ANY CO-SIGNER, SURETY, GUARANTOR, ENDORSER OR OTHER OBLIGOR OBLIGATED FOR THE INDEBTEDNESS EVIDENCED BY THIS NOTE, OR SUCH PERSON'S OR ENTITY'S HEIRS, LEGAL REPRESENTATIVES, SUCCESSORS OR ASSIGNS, SHALL SEEK A JURY TRIAL IN ANY LAWSUIT, PROCEEDING, COUNTERCLAIM, CROSS-CLAIM OR OTHER ACTION OR PROCEEDING ARISING FROM OR BASED UPON THIS NOTE OR ANY OF THE LOAN DOCUMENTS.

ALOSTAR000402

(2) NEITHER THE BORROWER, NOR BORROWER'S HEIRS, LEGAL REPRESENTATIVES, SUCCESSORS OR ASSIGNS, NOR ANY CO-SIGNER, SURETY, GUARANTOR, ENDORSER OR OTHER OBLIGOR OBLIGATED FOR THE INDEBTEDNESS EVIDENCED BY THIS NOTE, NOR SUCH PERSON'S OR ENTITY'S HEIRS, LEGAL REPRESENTATIVES, SUCCESSORS OR ASSIGNS, SHALL SEEK TO CONSOLIDATE ANY CLAIM AS TO WHICH A JURY TRIAL HAS BEEN WAIVED WITH ANY CLAIM IN WHICH A JURY TRIAL HAS NOT BEEN OR CANNOT BE WAIVED.

(3) THE PROVISIONS OF THIS SUBSECTION (F) HAVE BEEN FULLY NEGOTIATED BY LENDER, BORROWER AND ANY AND ALL CO-SIGNERS, SURETIES, GUARANTORS, ENDORSERS AND OTHER OBLIGORS OBLIGATED FOR THE INDEBTEDNESS EVIDENCED BY THIS NOTE, AND THESE PROVISIONS SHALL BE SUBJECT TO NO EXCEPTIONS.

(4) NEITHER LENDER NOR ANY OFFICER, EMPLOYEE, ATTORNEY, AGENT OR OTHER REPRESENTATIVE OF LENDER HAS IN ANY WAY AGREED WITH OR REPRESENTED TO BORROWER, OR ANY CO-SIGNER, SURETY, GUARANTOR, ENDORSER OR ANY OTHER PARTY OBLIGATED FOR THE INDEBTEDNESS EVIDENCED BY THIS NOTE THAT THE PROVISIONS OF THIS SUBSECTION (F) WILL NOT BE FULLY ENFORCED IN ALL INSTANCES.

(5) THIS SUBSECTION (F) IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THE LOAN AND OTHER TRANSACTIONS EVIDENCED BY THIS NOTE AND THE LOAN DOCUMENTS.

12. **Miscellaneous.**

(A) All amounts payable under this Note are payable in lawful money of the United States at the main office of the Lender in Birmingham, Alabama. A check shall constitute payment when actually received by Lender, provided it is subsequently honored and collected in the ordinary course of business without having been returned to Lender for insufficient funds or other reasons. Any payment received by Lender after 2:00 p.m., Birmingham, Alabama time on any day shall be deemed to have been received by Lender on the next succeeding day which is not a Saturday, Sunday or legal holiday under the laws of the State of Alabama or the United States of America.

(B) Lender may, but shall not be required to, apply, on or after maturity, to the payment of this debt, any funds or credit held by Lender on deposit, in trust or otherwise, for the account of the Borrower or of any co-signer, surety, endorser or guarantor hereof.

(C) As used herein, the singular shall be deemed to include the plural and vice versa, and each gender shall be deemed to include all other genders, unless a contrary intention clearly appears. If the Borrower consists of more than one person or entity, the obligations and liabilities of each such person or entity hereunder shall be joint and several.

(D) Lender shall not by any act, delay, omission or otherwise be deemed to have waived any of its rights or remedies, and no waiver of any kind nor any modification of this Note shall be valid unless in writing and signed by Lender. All rights and remedies of Lender under the terms of this Note, the Loan Documents and any statutes or rules of law shall be cumulative and may be exercised successively or concurrently. Borrower agrees that Lender shall be entitled to all the rights of a holder in due course of a negotiable instrument.

ALOSTAR000403

(E) This Note shall be governed by and construed in accordance with the laws of the State of Florida.

(F) If any provision of this Note shall be unenforceable or invalid under applicable law, then the remaining provisions of this Note shall not be affected thereby but shall remain in full force and effect.

(G) The Borrower shall be liable for all indebtedness represented by this Note and has subscribed its name hereto without condition that anyone else should sign or become bound hereon and without any other condition whatever being made. The provisions of this Note are binding on, and shall inure to the benefit of, the Borrower and the heirs, executors, administrators, assigns and successors of the Borrower.

(H) All notices and other communications required hereunder shall be in writing and shall be delivered personally, or by registered or certified mail, return receipt requested, postage prepaid, or by Federal Express, Express Mail or Air Courier, fees prepaid. Such notices shall be deemed to have been received (i) upon delivery, if personally delivered; (ii) upon the earlier of actual receipt or the fourth day after mailing, if mailed by registered or certified mail, return receipt requested, postage prepaid; and (iii) on the next business day if sent by Federal Express, Express Mail or Air Courier, fees prepaid. The address for delivery of such notices shall be as follows:

(a) To Lender at:

Nexity Bank
3680 Grandview Pkwy, Suite 200
Birmingham, Alabama 35243
Attn: Ken Vassey

with copy to:

Scott M. Campbell
Clark, Partington, Hart, Larry,
 Bond & Stackhouse
34990 Emerald Coast Parkway
Suite 301
Destin, Florida 32541

(b) To Borrower at:

GLS Florida Property 2, LLC
Attn: Elliot Levine
150 East 52nd Street, 21st Floor
New York, New York, 10022

ALOSTAR000404

IN WITNESS WHEREOF, Borrower has caused this instrument to be executed and delivered effective as of the day and year first above written.

**BORROWER:**

WITNESSES:

GLS FLORIDA PROPERTY 2, LLC, a Florida limited liability company

Print name: Elizabeth A. Malone

By: FL Florida Property 3, LLC, a New York limited liability company, Managing Member

Print name: Anna Sforza

By: _____
Elliot Levine, Managing Member

[CORPORATE SEAL]

STATE OF New York
COUNTY OF New York

The foregoing instrument was acknowledged before me this 25 day of February, 2010, by **Elliot Levine**, as Managing Member of FL Florida Property 3, LLC, a New York limited liability company, which is the Managing Member of GLS Florida Property 2, LLC, a Florida limited liability company. He (✓) is personally known to me or ( ) has produced _____ as identification.

[AFFIX NOTARY SEAL]

Signature of Notary
Jean Gale
Name of Notary Printed
My Commission Expires: June 21, 2011
Commission Number 01GA602709

JEAN GALE
Notary Public, State of New York
No. 01GA6026709
Qualified in Nassau County
Commission Expires June 21, 20 11

*Documentary stamps arising from the Loan and the Note have been affixed to the Mortgage. There is no advance pursuant to the terms of this Renewal Note, therefore no additional tax is due hereunder.*

7

ALOSTAR000405