# EXHIBIT A

This Instrument Prepared By
and after recording return to:

Scott M. Campbell
Clark, Partington, Hart, Larry,
Bond & Stackhouse
34990 Emerald Coast Parkway, Suite 301
Destin, Florida 32541
(850) 650-3304

```
File # 2009011934
OR BK  3132  Pages 1673 - 1690
RECORDED 02/27/09 08:14:32
Bill Kinsaul, Clerk
Bay County, Florida
DEPUTY CLERK GB
#1
Trans # 918928
```

STATE OF FLORIDA

COUNTY OF BAY

## MODIFICATION AGREEMENT

THIS MODIFICATION AGREEMENT ("Agreement") is made and entered by and among GLS FLORIDA PROPERTY 2 LLC, a Florida limited liability company ("Borrower"), JOSEPH FLOM, HERBERT L. GRAHAM, ELLIOT H. LEVINE, GLENN W. JOHNSON, III, ELIZABETH YATES, PETER McKENNA, DWIGHT P. WILES, JAMES C. STROUD and JASON R. FLOM ("Guarantors"), and THE BANK OF BONIFAY ("Lender").

WHEREAS, on December 23, 2005, Lender made a loan to Borrower in the principal amount of $18,750,000.000 (the "Loan") evidenced by the certain promissory note from Borrower to Lender dated December 23, 2005, in the amount of $18,750,000.00 (the "Note"); and

WHEREAS, the Loan evidenced by the Note is secured by the Mortgage and Security Agreement (the "Mortgage") covering approximately 7 acres of real property in Bay County, Florida, recorded in O.R. Book 2722, Page 169, Assignment of Leases, Rents and Profits recorded in O.R. Book 2722, Page 179, UCC Financing Statement recorded in O.R. Book 2722, Page 183 and also filed in the Florida Secretary of State's Office under File No. 200601748717, Guaranty Agreements by the Guarantors referenced above and by Gary W. Smith, deceased, whose Guaranty remains effective as an obligation of his estate, Assignment of Construction Documents, Contracts, Rights and Intangibles recorded in O.R. Book 2722, Page 188, Assignment of Permits, Developer's Rights and Plans and Specifications recorded in O.R. Book 2722, Page 196, Environmental Indemnity Agreement dated December 23, 2005, Loan Agreement, and other documents (collectively, the "Loan Documents"); and

WHEREAS, Borrower and Guarantors have now requested that the Loan and the Note be amended and modified including an extension of the Maturity Date (as defined in the Note) to December 10, 2009; and

WHEREAS, Borrower and Guarantors agree that amending the Loan and the Note to include an extension of the Maturity Date will be of direct and substantial benefit to Borrower and Guarantors; and

WHEREAS, Lender has agreed to extend the Maturity Date of the Loan and the Note pursuant to the terms, conditions and additional requirements hereinafter set forth.

NOW, THEREFORE, for and in consideration of foregoing benefits and the sum of Ten Dollars ($10.00) in hand paid and other good and valuable consideration flowing among the parties hereto, the receipt and sufficiency of which is hereby acknowledged, Borrower, Guarantors and Lender do hereby agree as follows:

1. <u>Borrower's Representation and Warranties.</u> Borrower represents, warrants and covenants with Lender as follows:

(i) Borrower has the full power and authority to enter into and perform this Agreement and the execution, delivery and performance of this Agreement by Borrower (a) has been duly and validly authorized by all necessary action on the part of Borrower, (b) does not conflict with or result in a violation of Borrower's Articles or Operating Agreement or any judgment, order or decree of any court or arbiter in any proceeding to which Borrower is bound or to which it is a party.

(ii) No consent of any person or entity not a party hereto is required for Borrower to enter into and perform this Agreement, and Borrower hereby agrees to and does indemnify, defend and hold harmless Lender from and against any and all loss, damage or liability whatsoever, including, without limitation, attorney's fees and costs, arising from any failure to obtain the consent of any such person or entity which is not a party hereto.

(iii) There is no pending, nor to Borrower's knowledge, is there any threatened litigation proceeding involving any property or collateral securing the Note.

(iv) The Loan Documents are enforceable in accordance with their respective terms. The terms and conditions of the Loan Documents are commercially reasonable and constitute good faith and fair dealing on the part of Lender.

(v) As of the date hereof, the outstanding principal balance on the Loan is $16,875,000.00 and interest is due through January 26, 2009 in the amount of $75,594.16.

