UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>   Plaintiff and Counter-Defendant,<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and EARLE YAFFA and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>   Defendants and Counter-Plaintiffs, | CIVIL ACTION FILE<br>NO. 5:11-cv-00406-RS-GRJ |
| **PETER MCKENNA,**<br><br>   Cross-Claim Plaintiff,<br><br>v.<br><br>**JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; JAMES C. STROUD; DWIGHT P. WILES; and ELIZABETH YATES;**<br><br>   Cross-Claim Defendants, | |
| **PETER MCKENNA,**<br><br>   Third-Party Plaintiff,<br><br>v.<br><br>**RONALD E. GILLEY; RONNIE GILLEY PROPERTIES, LLC; and SUNSOUTH BANK;**<br><br>   Third-Party Defendants. | |

**PLAINTIFF ALOSTAR BANK OF COMMERCE'S ANSWER TO THE COUNTERCLAIMS OF DEFENDANT AND COUNTER-PLAINTIFF DWIGHT P. WILES**

Plaintiff AloStar Bank of Commerce ("AloStar"), by and through its counsel, submits this Answer to the Counterclaims ("Counterclaim Complaint") of Defendant and Counter-Plaintiff Dwight P. Wiles ("Wiles") (Doc. 135), and shows this Court as follows:

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Wiles's counterclaims fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

This Court lacks subject matter jurisdiction over Wiles's counterclaims.

**THIRD AFFIRMATIVE DEFENSE**

Wiles's counterclaims are barred by waiver, release, setoff, and accord and satisfaction.

**FOURTH AFFIRMATIVE DEFENSE**

Wiles's counterclaims are barred by the statute of limitations and the statute of frauds.

**FIFTH AFFIRMATIVE DEFENSE**

Wiles's counterclaims are barred by laches and estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Wiles's counterclaims are either barred or his recovery is reduced by contributory or comparative negligence or fault.

### SEVENTH AFFIRMATIVE DEFENSE

Wiles's counterclaims are barred by assumption of risk.

### EIGHTH AFFIRMATIVE DEFENSE

Wiles's counterclaims are barred by failure to mitigate damages.

### NINTH AFFIRMATIVE DEFENSE

Wiles's counterclaims are barred by unclean hands.

### TENTH AFFIRMATIVE DEFENSE

Wiles has failed to name at least one indispensable party.

### ELEVENTH AFFIRMATIVE DEFENSE

Wiles's counterclaims may be barred by 12 U.S.C. § 1823(e) and the *D'Oench* Doctrine, *D'Oench Duhme & Co. v. FDIC*, 315 U.S. 447 (1942).

### ANSWER TO THE ALLEGATIONS UNDER THE HEADING "BACKGROUND FACTS"

1.  Denied. As part of a Modification Agreement effective January 27, 2009, which is attached to this Answer as Exhibit A and incorporated by reference, Defendant Wiles executed a waiver of claims that forever released and discharged the counterclaims now asserted against AloStar. (ALOSTAR000345-362, 349 ¶ 12, 358).

2.  Because AloStar has no data concerning Wiles's investment in or ownership of GLS Florida Property 2, LLC as of the date of the Counterclaim Complaint, it is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 2 of the Counterclaim Complaint, which are, therefore, denied.

3. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 3 of the Counterclaim Complaint, which are, therefore, denied.

4. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 4 of the Counterclaim Complaint, which are, therefore, denied.

5. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Counterclaim Complaint, which are, therefore, denied.

6. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 6 of the Counterclaim Complaint, which are, therefore, denied.

7. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 7 of the Counterclaim Complaint, which are, therefore, denied.

8. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 8 of the Counterclaim Complaint, which are, therefore, denied.

9. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 9 of the Counterclaim Complaint, which are, therefore, denied.

10. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 10 of the Counterclaim Complaint, which are, therefore, denied.

11. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 11 of the Counterclaim Complaint, which are, therefore, denied.

12. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 12 of the Counterclaim Complaint, which are, therefore, denied.

13. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Counterclaim Complaint, which are, therefore, denied.

14. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Counterclaim Complaint, which are, therefore, denied.

15. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Counterclaim Complaint, which are, therefore, denied.  The referenced documents speak for themselves as to form, content and legal effect.

16. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 16 of the Counterclaim Complaint, which are,

therefore, denied. The referenced documents speak for themselves as to form, content and legal effect.

17. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 17 of the Counterclaim Complaint, which are, therefore, denied.

18. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 18 of the Counterclaim Complaint, which are, therefore, denied.

19. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 19 of the Counterclaim Complaint, which are, therefore, denied.

20. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 20 of the Counterclaim Complaint, which are, therefore, denied. The referenced document speaks for itself as to form, content and legal effect.

21. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 21 of the Counterclaim Complaint, which are, therefore, denied.

22. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 22 of the Counterclaim Complaint, which are, therefore, denied.

23. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 23 of the Counterclaim Complaint, which are, therefore, denied.

24. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 24 of the Counterclaim Complaint, which are, therefore, denied.

25. Denied.

26. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 26 of the Counterclaim Complaint, which are, therefore, denied.

27. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 27 of the Counterclaim Complaint, which are, therefore, denied.

28. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 28 of the Counterclaim Complaint, which are, therefore, denied.

**ANSWER TO ALLEGATIONS UNDER THE HEADING "COUNT I – FRAUDULENT CONCEALMENT"**

29. AloStar repeats and realleges as if stated herein its responses to Paragraphs 1 through 27 of the Counterclaim Complaint.

30. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 30 of the Counterclaim Complaint, which are, therefore, denied.

31. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 31 of the Counterclaim Complaint, which are, therefore, denied.

32. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 32 of the Counterclaim Complaint, which are, therefore, denied.

33. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 33 of the Counterclaim Complaint, which are, therefore, denied.

34. Denied.

35. Denied.

### ANSWER TO ALLEGATIONS UNDER THE HEADING "COUNT II – BREACH OF FIDUCIARY DUTY"

36. AloStar repeats and realleges as if stated herein its responses to Paragraphs 1 through 35 of the Counterclaim Complaint.

37. Denied.

38. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 38 of the Counterclaim Complaint, which are, therefore, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

### ANSWER TO ALLEGATIONS UNDER THE HEADING
### "COUNT III – FRAUDULENT CONCEALMENT/INDUCEMENT"

43. AloStar repeats and realleges as if stated herein its responses to Paragraphs 1 through 42 of the Counterclaim Complaint.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

### ANSWER TO ALLEGATIONS UNDER THE HEADING
### "COUNT IV – BREACH OF FIDUCIARY DUTY & CIVIL CONSPIRACY"

48. AloStar repeats and realleges as if stated herein its responses to Paragraphs 1 through 47 of the Counterclaim Complaint.

49. Denied.

50. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50 of the Counterclaim Complaint, which are, therefore, denied.

51. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 51 of the Counterclaim Complaint, which are, therefore, denied.

52. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52 of the Counterclaim Complaint, which are, therefore, denied.

53. AloStar is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53 of the Counterclaim Complaint, which are, therefore, denied.

54. Denied.

**ANSWER TO ALLEGATIONS
CONTAINED IN THE REQUESTS FOR RELIEF FROM THIS COURT**

AloStar denies that Defendant Wiles is entitled to any of the relief requested in the unnumbered paragraphs requesting relief from this Court.  To the extent not expressly admitted elsewhere in this Answer, AloStar denies all material allegations of the Counterclaim Complaint.

**ANSWER TO ALLEGATIONS UNDER THE HEADING
"JURY TRIAL DEMAND"**

AloStar denies that Wiles or any other Defendant is entitled to a trial by jury on any issue in this matter.  Wiles waived the opportunity to request a jury trial by executing his January 10, 2010 Amended and Restated Limited Guaranty Agreement, which is attached to this Answer as Exhibit B and incorporated by reference, containing the following provision:

> **WAIVER OF JURY TRIAL.  GUARANTOR HEREBY KNOWINGLY, VOLUNTARILY, AND INTENTIONALLY WAIVES THE RIGHT GUARANTOR MAY HAVE TO A TRIAL BY JURY IN RESPECT TO LITIGATION BASED HEREON, OR ARISING OUT OF, UNDER OR IN CONNECTION WITH THE GUARANTY AND ANY MORTGAGES, SECURITY AGREEMENTS OR OTHER AGREEMENTS OR DOCUMENTS CONTEMPLATED TO BE EXECUTED IN CONJUNCTION HEREWITH, OR ANY COURSE OF CONDUCT, COURSE OF DEALING, STATEMENTS**

**(WHETHER VERBAL OR WRITTEN) OR ACTION
BY EITHER PARTY TO THE GUARANTY.**

(EL0003628-36, 3635-36 (publicly filed pursuant to agreement with producing counsel).


Dated this 11th day of December 2012.

Respectfully submitted,

s/ Eric D. Stolze
William K Whitner
Georgia Bar No. 756652
Eric D. Stolze
Georgia Bar No. 425966
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA 30309
Telephone:	(404) 815-2400
Facsimile:	(404) 815-2424
Email:  kwhitner@paulhastings.com
Email:  ericstolze@paulhastings.com

George R. Mead
Florida Bar No. 096490
Yancey F. Langston
Florida Bar No. 827134
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:	(850) 434-3541
Facsimile:	(850) 435-7899
Email:  emead@mhw-law.com
Email:  ylangston@mhw-law.com

*Attorneys for Plaintiff
AloStar Bank of Commerce*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**PANAMA CITY DIVISION**

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,**<br><br>　　**Plaintiff,**<br><br>v.<br><br>**GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and EARLE YAFFA and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;**<br><br>　　**Defendants.** | **CIVIL ACTION FILE**<br>**NO. 5:11-cv-00406-RS-GRJ** |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed on December 11, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

Respectfully submitted,

　　　　　　　　　　　　　　　　By:　s/ Eric D. Stolze
　　　　　　　　　　　　　　　　　　　William K Whitner
　　　　　　　　　　　　　　　　　　　Georgia Bar No. 756652
　　　　　　　　　　　　　　　　　　　Eric D. Stolze
　　　　　　　　　　　　　　　　　　　Georgia Bar No. 425966
　　　　　　　　　　　　　　　　　　　PAUL HASTINGS LLP
　　　　　　　　　　　　　　　　　　　1170 Peachtree Street, N.E.
　　　　　　　　　　　　　　　　　　　Suite 100
　　　　　　　　　　　　　　　　　　　Atlanta, GA 30309
　　　　　　　　　　　　　　　　　　　Telephone:　　(404) 815-2400
　　　　　　　　　　　　　　　　　　　Facsimile:　　(404) 815-2424
　　　　　　　　　　　　　　　　　　　Email: kwhitner@paulhastings.com
　　　　　　　　　　　　　　　　　　　Email: ericstolze@paulhastings.com

George R. Mead
Florida Bar No. 096490
Yancey F. Langston
Florida Bar No. 827134
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:     (850) 434-3541
Facsimile:      (850) 435-7899
Email:  emead@mhw-law.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

LEGAL_US_E # 101478887.1