UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

```
─────────────────────────────────────── x
ALOSTAR BANK OF COMMERCE,            )
                         Plaintiff,  )
v.                                   )
                                     )
GLS FLORIDA PROPERTY 2, LLC;         )
JASON R. FLOM; HERBERT L. GRAHAM;    )
GLENN W. JOHNSON, III; ELLIOT H.     )
LEVINE; PETER MCKENNA; JAMES C.      )
STROUD; DWIGHT P. WILES; ELIZABETH   )
YATES; and ROGER S. AARON, EARLE     )
YAFFA, and RONALD J. WEISS, as       )   No. 5-11-cv-00406-RS-GRJ
Executors of the Estate of Joseph Flom; )
                        Defendants.  )
─────────────────────────────────────── x
PETER MCKENNA,                       )
            Cross-Claim Plaintiff,   )
v.                                   )
                                     )
JASON R. FLOM; HERBERT L. GRAHAM;    )
GLENN W. JOHNSON, III; ELLIOT H.     )
LEVINE; JAMES C. STROUD; DWIGHT P.   )
WILES; and ELIZABETH YATES;          )
            Cross-Claim Defendants.  )
─────────────────────────────────────── x
PETER MCKENNA,                       )
            Third-Party Plaintiff,   )
v.                                   )
                                     )
RONALD E. GILLEY; RONNIE GILLEY      )
PROPERTIES, LLC; and SUNSOUTH BANK   )
            Third-Party Defendants.  )
─────────────────────────────────────── x
```

**DEFENDANT PETER MCKENNA'S OPPOSITION TO
DEFENDANT LEVINE'S MOTION TO ADJOURN MEDIATION**

DM3\2384593.4

## INTRODUCTION

Defendant Peter McKenna ("this Defendant") opposes the motion filed by defendant Elliot Levine seeking to delay the mediation scheduled by prior order of the Court to an unspecified date after March 11, 2013 [Docket No. 212] (the "Levine Motion to Delay Mediation"), and respectfully requests that the Court enter an order requiring that mediation go forward on January 21 and 22, 2013, as presently scheduled.

The motion filed by defendant Levine is, simply put, an effort to avoid or delay the beginning of the process of resolving this matter. This action was commenced on December 16, 2011, and has been pending for over a year. After numerous attempts to resolve this matter, this Defendant, out of frustration, made his motion to require mediation, which the Court had invited in its Order dated October 25, 2012 [Docket No. 172] and granted by Order dated December 11, 2012 [Docket No. 205]. This Defendant has, with consent of the parties, arranged the mediation for Jan 21 and 22.

Now, a central figure in this action, defendant Levine, through the two (2) law firms representing him in this case, seeks to delay the process of initiating resolution of this matter. *See* Amended Answer [Docket No. 167] at ¶¶ 341-427. For the reasons set forth below, this Defendant respectfully requests that the Levine Motion to Delay Mediation be denied and that mediation proceed as scheduled on Jan 21 and 22, 2013. In support of this opposition to the Levine Motion to Delay Mediation, this Defendant respectfully represents as follows:

## ARGUMENT

On December 10, 2012, this Defendant filed a motion [Docket No. 200] (the "Motion for Mediation"), on consent, seeking entry of an order requiring mediation in this case beginning on January 23, 2013.  Prior to doing so, as is indicated in the Motion for Mediation, this Defendant sought and obtained the consent of all counsel in this action for both (i) mediation and (ii) the date requested.

On December 11, 2012, the Court entered an order requiring mediation, to take place on January 23, 2013 [Docket No. 205] (the "Mediation Order").  D. Ross McCloy, Esq., was appointed to be the mediator, and the Mediation Order required that a representative be selected among the parties in this case to contact Mr. McCloy and make arrangements for the mediation.  *See* Mediation Order at p. 2.  The Mediation Order required that Mr. McCloy be contacted by no later than December 14, 2012.  *See id*.

The morning after the Mediation Order was entered, at 9:35 a.m. (EST) on December 12, 2012, counsel to this Defendant[1] made contact with all parties and volunteered to make contact with Mr. McCloy.  All parties either consented or voiced no objection to counsel to this Defendant acting as the go-between.

