UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE, | |
|     Plaintiff and Counter-Defendant, | |
| v. | CIVIL ACTION FILE NO. 5:11-cv-00406-RS-GRJ |
| GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and EARLE YAFFA and RONALD J. WEISS, as Executors of the Estate of Joseph Flom; | |
|     Defendants and Counter-Plaintiffs, | |
| PETER MCKENNA, | |
|     Cross-Claim Plaintiff, | |
| v. | |
| JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; JAMES C. STROUD; DWIGHT P. WILES; and ELIZABETH YATES; | |
|     Cross-Claim Defendants, | |
| PETER MCKENNA, | |
|     Third-Party Plaintiff, | |
| v. | |
| RONALD E. GILLEY; RONNIE GILLEY PROPERTIES, LLC; and SUNSOUTH BANK; | |
|     Third-Party Defendants. | |

### PLAINTIFF ALOSTAR BANK OF COMMERCE'S RESPONSE IN OPPOSITION TO DEFENDANT AND COUNTER-PLAINTIFF JASON FLOM'S MOTION TO AMEND ANSWER AND COUNTERCLAIMS

Plaintiff AloStar Bank of Commerce ("AloStar"), by and through its counsel, submits this Response in Opposition to Defendant and Counter-Plaintiff Jason Flom's ("Flom") Motion to Amend Answer and Counterclaims (Doc. 202). Because Flom's proposed amended answer and counterclaims would not cure any "technical defects" alleged to exist in his current Answer and Counterclaim Complaint (Doc. 177), AloStar respectfully requests that leave to amend be denied as futile.

Flom's one-page motion for leave to amend rests largely on the standard of Fed. R. Civ. P. 15(a), but leave to amend may properly be denied where allowing the amendment would be futile. *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999). Futility of amendment justifies the denial of leave to amend where the claims, as amended, still would be subject to dismissal. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999). In order to survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," rather than merely conceivable. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) ("The plaintiffs' formulaic recitation . . . , absent any factual allegations to support this legal conclusion, is insufficient . . . to support an allegation . . . that is plausible on its face"). "A complaint must state a plausible claim for relief . . . . The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal*, 578 F.3d at 1261.

Flom's proposed amendment focuses almost entirely on his cause of action seeking an accounting from AloStar, and the substantive differences between Flom's current and proposed amended pleading appear in bold text below:

### Cause of Action IV—Accounting

47. The allegations set forth in paragraphs 1-46 of this Counterclaim are incorporated as if fully set forth herein.

48. **Bonifay, Nexity, and Alostar all received moneys related to the Loan from Mr. Flom and other members of GLS and FLP**

49. **By receiving moneys related to the Loan from Mr. Flom and other members of GLS and FLP, Bonifay, Nexity, and Alostar are each under a fiduciary duty to Mr. Flom and the members of GLS and FLP with regard to those funds. Each bank therefore has a duty to account for them.**

50. **The duties placed on Bonifay and Nexity with regards to funds received from Mr. Flom and the members of GLS and FLP are attributable to** AloStar, as alleged successor to Nexity and Bonifay. **Alostar therefore** has a duty to provide an accounting to the members of GLS and FLP **over the full life of** the Loan.

51. **Mr. Flom has no adequate remedy at law by which to obtain an Accounting.**

52. Accordingly, this Defendant requests the Court to order an Accounting by AloStar for all payments received and/or amounts expended on the Loan.

(Doc. 202, Attach. 1 at 11 (emphasis added)).

Even with this amendment, however, Flom still fails to state a claim for accounting, and leave to amend should be denied as futile because the claim would be subject to immediate dismissal. Under Florida law, an action for an accounting presents two triable issues: 1) the right to an accounting and 2) the accounting itself. *Wood v. Brackett*, 266 So. 2d 398, 399 (Fla. Dist. Ct. App. 1972). "[A] party seeking an equitable accounting must show the existence of a fiduciary relationship or a complex transaction and must demonstrate that the remedy at law is inadequate." *Fla. Software Sys. v.*

*Columbia/HCA Healthcare Corp.*, 46 F. Supp. 2d 1276, 1285-86 (M.D. Fla. 1999); *see also Solar Star Sys., LLC v. Bellsouth Telcoms., Inc.*, No. 10-21105, 2011 U.S. Dist. LEXIS 90423, at *18 (S.D. Fla. Aug. 12, 2011) (unpublished). Flom's proposed amendment does not adequately allege any such basis for the right to an accounting.

