IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

| | |
|---|---|
| ALOSTAR BANK OF COMMERCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| GLS FLORIDA PROPERTY 2, LLC; JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSONB, III; ELLIOT H. LEVINE; PETER MCKENNA; JAMES C. STROUD; DWIGHT P. WILES; ELIZABETH YATES; and ROGER S. AARON, EARLE YAFFA, and RONALD J. WEISS, as Executors of the Estate of Joseph Flom, | ) CASE NO.<br>) 5-11-cv-00406-RS-GRJ |
| Defendants. | ) |
| vs. | ) |
| JASON R. FLOM; HERBERT L. GRAHAM; GLENN W. JOHNSON, III; ELLIOT H. LEVINE; JAMES C. STROUD; DWIGHT P. WILES; and ELIZABETH YATES, | ) |
| Cross-Claim Defendants. | ) |
| PETER MCKENNA, | ) |
| Third-Party Plaintiff, | ) |
| vs. | ) |
| RONALD E. GILLEY; RONALD GILLEY PROPERTIES, LLC; and SUNSOUTH BANK, | ) |
| Third-Party Defendants. | ) |

1

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS

COMES NOW SunSouth Bank ("SunSouth"), one of the third-party defendants herein, for its Memorandum in Support of Its Motion to Dismiss submits the following.

### I. MOTION TO DISMISS STANDARD

When analyzing SunSouth's Motion, the Court is due to accept McKenna's well pleaded factual allegations as true. The Court does not, however, need to accept conclusory factual allegations devoid of any reference to an actual event, unsupported legal allegations or legal conclusions couched as factual allegations. *Atl. Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

When considering motions to dismiss, the Court should adopt a "two-pronged approach" in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679 "Importantly, the Court held in *Iqbal,* as it had in *Twombly,* that courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest

2

lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1283, 1290 (11th Cir. 2010), citing *Iqbal* 556 U.S. at 679-81.

For instance, the Court disregarded as wholly conclusory Iqbal's allegations that Mueller was "instrumental" in adopting the detention policy and Ashcroft was the "principal architect" of the policy. *Iqbal* 556 U.S. 680-81. In analyzing the remaining factual allegations, the Court determined that finding the acts lawful was equally as plausible as determining the acts unlawful:

> The alternative inferences that could be drawn from the facts— namely, that the arrests were lawful and justified by a nondiscriminatory intent to detain aliens who were illegally present in the United States and who had potential connections to those who committed terrorist acts—were at least equally compelling. *Id.* Accordingly, the Court ruled that Iqbal's complaint must be dismissed.

*Am. Dental Ass'n v. Cigna Corp.,* 605 F.3d 1290, (11th Cir. 2010), citing *Iqbal* 556 U.S. 679. ("But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' that the pleading is entitled to relief.")

Disregarding McKenna's conclusory allegations, the factual allegations upon which McKenna complains give rise to an inference of lawful and justified behavior by SunSouth as the victim of a fraudulent scheme to obtain 100% financing, rather than a purposeful scheme by SunSouth to defraud McKenna. It's more than equally plausible that SunSouth did not know of the 2005 GLS and

3

Levine and Gilley fraud and had no involvement in the acquisition loan. SunSouth made <u>no</u> misrepresentations to McKenna and McKenna alleges no action taken by SunSouth as part of the alleged fraudulent scheme.

The allegations of the McKenna Claim fail to state a claim.

## II. <u>McKENNA FAILED TO PLEAD A DUTY TO DISCLOSE</u>

McKenna has manufactured the claim that SunSouth should have discovered the fraud and should have stopped McKenna from borrowing money from Bank of Bonifay in 2005. McKenna fails to allege any facts that would give rise to any such duty.

The only claim that could exist is breach of fiduciary duty which requires proof of: (1) the existence of a fiduciary duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Gracey v. Eaker,* 837 So.2d 348 (Fla.2002). Under Florida law, it is well settled that a lender does not ordinarily owe fiduciary duties to its borrower. *Behrman v. Allstate Life Ins. Co.,* 388 F.Supp.2d 1346, 1351 (S.D.Fla.2005) ("[W]hen the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other.").

McKenna does not even claim that SunSouth was a fiduciary. McKenna never spoke with SunSouth and SunSouth never accepted any fiduciary duty.

> The fact that one party places trust or confidence in the other does not create a confidential relationship in the absence of some recognition, acceptance, or undertaking of the duties of a fiduciary on the part of the other party.

*In re Vision Dev. Group of Broward County, LLC*, 411 B.R. at 774.  In order to establish a fiduciary relationship, there must be proof of dependency by one party [McKenna] <u>and</u> a voluntary assumption of a duty by the other party [SunSouth] to advise, counsel and protect the weaker party.  *Motorcity of Jacksonville, Ltd. v. Se. Bank, N.A.*, 83 F.3d 1317, 1339-40 (11th Cir. 1996) *abrogated on other grounds*; see also *Lanz,* 764 F. Supp. at 179 (holding the transaction was arms-length and there was "no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own due diligence have discovered.").

There is no evidence of anything hampering McKenna's independence or ability to use Levine, his admitted accountant, advisor and agent, or to make his own business judgment.  *See,  e.g., Tippens*, 2009 WL 2365347 at *12.

SunSouth did not owe a fiduciary duty to McKenna.

### III. <u>McKENNA FAILED TO PLEAD FRAUD WITH PARTICULARITY</u>

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." *Am. Dental Ass'n,* 605 F.3d at 1291.  Pursuant to Rule 9(b), a plaintiff must allege: "(1) the precise statements,

documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the Plaintiffs; and (4) what the defendants gained by the alleged fraud." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1380–81 (11th Cir.1997). The plaintiff must allege facts with respect to each defendant's participation in the fraud. *Id.* at 1381.[1]

McKenna has failed to plead any facts establishing any duty or any involvement by SunSouth in the alleged fraudulent scheme. The McKenna Claim is due to be dismissed.