2. <u>Modification of Existing Note.</u> In reliance on and in consideration of the covenants, representations and warranties of Borrower and Guarantors as set forth in this Agreement, Lender agrees to extend the Loan and Note through and including December 10, 2009. Lender's agreement to extend the Maturity Date is subject to Borrower's compliance with all covenants and conditions of this Agreement, including the requirements for additional collateral set forth herein, and the Loan Documents. The Note is hereby amended and modified

2

ALOSTAR000346

so that the Maturity Date of the Note is extended to December 10, 2009, on which date Borrower shall pay the entire principal amount outstanding under the Note, together with all accrued but unpaid interest and penalties and other charges payable thereunder. The Note is further amended to provide that interest shall accrue and be payable on the outstanding principal balance from January 27, 2009 to December 10, 2009 at six and three quarters percent (6.75%) per annum, require payments of interest only monthly, require one principal payment of $843,750 on or before June 10, 2009 and one principal payment of $843,750.00 on or before December 9, 2009, and require payment of the entire principal amount outstanding together with accrued but unpaid interest, penalties and other charges payable thereunder at maturity on December 10, 2009. The foregoing amendments and modifications to the Note are set forth in that certain Renewal Promissory Note effectively dated December 10, 2008 in the principal amount of $16,875,000.00. Notwithstanding any other term or condition of this Agreement, the parties hereto expressly acknowledge and agree that Lender does not waive or forbear Borrower's obligation under the Loan to pay the full principal, interest, penalties and other charges due under the Loan on or before December 10, 2009.

Borrower and Guarantors also acknowledge and agree that the aforesaid delay by Lender in exercising its current remedies under the Note, Guaranties, Mortgage, and other Loan Documents shall not be deemed or construed to be a consent or waiver to or of any other breach or default in the performance of the same, any other obligation of Borrower and/or Guarantors to Lender under the Note, Guaranties, Mortgage, and other Loan Documents, or any other agreement by and between Lender and Borrower and/or Guarantors. Failure on the part of Lender to act or to declare default, irrespective of how long such default continues, shall not constitute a waiver by Lender of its rights under the Note, Guaranties, Mortgage, other Loan Documents or this Agreement and any documents executed in connection herewith or impair any rights, powers or remedies of Lender hereunder.

3.   Modification of Existing Mortgage. The parties acknowledge that the Note is secured by, among other security documents, that certain Mortgage dated December 23, 2005 from Borrower to Lender recorded in O.R. Book 2722 at Page 169 of the public records of Bay County, Florida. The Mortgage is amended to reflect the extension of the Note as provided in Section 2 above. The parties hereto acknowledge and agree that the Mortgage secures, among other things, the payment of the Note, as the Note has been amended, modified and extended hereby and as same may be further amended, modified, extended or renewed from time to time.

4.   Modification of Assignment of Leases, Rents and Profits. The parties acknowledge that the Note is secured by, among other security documents, that certain Assignment of Leases, Rents and Profits (the "Assignment") dated December 23, 2005 from Borrower to Lender recorded in O.R. Book 2722 at Page 179 of the public records of Bay County, Florida. The Assignment is amended to reflect the extension of the Note as provided in Section 2 above. The parties hereto acknowledge and agree that the Assignment secures, among other things, the payment of the Note, as the Note has been amended, modified and extended hereby and as the same may be further amended, modified, extended or renewed from time to time.

5.   Modification of UCC Financing Statement. The parties acknowledge that the Note is secured by, among other security documents, that certain UCC Financing Statement

ALOSTAR000347

recorded in O.R. Book 2722, Page 183 of the public records of Bay County, Florida and also filed in the Florida Secretary of State's Office under File No. 200601748717 (the "Financing Statements"). The Financing Statements are amended to reflect the extension of the Note as provided in Section 2 above. The parties hereto acknowledge and agree that the Financing Statements secure, among other things, the payment of the Note, as the Note has been amended, modified and extended hereby and as same may be further amended, modified, extended or renewed from time to time.

6. Modification of other Loan Documents. All other Loan Documents evidencing or securing or otherwise relating to the Loan, are hereby modified and amended to reflect the extension of the Note as provided in Section 2 above. All references in the Loan Documents to the Note shall refer to the Note, as amended, modified and extended by this Agreement and as same may be further amended, modified, extended or renewed from time to time.