After several unsuccessful attempts to reach him by telephone and email, counsel to this Defendant spoke with Mr. McCloy on December 14, 2012.  In that discussion, Mr. McCloy suggested that rather than have the mediation session begin on January 23, 2013, that it begin on January 21, 2013, and continue on January 22, 2013 (if necessary).  All

---

[1] William C. Heuer, Esq.  All contacts and communications noted herein as being on behalf of this Defendant were made by Mr. Heuer.

counsel were notified of this change in dates by email on December 14, 2012, at 11:24 a.m. (EST).

On December 20, 2012, defendant Levine filed the Levine Motion to Delay Mediation to an unspecified date sometime after March 11, 2013.[2] There is only a *partial* and *incomplete* Local Rule 7.1 certification made in the Levine Motion to Delay Mediation.[3] This Defendant opposes the relief sought through the Levine Motion to Delay Mediation.

The Levine Motion to Delay Mediation misstates facts. Although the Mediation Order set the date for mediation as January 23, 2013, the date has been rescheduled in accordance with discussions with Mr. McCloy. Mediation is now scheduled for January 21 and 22, 2013. This fact has been communicated to all counsel in this action, including counsel to defendant Levine.[4]

The Levine Motion to Delay Mediation also states that counsel to AloStar Bank of Commerce ("AloStar") is unavailable on January 23, 2013. As is noted, January 23, 2013, is no longer relevant. Counsel to this Defendant understands that counsel to

---

[2] The Levine Motion to Delay Mediation does not argue that consent was not given prior to this Defendant's Motion for Mediation being filed.

[3] Before filing the Motion for Mediation, counsel to this Defendant sought the consent of *all parties* to the mediation, for the simple reason that all parties would be affected. Counsel to this Defendant spent several days discussing matters among all counsel before filing the Motion for Mediation. Defendant Levine made no such effort. *See* Levine Motion to Delay Mediation at ¶ 17. Nor does the Levine Motion to Delay Mediation state that Mr. McCloy was consulted. This Defendant respectfully submits that the failure to seek the consent of all parties affected by the Levine Motion to Delay Mediation, including Mr. McCloy, is, in and of itself, reason to deny the relief sought by defendant Levine.

[4] As is noted below, defendant Levine is represented by two law firms. *Both* sets of counsel were notified of the dates set by Mr. McCloy.

AloStar has *not* objected to Mr. McCloy regarding the January 21 and 22, 2013, dates that have been set. Counsel to this Defendant has confirmed that counsel to AloStar is aware of the dates as set by Mr. McCloy. Notably, the Levine Motion to Delay Mediation does not state whether counsel to defendant Levine conferred with counsel to AloStar prior to filing the Levine Motion to Delay Mediation.

The Levine Motion to Delay Mediation also implies that counsel to Elizabeth Yates is unavailable on January 23, 2013, due to a trial scheduled to begin on January 24, 2013. Shortly after (within minutes) the Levine Motion to Delay Mediation was filed, counsel to this Defendant confirmed with counsel to Ms. Yates that counsel *is* available for mediation on January 21 and 22, 2013. Again, the Levine Motion to Delay Mediation does not state whether counsel to defendant Levine conferred with counsel to Ms. Yates before filing the Levine Motion to Delay Mediation.

Mr. Levine is represented by two (2) law firms in this case. The Levine Motion to Delay Mediation states that one set of defendant Levine's attorneys, Ms. McKenzie of the law firm McKenzie Jackson, is unable to attend because of an upcoming trial. The Levine Motion to Delay Mediation does not, however, address in any way the question of whether Ms. McKenzie's partner, Mr. Jackson, is able to attend for defendant Levine. *See* http://www.mckenziejacksonlaw.com/index.html. Neither does the Levine Motion to Delay Mediation explain why *none* of the fourteen (14) attorneys at the law firm Shendell Pollock, the second law firm representing defendant Levine in this action, are able to represent him at mediation. *See* http://www.shendellpollock.com/attorneys.htm. Beyond these shortcomings, the Levine Motion to Delay Mediation ignores the fact that the

mediation, as is presently scheduled, does *not* conflict with the trial schedule noted in the Levine Motion to Delay Mediation because the present schedule will have mediation concluded *before* that trial is set to begin.