Flom's legal conclusion that AloStar and other banks owe him a fiduciary duty is grounded in the allegation that these entities "all received moneys related to the Loan." (Doc. 202, Attach. 1 ¶¶ 48-49 (emphasis added)). However, the mere receipt of money by a banking institution on account of a loan is insufficient, as a matter of Florida law, to trigger the right to an accounting, and payments received by a bank and applied on a loan account are hardly a complex transaction. "[U]nder Florida law the general rule is that in a lender-debtor relationship the lender owes no fiduciary duties," *Keys Jeep Eagle v. Chrysler Corp.*, 897 F. Supp. 1437 (S.D. Fla. 1995), and Flom has not pled the "narrow circumstances that may give rise to a fiduciary relationship between a bank and its customer," *Arango v. Chase Home Fin., LLC*, No. 8:11-cv-2001-T-33EAJ, 2012 U.S. Dist. LEXIS 30326, at *12 (M.D. Fla. Mar. 7, 2012) (unpublished); *see also Welnia, LLC v. Bodymedia, Inc.*, No. 6:08-cv-742, 2008 WL 3155148, at *2 (M.D. Fla. Aug. 4, 2008) (unpublished) ("There are no facts alleged in this complaint that, if proven true, would demonstrate such dependency on Welnia's part or such an undertaking to protect Welnia by the Defendants. It is not enough for Welnia to simply allege that it trusted the Defendants.").

Providing another, independent basis for the failure of Flom's proposed amendment, he only alleges, in conclusory fashion without any explanation, that he has

3

no adequate remedy at law.  To the contrary, the opportunity to conduct discovery in this action and pursue a breach of contract claim or argue affirmative defenses to enforcement of his 2009 guaranty agreement obviates the need for an accounting.  *Kee v. Nat'l Reserve Life Ins. Co.*, 918 F.2d 1538 (11th Cir. 1990) ("When a judgment for breach of contract is obtainable, the remedy at law is considered adequate, precluding the need for the imposition of an equitable remedy," including an equitable accounting).

As amended, Flom's counterclaim for an accounting would be subject to immediate dismissal for failure to state a claim under Florida law.  *See Staup v. Wachovia Bank, N.A.*, No. 08-60359-CIV, 2008 U.S. Dist. LEXIS 49388, *9-*10 (S.D. Fla. June 27, 2008) (unpublished) (dismissing claim for accounting where "conclusory allegations in the Complaint do not show any of the[] necessary elements").  Because Flom has not adequately pled an action for an accounting, Flom's motion for leave to amend his answer and counterclaims (Doc. 202) should be denied.

Dated this 27th day of December 2012.

Respectfully submitted,

s/ Eric D. Stolze
William K Whitner
Georgia Bar No. 756652
Eric D. Stolze
Georgia Bar No. 425966
PAUL HASTINGS LLP
1170 Peachtree Street, N.E.
Suite 100
Atlanta, GA 30309
Telephone:	(404) 815-2400
Facsimile:	(404) 815-2424
Email:  kwhitner@paulhastings.com
Email:  ericstolze@paulhastings.com

George R. Mead
Florida Bar No. 096490
Yancey F. Langston
Florida Bar No. 827134
MOORE, HILL & WESTMORELAND, P.A.
220 West Garden Street (32502)
SunTrust Tower, 9th Floor
Post Office Box 13290
Pensacola, FL 32591-3290
Telephone:     (850) 434-3541
Facsimile:      (850) 435-7899
Email:  emead@mhw-law.com
Email:  ylangston@mhw-law.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| **ALOSTAR BANK OF COMMERCE,** | |
| **Plaintiff,** | |
| v. | CIVIL ACTION FILE NO. 5:11-cv-00406-RS-GRJ |
| **GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and EARLE YAFFA and RONALD J. WEISS, as Executors of the Estate of Joseph Flom;** | |
| **Defendants.** | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was electronically filed on December 27, 2012 with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel for the parties registered on the CM/ECF system.

Respectfully submitted,

> By: s/ Eric D. Stolze
> William K Whitner
> Georgia Bar No. 756652
> Eric D. Stolze
> Georgia Bar No. 425966
> PAUL HASTINGS LLP
> 1170 Peachtree Street, N.E.
> Suite 100
> Atlanta, GA 30309
> Telephone:   (404) 815-2400
> Facsimile:   (404) 815-2424
> Email: kwhitner@paulhastings.com
> Email: ericstolze@paulhastings.com

        George R. Mead
        Florida Bar No. 096490
        Yancey F. Langston
        Florida Bar No. 827134
        MOORE, HILL & WESTMORELAND, P.A.
        220 West Garden Street (32502)
        SunTrust Tower, 9th Floor
        Post Office Box 13290
        Pensacola, FL 32591-3290
        Telephone:     (850) 434-3541
        Facsimile:      (850) 435-7899
        Email: emead@mhw-law.com

*Attorneys for Plaintiff*
*AloStar Bank of Commerce*

LEGAL_US_E # 101926043.1