## CONCLUSION

McKenna has failed to state a claim against SunSouth. McKenna's false and inconsistent pleadings and conclusory allegations are insufficient, and are due to be dismissed.

                                              Respectfully submitted,

                                              /s/ David B. Anderson
                                              David B. Anderson
                                              Deanna L. Weidner
                                              Attorneys for SunSouth Bank

---

[1] The particularity requirement "serves an important purpose in fraud actions by alerting defendants to the 'precise misconduct with which they are charged' and protecting defendants 'against spurious charges of immoral and fraudulent behavior.'" *Ziemba v. Cascade Intern., Inc*., 256 F.3d 1194, 1202 (11th Cir.2001) (internal citation omitted).

OF COUNSEL:

**ANDERSON WEIDNER, LLC**
Financial Center, Suite 1450
505 North 20th Street
Birmingham, AL 35203
Telephone: 324-1230
dbanderson@andersonweidner.com
dlweidner@andersonweidner.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by the Court's electronic filing system and/or by United States mail, postage prepaid, on this the 2nd of April, 2013, upon the following:

| | |
|---|---|
| Yancey F. Langston<br>ylangston@mhw-law.com George Roderick Mead, II emead@mhw-law.com<br>MOORE, HILL & WESTMORELAND, P.A.<br>220 West Garden Street<br>(32502) Sun Trust Tower, 9th Floor<br>Post Office Box 13290<br>Pensacola, Florida 32591-3290<br>Telephone: (850) 434-3541<br>Facsimile: (850) 435-7899<br>*Counsel for Plaintiff* | Eric D. Stolze<br>ericstolze@paulhastings.com PAUL HASTINGS LLP<br>600 Peachtree Street, N.E., Suite 2400<br>Atlanta, Georgia 30308-2222<br>Telephone: (404) 815-2400<br>Facsimile: (404) 815-2424<br>*Counsel for Plaintiff* |

| | |
|---|---|
| John A. Christy<br>jchristy@swfllp.co<br>m Andrew J. Lavoie<br>alavoie@swfllp.com<br>SCHREEDER, WHEELER & FLINT, LLP<br>1100 Peachtree Street, Suite 800<br>Atlanta, Georgia 30309<br>Telephone: (404) 681-3450<br>Facsimile: (404) 681-1046<br>*Counsel for Defendant Yates* | Mark M. Heinish, Esquire<br>Florida Bar No. 987255<br>mark@shendellpollock.com<br>Shendell & Pollock, P.L.<br>2700 North Military Trail, Suite 150<br>Boca Raton, Florida 33487<br>Tel: (561) 241-2323<br>Fax: (561) 241-2330<br>*Counsel for Elliot H Levine* |
| Jonathan T. Holloway<br>jholloway@okaloosalaw.com<br>Holloway Law Firm, P.A.<br>369 North Main Street<br>Crestview, Florida 32536<br>Telephone: (850) 398-6808<br>Facsimile: 9850) 398-6809<br>*Counsel for James C. Stroud* | Alfred Benjamin Gordon, Ill<br>bgordon@kaglawfirm.com<br>Lawrence Keefe<br>lkeefe@kagmlaw.com<br>Ralph Hamilton Schofield, Jr.<br>rschofield@kagmlaw.com<br>KEEFE, ANCHORS, GORDON<br>2113 Lewis Turner Boulevard, Suite 100<br>Fort Walton Beach, Florida 32547<br>Telephone: (850) 863-1974<br><br>*Counsel for Herbert L. Graham, and Dwight P. Wiles* |
| Sara F. Reynolds<br>sreynolds@andersonreynolds.com<br>ANDERSON & REYNOLDS PLC<br>3100 West End Avenue, Suite 225<br>Nashville, Tennessee 37203<br>Telephone: (615) 942-1700<br>Facsimile: (615) 942-1701<br>*Counsel for Defendant Flam* | Cynthia S. McKenzie<br>cmckenzie@mckenziejacksonlaw.co<br>m MCKENZIE JACKSON, PLC<br>201 4th Avenue North, Suite 1130<br>Nashville, Tennessee 37219<br>Telephone: (615) 873-5670<br>Facsimile: (615) 873-5671<br>*Counsel for Defendants Levine and GLS Florida Property 2, LLC* |

| | |
|---|---|
| Gregory D. Smith<br>gdsmithlaw@aol.com<br>Gregory D. Smith,<br>P.A.<br>201 South Baylen Street, Suite<br>P.O. Box 12853<br>Pensacola, Florida 32501<br>Telephone: (850) 434-1821<br>*Counsel for Defendant GLS Florida Property 2, LLC* | Robert A. Emmanuel<br>rae@esclaw.com<br>EMMANUEL, SHEPPARD & CONDON<br>30 South Spring Street<br>(32502) Post Office Drawer 1271<br>Pensacola, Florida 32591-1271<br>Telephone: (850) 433-6581<br>Facsimile: (850) 429-0492<br>*Counsel for Defendant Yates* |
| Edward M. Mullins (Fla. Bar No. 863920) emullins@astidavis.com<br>ASTIGARRAGA DAVIS MULLINS & GROSSMAN, P.A.<br>701 Brickell Avenue, 16th Floor<br>Miami, Florida 33131<br>Telephone: (305) 372-8282<br>Facsimile: (305) 372-8202<br>*Counsel for Defendants Earle Yaffa and Ronald J. Weiss, as Executors of the Will of Joseph Flam* | |

/s/ David B. Anderson  
OF COUNSEL