7. Modification of Guaranties. The Guaranties and any other documents delivered by Guarantors as security for the payment of the obligations of Guarantors and/or payment of the debts and obligations of Borrower under the Note (the Guaranties and such other documents being referred to herein as the "Guarantor Documents") are hereby amended and modified so that references therein to the Note, Mortgage, and other Loan Documents shall refer to the Note, Mortgage, Assignment, Financing Statements and other Loan Documents, as amended, modified and extended by this Agreement and as same may be further amended, modified, extended or renewed from time to time. Guarantors acknowledge and agree that each Guarantor's obligations under his or its respective Guaranty, as amended by the Second Amended and Restated Limited Guaranty Agreements executed in connection with, and as a requirement of the renewal described herein, will remain in full force and effect and have not been limited, waived, discharged or released in any respect by virtue of this Agreement.

8. Additional Collateral. Of even date herewith, Borrower shall deposit with Lender the sum of $569,532.00 as an "Interest Reserve Account". Borrower hereby authorizes Lender to draw on said account to fund interest payments due under the Loan with full right of setoff in the event of default by Borrower. In addition, the Borrower shall deposit an additional $569,532.00 into said Interest Reserve Account on or before June 10, 2009 with Lender to have the same draw rights to pay interest and setoff rights in the event of default. If Borrower fails to make the required deposit to the Interest Reserve Account on or before June 10, 2009, such failure shall constitute an Event of Default under the Loan Documents entitling the Lender to all remedies under the Loan Documents.

9. Further Modifications of Existing Mortgage. The Mortgage is further amended to mortgage all Borrower's right, title and interest in the real property and rights set forth on Exhibit "A" attached hereto and made a part hereof.

10. Further Modification of Loan Agreement. The Loan Agreement is further modified to delete any obligation of the Lender to provide a release of residential lots for 90% of appraised value. Any request for a release of property from the lien of the Mortgage shall be in the Lender's sole discretion and considered only upon written request of the Borrower. In addition, the Borrower, Borrower's Members and all Guarantors agree that, in addition to annually furnishing financial statements and tax returns, that each shall furnish upon request or at least annually, proof of liquidity and a statement of contingent liabilities in form as required by the Lender.

ALOSTAR000348

11.     Ratification. Except as expressly set forth herein, all terms, covenants and provisions of the Loan and Note and all terms, covenants and provisions of the afore-described Mortgage, Assignment, Financing Statements, and all other Loan Documents and Guarantor Documents executed in connection with the aforesaid Loan, shall remain in full force and effect, and Borrower and Guarantors do hereby expressly ratify and confirm the Note, as modified, and their respective Guaranties and the continuing priority of the Mortgage, Assignment, Financing Statements and other Loan Documents and Guarantor Documents which secure or relate to payment of same. It is the intent of the parties hereto that this Agreement shall not constitute a novation and shall not adversely affect or impair the priority of the afore-described Mortgage and the Assignment of Leases, Rents, and Profits or of any of the other Loan Documents or Guarantor Documents, all which shall remain a first priority security interest on any property encumbered thereby, superior to any other encumbrance.

12.     Waiver of Claims. As additional consideration for Lender entering into this Agreement, Borrower and Guarantors unconditionally and irrevocably forever release and forever discharge Lender and its agents, servants, employees, directors, officers, attorneys, branches, affiliates, subsidiaries, successors and assigns and all persons, firms corporations, and organizations acting on Lender's behalf (collectively the "Lender Related Parties") of and from all damage, loss, claims, demands, liabilities obligations, actions, and causes of action, suits, debts, costs, dues, sums of money, accounts, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, expenses and liabilities whatsoever, known or unknown, at law or in equity, which Borrower or Guarantors may now have or claim to have against Lender or the Lender Related Parties or any of them, from the beginning of the world to the date hereof arising out of or in connection with, or relating in any manner to the Loan, the Note, the Loan Documents, Guaranties, Mortgage or this Agreement, or that may arise as a consequence of the dealings between the parties up to and including the date hereof This Agreement and covenant on the part of Borrower and Guarantors is contractual, and not a mere recital.

13.     Successors and Assigns. This Agreement shall be binding upon and shall inure to the benefit of the parties hereto, their respective heirs, legal representatives, successors, successors in-title and assigns.

14.     Costs, Expenses and Taxes. Borrower agrees any of the following costs incurred by Lender shall be the responsibility of Borrower and Borrower will remit payment of same to Lender within three (3) business days of receipt from Lender a bill of costs for same: all costs and expenses in connection with the preparation, execution, delivery, filing, recording and administration of this Agreement, including but not limited to, Lender's attorney's fees and all costs for stamp and other taxes and fees payable or determined to be payable in connection with the execution, delivery, filing and recording of this Agreement.