This Defendant recognizes that mediation is scheduled for January 21 and 22, and that the Levine Motion to Delay Mediation states that Ms. McKenzie's trial is scheduled to begin on January 23, 2013. *See* [Docket No. 212 at ¶ 2]. This Defendant also recognizes that Ms. McKenzie has generally represented defendant Levine on AloStar's claims against him, and that Shendell Pollock is representing defendant Levine in defense of the claims of professional malpractice brought against defendant Levine by this Defendant. But that doesn't answer the basic question of why a single attorney out of the fifteen (15) other attorneys at McKenzie Jackson and Shendell Pollock (other than Ms. McKenzie) are unable to represent defendant Levine at mediation on a date that otherwise fits the schedules of all lead counsel and Mr. McCloy. The Levine Motion to Delay Mediation is *silent* on this point. The silence is telling. Indeed, if all of the attorneys at both of the firms representing defendant Levine are completely unable to attend on January 21 and 22, 2013, an affidavit to that effect should have been provided with the Levine Motion to Delay Mediation. None was provided. Again, the silence is telling. The reality of the matter is that the Levine Motion to Delay Mediation is most fairly read as being grounded in convenience, not necessity.

Finally, the Levine Motion to Delay Mediation also contends that this Defendant's claims against defendant Levine were only asserted in a "recent November 2012 filing" and that it is "too soon" for defendant Levine to be required to attend

mediation.  *See* [Docket No. 212 at ¶ 15].  This Defendant's original Answer was filed with the Court on September 28, 2012 [Docket No. 132].  That Answer asserted claims against defendant Levine.  This Defendant then filed an Amended Answer on October 19, 2012 [Docket No. 167].  This Defendant's Amended Answer asserts the same claims against defendant Levine as were asserted in this Defendant's original Answer.  The assertion that this Defendant's claims against defendant Levine were not "out in the open" until recently, is incorrect.[5]

This case involves many parties and many law firms.  All parties other than defendant Levine have made themselves available at a time when Mr. McCloy is available.  Arrangements have been made for the mediation.  All parties other than defendant Levine have adjusted their schedules to be able to attend.  The lone exception is defendant Levine, and even then, the Levine Motion to Delay Mediation does *not* say that defendant Levine is *unable* to attend mediation as scheduled, or that *all* of the attorneys at *both* of the law firms representing him are unable to attend; to the contrary, the Levine Motion to Delay Mediation boils down to assertions based on misstated facts and complaints about convenience and the burden of litigation.  This Defendant respectfully requests that the Levine Motion to Delay Mediation be denied.

---

[5] The Levine Motion to Delay Mediation suggests that defendant Levine's counsel is unable to attend mediation at this "early" date because of the burden of discovery in this case.  This Defendant respectfully submits that the obligation to address discovery in federal court litigation should not be considered a basis for delaying mediation.

7

## Conclusion

WHEREFORE, for the reasons set forth above, this Defendant respectfully requests that the Court (i) deny the Levine Motion to Delay Mediation; (ii) require mediation to go forward on January 21 and 22, 2013, as is presently scheduled, and (iii) grant such other and further relief as is necessary and just.

Dated: December 21, 2012					Respectfully submitted,

/s/ **John Dellaportas**
John Dellaportas, Esquire
New York Bar No. 2688976
dellajo@duanemorris.com
Kevin P. Potere, Esquire
kppotere@duanemorris.com
DUANE MORRIS LLP
1540 Broadway
New York, New York  10036
Tel: (212) 692-1000
Fax: (212) 692-1020
-and-
Kevin E. Vance
Florida Bar No. 0670464
kevance@duanemorris.com
DUANE MORRIS LLP
200 South Biscayne Boulevard, Suite 3400
Miami, Florida  33131
Tel: (305) 960-2200
Fax: (305) 960-2201
Counsel for Defendant, Peter McKenna

DM3\2384593.4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of December, 2012, I electronically filed the foregoing document with the Clerk of the Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF System which will send notice of the electronic filing and complete service of the foregoing to:

> George R. Mead, Esquire
> Florida Bar No. 096490
> emead@mhw-law.com
> Yancey Frank Langston, Esquire
> ylangston@mhw-law.com
> Moore, Hill & Westmoreland PA
> Ninth Floor, SunTrust Tower
> 220 West Garden Street
> Post Office Box 13290
> Pensacola, Florida  32591-3290
> Tel: (850) 434-3541
> Fax: (850) 435-7899
> Counsel for Plaintiff
>
> William K. Whitner, Esquire
> Georgia Bar No. 756652
> kwhitner@paulhastings.com
> Eric D. Stolze, Esquire
> Georgia Bar No. 425966
> ericstolze@paulhastings.com
> Paul Hastings LLP
> 1170 Peachtree St., NE; Suite 100
> Atlanta, GA 30309
> Tel: (404) 815-2400
> Fax: (404) 815-2424
> Counsel for Plaintiff

Sara Fitzpatrick Reynolds, Esquire
sreynolds@andersonreynolds.com
Anderson & Reynolds, PLC
Suite 225
3100 West End Avenue
Nashville, Tennessee  37203
Tel: (615) 942-1700
Fax: (615) 942-1701
Counsel for Defendant, Jason R. Flom

Lawrence Keefe, Esquire
lkeefe@kagmlaw.com
Ralph Hamilton Schofield, Jr., Esquire
rschofield@kagmlaw.com
Alfred Benjamin Gordon, III, Esquire
bgordon@kagmlaw.com
Keefe, Anchors, Gordon, etc.
Suite 100
2113 Lewis Turner Boulevard
Fort Walton Beach, Florida  32547
Tel: (850) 863-1974
Fax: (850) 863-1591
Counsel for Defendants,
Herbert L. Graham and Dwight P. Wiles

Jonathan T. Holloway, Esquire
Florida Bar No. 627763
jholloway@okaloosalaw.com
Holloway Law Firm, P.A.
369 N. Main Street
Crestview, Florida  32536
Tel: (850) 398-6808
Fax: (850) 398-6809
Counsel for Defendant, James C. Stroud

Cynthia McKenzie, Esquire
cmckenzie@mckenziejacksonlaw.com
McKenzie Jackson PLC
Suite 1130
201 Fourth Avenue North
Nashville, Tennessee  37219
Tel: (615) 873-5670
Fax: (615) 873-5671
Counsel for Defendants, Elliot H. Levine and GLS Florida Property 2, LLC

John A. Christy, Esquire
Georgia Bar No. 125518
jchristy@swfllp.com
Andrew J. Lavoie
Georgia Bar No. 108814
alavoie@swfllp.com
Schreeder, Wheeler & Flint, LLP
Suite 800
1100 Peachtree Street
Atlanta, Georgia  30309
Tel: (404) 681-3450
Fax: (404) 681-1046
Counsel for Defendant, Elizabeth Yates

Robert Anthony Emmanuel, Esquire
rae@esclaw.com
Emmanuel Sheppard & Condon
30 S. Spring Street
Pensacola, Florida  32502
Tel: (850) 433-6581
Fax: (850) 429-0492
Co-Counsel for Defendant, Elizabeth Yates

Edward M. Mullins, Esquire
emullins@astidavis.com
Florida Bar No. 863920
Astigarraga, David Mullins & Grossman, P.A.
16th Floor
701 Brickell Avenue
Miami, Florida  33131
Tel: (305) 372-8282
Fax: (305) 372-8202
Counsel for Defendants,
Earle Yaffa and Ronald J. Weiss, as Executors of the Will of Joseph Flom

Gregory D. Smith, Esquire
Florida Bar No. 366511
gdsmithlaw@aol.com
Gregory D. Smith, P.A.
Suite A
201 South Baylen Street
Post Office Box 12853
Pensacola, Florida  32501/32591
Additional Counsel for GLS Florida Property 2, LLC

11

Mark M. Heinish, Esquire
Florida Bar No. 987255
mark@shendellpollock.com
Shendell & Pollock, P.L.
Suite 150
2700 North Military Trail
Boca Raton, Florida  33487
Tel: (561) 241-2323
Fax: (561) 241-2330
Counsel for Elliot H. Levine