15.     Acknowledgement by Guarantors. Guarantors, by their signatures below, for a valuable consideration, the receipt and adequacy of which are hereby acknowledged, hereby consent to and join in this Agreement and hereby declare to and agree with the Lender that their Guaranties of the Loan as amended by the Second Amended and Restated Limited Guaranty Agreements executed in conjunction with, and as a requirement of the renewal described herein, are and shall continue in full force and effect for the benefit of Lender with respect to

ALOSTAR000349

the Loan and Note, as amended by this Agreement, that there are no offsets, claims, counterclaims, cross-claims or defenses of the Guarantors with respect to their Guaranties nor, to Guarantors' knowledge, with respect to the Loan and Note, that their guaranties are not released, diminished or impaired in any way by this Agreement or the transactions contemplated hereby, and that the Guaranties as amended by the Second Amended and Restated Limited Guaranty Agreements executed in conjunction with, and as a requirement of the renewal described herein, are hereby ratified and confirmed in all respects. Guarantors hereby reaffirm all of the representations and warranties set forth in their guaranties. Guarantors acknowledge that without this consent and reaffirmation, the Lender would not execute this Agreement or otherwise consent to its terms. In furtherance of the foregoing, the Guarantors hereby (a) reaffirm their continuing obligations to the Lender under the guaranties and (b) agree that the transactions contemplated by this Agreement shall not in any way affect the validity and enforceability of their respective guaranty obligations thereunder or reduce, impair or discharge the obligations of Guarantors thereunder.

16. <u>Future Execution of Documents.</u> The Borrower and/or Guarantors (as applicable) will execute such additional documents as are reasonably requested by the Lender to reflect the terms and conditions of this Agreement, and will cause to be delivered such additional certificates, legal opinions and other documents as are reasonably required by the Lender.

17. <u>Savings Clause.</u> If any provision of any of this Agreement or of any Loan Document, as amended hereby, is determined to be illegal, invalid or unenforceable, such provision shall be fully severable and the remaining provisions shall remain in full force and effect and shall be construed without giving effect to the illegal, invalid or unenforceable provisions.

18. <u>No Novation.</u> Borrower intends for the amendments to the Loan Documents to evidence an amendment to the terms of the existing indebtedness of Borrower to Lender and does not intend for such amendments to constitute a novation in any manner whatsoever.

19. <u>Counterparts.</u> This Agreement may be executed in any number of counterparts, each of which when so executed and delivered shall be an original, but all of which shall constitute one and the same instrument. It shall not be necessary in making proof of this Agreement to produce or account for more than one such counterpart for each of the parties hereto. Delivery by facsimile by any of the parties hereto of an executed counterpart of this Agreement shall be as effective as an original executed counterpart hereof and shall be deemed a representation that an original executed counterpart hereof will be delivered. Each counterpart hereof shall be deemed to be an original and shall be binding upon all parties, their successors and assigns.

20. <u>Amendments; Use of Terms.</u> This Agreement may not be supplemented, changed, waived, discharged, terminated, modified or amended except in written form executed by all parties hereto. Wherever in this Agreement any word or combination of words (including defined terms) connotes number or gender, such word or combination of words shall be deemed of such number (singular or plural) and such gender (masculine, neuter or feminine) as the context and circumstances may require.

ALOSTAR000350

21. **Final Agreement.** This Agreement, together with those documents delivered in connection herewith, represents the final agreement between the parties and supersedes all previous negotiations, discussions and agreements, contemporaneous or subsequent, between the parties, and no parol evidence of any prior or other agreement shall be permitted to contradict or vary their terms. There are no promises, terms, conditions or obligations other than those contained in this Agreement. There are no unwritten oral agreements between the parties.

22. **Governing Law and Jurisdiction.** Except as may be otherwise expressly provided in any of the Loan Documents, this Agreement and all matters relating thereto shall be governed by and construed and interpreted in accordance with the laws of the State of Florida.

IN WITNESS WHEREOF, the parties have caused this Agreement to be appropriately executed under seal, effective as of this 27th of January, 2009.

Signed, sealed and delivered
in the presence of:

Print Name: Anna Sforza

Print Name: Maria R Prestia

**BORROWER:**

GLS FLORIDA PROPERTY 2 LLC, a
Florida limited liability company

By: FL Florida Property 3 LLC, a New
York limited liability company, Managing
Member

By: _____
ELLIOT LEVINE, Managing Member

[CORPORATE SEAL]

STATE OF   NEW YORK
COUNTY OF  NEW YORK

The foregoing instrument was acknowledged before me by ELLIOT LEVINE, as Managing Member and on behalf of FL Florida Property 3 LLC, a New York limited liability company, which is the Managing Member and on behalf of GLS FLORIDA PROPERTY 2 LLC, a Florida limited liability company. He (✓) is personally known to me or ( ) has produced _____ as identification, this _____ 27th _____ day of January, 2009.

[NOTARY SEAL]

Print Name: Jean Gale
NOTARY PUBLIC
Commission Number: 01GA6026709
My Commission Expires: June 21, 2011

JEAN GALE
Notary Public, State of New York
No. 01GA6026709
Qualified in Nassau County
Commission Expires June 21, 2011

7

GUARANTORS:

Signed, sealed and delivered
in the presence of:

_____      _____
Print Name:                                          JOSEPH FLOM

_____
Print Name:

STATE OF  New York

COUNTY OF  New York

    The foregoing instrument was acknowledged before me by JOSEPH FLOM, who (✓) is personally known to me or (  ) has produced _____ as identification, this day of January, 2009.
30th

                                         *Gail F. Wright*
                                         Print Name: GAIL F. WRIGHT
[NOTARY SEAL]                     NOTARY PUBLIC
                                         Commission Number: 30-4653780
                                         My Commission Expires: Dec. 31, 2009

GAIL F. WRIGHT
Notary Public, State of New York
No. 30-4653780
Qualified in Nassau County
Certificate Filed in New York County
Commission Expires December 31, 20__09

8

ALOSTAR000352

**GUARANTORS:**

Signed, sealed and delivered
in the presence of:

_____
Print Name: Elizabeth Hamrick

_____
Print Name: Suzanne Metcalf

_____
HERBERT L. GRAHAM

STATE OF Tennessee

COUNTY OF Davidson

The foregoing instrument was acknowledged before me by HERBERT L. GRAHAM, who ( ✓ ) is personally known to me or ( ) has produced _____ as identification, this 30th day of January, 2009.

[NOTARY SEAL]

_____
Print Name: Pamela A Kemp
NOTARY PUBLIC
Commission Number: _____
My Commission Expires: 1/9/2012

9

ALOSTAR000353

GUARANTORS:

Signed, sealed and delivered
in the presence of:

_____
Print Name: _Anna Sforza_

/s/ ELLIOT H. LEVINE
ELLIOT H. LEVINE

_____
Print Name: _Maria R. Prestia_

STATE OF _New York_

COUNTY OF _New York_

    The foregoing instrument was acknowledged before me by ELLIOT H. LEVINE, who ( ✓ ) is personally known to me or (  ) has produced _____ as identification, this day of January, 2009.

[NOTARY SEAL]

Print Name: _Jean Gale_
NOTARY PUBLIC
Commission Number: _01GA6026709_
My Commission Expires: _June 21, 2011_

JEAN GALE
Notary Public, State of New York
No. 01GA6026709
Qualified in Nassau County
Commission Expires June 21, 2011

10

ALOSTAR000354

GUARANTORS:

Signed, sealed and delivered
in the presence of:

Print Name: Alessandro P. Olivera

Print Name: RUBEN TRIANA

_____
GLENN W. JOHNSON, III

STATE OF  FLORIDA

COUNTY OF  Miami Dade

The foregoing instrument was acknowledged before me by GLENN W. JOHNSON, III who (  ) is personally known to me or ( X ) has produced FL DR LIC # ▓▓▓▓▓▓▓▓ as identification, this 30th day of January, 2009.

[NOTARY SEAL]

Notary Public State of Florida
Alejandra Romero
My Commission DD663495
Expires 06/15/2011

Print Name: ALEJANDRA ROMERO
NOTARY PUBLIC
Commission Number: DD 663495
My Commission Expires: 06/15/2011

11

GUARANTORS:

Signed, sealed and delivered
in the presence of:

_____
Print Name: Anna Sforza

_____
Print Name: Elizabeth A. Malone

_____
ELIZABETH YATES

STATE OF New York

COUNTY OF New York

The foregoing instrument was acknowledged before me by ELIZABETH YATES, who ( ✓ ) is personally known to me or ( ) has produced _____ as identification, this day of January, 2009.

27th

[NOTARY SEAL]

JEAN GALE
Notary Public, State of New York
No. 01GA6026709
Qualified in Nassau County
Commission Expires June 21, 20 11

_____
Print Name: Jean Gale
NOTARY PUBLIC
Commission Number: 01GA6026709
My Commission Expires: June 21, 2011

12

GUARANTORS:

Signed, sealed and delivered
in the presence of:

Print Name: _Richard J. Bernardo_

Print Name: _Douglas Fleming_

_____
PETER McKENNA

STATE OF _NY_

COUNTY OF _NY_

The foregoing instrument was acknowledged before me by PETER McKENNA, who (✓) is personally known to me or ( ) has produced _____ as identification, this day of ~~January~~ 2009.
  3rd Feb.

[NOTARY SEAL]

_Maryann Caputo_
Print Name: _____
NOTARY PUBLIC
Commission Number: _____
My Commission Expires: _____

MARYANN CAPUTO
Notary Public, State of New York
No. 24-4752278
Qualified in Kings County
Commission Expires Jan. 31, 2010

13

ALOSTAR000357

GUARANTORS:

Signed, sealed and delivered
in the presence of:

_____
Print Name: Elizabeth Hamrick

_____
Print Name: Suzanne Metcalf

_____
DWIGHT P. WILES

STATE OF Tennessee
COUNTY OF Davidson

The foregoing instrument was acknowledged before me by DWIGHT P. WILES, who (✓) is personally known to me or ( ) has produced _____ as identification, this day of January, 2009.
30th

[NOTARY SEAL]

_____
Print Name: Pamela A. Kemp
NOTARY PUBLIC
Commission Number: _____
My Commission Expires: 1/9/2012

14

ALOSTAR000358

GUARANTORS:

Signed, sealed and delivered
in the presence of:

_____
Print Name: Elizabeth Hamrick

_____
Print Name: Suzanne Metcalf

_____
JAMES C. STROUD

STATE OF Tennessee
COUNTY OF Dawson

    The foregoing instrument was acknowledged before me by JAMES C. STROUD, who (✓) is personally known to me or ( ) has produced _____ as identification, this day of January, 2009.
    30th

[NOTARY SEAL]

_____
Print Name: Pamela A. Kim
NOTARY PUBLIC
Commission Number: _____
My Commission Expires: 1/9/2012

15

GUARANTORS:

Signed, sealed and delivered
in the presence of:

_____
Print Name: Anng Sforza

_____
Print Name: Maria R Prestia

_____
JASON R. FLOM

STATE OF New York

COUNTY OF New York

The foregoing instrument was acknowledged before me by JASON R. FLOM, who ( ✓ ) is personally known to me or (  ) has produced _____ as identification, this day of January, 2009.
30ᵗʰ

[NOTARY SEAL]

_____
Print Name: Jean Gale
NOTARY PUBLIC
Commission Number: 01GA6026709
My Commission Expires: June 21, 2014

JEAN GALE
Notary Public, State of New York
No. 01GA6026709
Qualified in Nassau County
Commission Expires June 21, 2014

16

| | |
|---|---|
| Signed, sealed and delivered in the presence of: | LENDER:<br>THE BANK OF BONIFAY |
| *[signature]*<br>Print Name: Jessica M Thompson<br>*[signature]*<br>Print Name: Amber Skates | By *[signature]*<br>   Garry W Cannon<br>Its: Senior Vice President<br><br>[CORPORATE SEAL] |

STATE OF FLORIDA

COUNTY OF Okaloosa

The foregoing instrument was acknowledged before me by Garry W. Cannon, as Sr. V.P. of THE BANK OF BONIFAY, on behalf of the bank. He/she (X) is personally known to me or ( ) has produced _____ as identification, this 27 day of January, 2009.

[NOTARY SEAL]

*[signature]*
Print Name: Jessica M Thompson
NOTARY PUBLIC
Commission Number: DD647513
My Commission Expires: June 7, 2011

JESSICA M. THOMPSON
Commission DD 647513
Expires June 7, 2011
Bonded Thru Troy Fain Insurance 800-385-7019

17

ALOSTAR000361

## EXHIBIT "A"

Together with all rights of Mortgagor under that certain Amended and Restated Easement Agreement by and between Marina Landing Developers, LLC, as Grantor, and Mortgagor, as Grantee recorded in Official Records Book 3122, Page 2060 of the public records of Bay County, Florida, and

Together with all rights of Mortgagor under that certain Amended and Restated Exclusive Private Drive Easement by and between Mortgagor as Grantor and The Marina at Marina Landing, LLC, as Grantee recorded in Official Records Book _____, Page _____, of the public records of Bay County, Florida, or to be recorded if not recorded by the time of recording of this Agreement.

18

ALOSTAR000362