IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ALOSTAR BANK OF COMMERCE,

    Plaintiff,

V.

GLS FLORIDA PROPERTY 2, LLC, et al.,

    Defendants.
_____/

CASE NO. 5:11-CV-00406-RS-GRJ
JUDGE SMOAK
MAGISTRATE JUDGE JONES

<u>MOTION TO WITHDRAW AS COUNSEL FOR GLS FLORIDA PROPERTY 2, LLC'S</u>

    COMES NOW, the Movant, GREGORY D. SMITH, pursuant to Rules 7.1 and 11.1(F) of the Local Rules for the United States District Court for the Northern District of Florida, and moves this Court for an Order allowing him to withdraw as counsel on behalf of the Defendant, GLS FLORIDA PROPERTY 2, LLC. As grounds for the relief requested herein, the undersigned would state:

    1.    Differences have arisen between the undersigned counsel, the client, and Elliot Levin's retained counsel, Cynthia McKenzie, Esquire, in connection with this matter.

    2.    These matters include non-payment, the level and degree of participation by the undersigned in this cause, and a constructive discharge by Ms. McKenzie from further work to be performed in this matter.

    3.    The undersigned and Elliot Levine, as the representative of GLS, entered into a fee agreement in this matter. A copy of

that fee agreement is attached hereto as Exhibit "A," and incorporated by reference herein.

4. In pertinent part, the fee agreement provides for a refresher of the fees held in trust (in the amount of $25,000.00), when the level of the trust fund portion of the fees on hand reach $5,000.00 or less.

5. On the issue of non-payment, the undersigned wrote Elliot Levine, the representative of GLS, on January 15, 2013 regarding the likely deficiency in January of this year, and the dropping of the amount below the level required for replenishment. A copy of this electronic mail is attached hereto as Exhibit "B," and incorporated by reference herein.

6. Since the providing of Exhibit "B," Mr. Levine has failed to replenish the trust fund portion of the fees, and they are now at zero.

7. Substantively, Mr. Levine has spoken with the undersigned, initially, when he was retained, and not since that time. Contact with Mr. Levine has been through his principal counsel, Cynthia McKenzie.

8. For the past few months, the undersigned has had difficulty with Ms. McKenzie, in terms of his participation in this matter, including the attendance at the mediation herein (which Ms. McKenzie refused to allow).

9. <u>The undersigned has been instructed by Ms. McKenzie to</u>

<u>do no further work in this matter, thus constructively discharging the undersigned.</u>

10. The undersigned's withdrawal as counsel will in no way affect any upcoming hearings, proceedings, or trial in this matter.

11. As required by the Local Rules, the undersigned is giving Mr. Levine ten (10) days notice of the filing of this Motion.

WHEREFORE, the undersigned requests to be relieved as counsel for GLS FLORIDA PROPERTY 2, LLC.

DATED on this 4th day of April, 2013.

<u>/s/ Gregory D. Smith</u>
GREGORY D. SMITH
Gregory D. Smith, P.A.
201 South Baylen Street
Suite A
Post Office Box 12853
Pensacola, Florida 32502/32591
(850) 434-1821
Primary e-mail address:
gdsmithlaw@aol.com
Secondary e-mail address:
mbrisby@gccoxmail.com
Florida Bar No. 366511

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by Notice of Electronic Filing pursuant to Local Rule 5.1(A)(6) of the Local Rules of the United States District Court for the Northern District of Florida and

Rule 5(b)(2)(D) of the Federal Rules of Civil Procedure to WILLIAM K. WHITNER, ESQUIRE; ERIC STOLZE, ESQUIRE; GEORGE R. MEAD, ESQUIRE; YANCEY F. LANGSTON, ESQUIRE; CYNTHIA S. McKENZIE, ESQUIRE, ALFRED BENJAMIN GORDON, III, ESQUIRE; ANDREW JOHN LAVOIE, ESQUIRE; EDWARD MAURICE MULLINS, ESQUIRE; GEORGE RODERICK MEAD, II, ESQUIRE; JOHN DELLAPORTAS, ESQUIRE; JONATHAN THOMAS HOLLOWAY, ESQUIRE; KEVIN POTERE, ESQUIRE; KEVIN EUGENE VANCE, ESQUIRE; REGAN NOELLE KRUSE, ESQUIRE; SARA FITZPATRICK REYNOLDS, ESQUIRE; and JOHN CHRISTY, ESQUIRE on this 4th day of April, 2013.

/s/ Gregory D. Smith
GREGORY D. SMITH

August 23, 2012

GLS Florida Property 2, LLC
c/o Mr. Elliot Levine

    RE:    *Alostar v. GLS Florida Property 2, LLC,*
            Case No. 5-11-CV-406-RS

Dear Mr. Levine:

    It is important for an attorney and a client to have fee arrangements and financial understandings in writing, so there cannot be a miscommunication or misunderstanding later on. This is a practice that I attempt to adhere to, and for that reason, I am writing you this letter outlining the terms of my representation of GLS Florida Property 2, LLC (hereinafter "GLS"), the fees to be charged for the same, GLS's responsibility for out-of-pocket expenses (over and above GLS's responsibility to this office for a fee), and other matters bearing on this relationship.

    GLS has retained this office to represent it in connection with all aspects of the above-referenced matter. The services which may or may not be performed on GLS's behalf (as the situation demands) include preparation and filing of pleadings, motions, notices, discovery documents, and other items with the court; the conducting of any discovery deemed necessary for the case (including taking depositions and attendance at the same); preparing for and attendance at any and all hearings which are necessary in this matter, including trial; engaging in such settlement negotiations which may be beneficial to the case; and conducting such other activities which may be necessary to a full, fair, and complete determination of this matter.

    In exchange for the performance of these services, GLS has agreed to pay this office a fee, as well as reimbursing it the costs incurred on GLS's behalf. A "fee" is a charge for professional services rendered. In this case, the fee is based on a rate of $250.00 per hour for my time (as well as $75.00 per hour for the time of my paralegal).



Exhibit "A"

"Costs" are charges for out-of-pocket expenses. "Costs" include (but are not limited to) photocopying charges, mileage, postage (including express mail charges), long distance telephone charges, filing fees, deposition (court reporter) charges, sheriff's charges for service of summonses and subpoenas, and expert witness fees.

GLS has agreed to provide this office with a retainer in the amount of $25,000.00, which is presently due and owing. Once received, the retainer will be placed into the firm's trust account and billed against as this matter progresses.

In the event that this matter is disposed of with less than $25,000.00 of our time, then the unused portion of the retainer will be returned to GLS. In the event that it takes more than $25,000.00 of the time of members of this office -- whether the same be spent an attorney or a paralegal -- to dispose of this matter, then GLS will be billed for the additional time at the hourly rates noted above. If the initial or any subsequently provided retainer drops below the level of $5,000.00, GLS is required to provide a subsequent retainer (or retainers, as the case may be), against anticipated future fees and costs, so that the level of the retainer is restored to $25,000.00.

If the retainer remaining in trust drops below $5,000.00 and GLS does not immediately, after notice, restore restore the retainer as required in the previous paragraph, this law firm will have the right to immediately withdraw from representation.

A statement for services rendered and costs incurred on GLS's behalf will be tendered on a monthly basis, and GLS will be required to pay the balance shown to be due and owing upon receipt.

This contract shall be construed in all respects according to the laws of the State of Florida; jurisdiction over any dispute regarding this contract, its terms, or the parties to the same shall be in the State Courts of Florida; and venue in any such proceeding shall be in Escambia County, Florida.

Should GLS have any questions or comments with regard to the above understanding, please advise me immediately. On the other hand, if the above accurately reflects our

agreement with regard to the fees and costs, please acknowledge the same by executing the photocopy of this letter that is enclosed herewith and returning the same to me.

We appreciate the opportunity to be of service to GLS and will be in touch with you about the status of GLS's case as the circumstances warrant.

       Sincerely yours,


       GREGORY D. SMITH

GDS/mb
Enclosures

pc: Ms. Jami Kristen Allred (without enclosures)




UNDERSTOOD AND AGREED TO on this _____ day of

_____, 2012.

      GLS FLORIDA PROPERTY 2, LLC

      By: _____

      As its: _Managing Member of_
      _FL Florida Property 3, LLC_
      _(Managing Member of_
      _GLS LLC)_

mwells

---

| | |
|---|---|
| From: | "Greg smith" <gdsmithlaw@aol.com> |
| Date: | Tuesday, January 15, 2013 1:28 PM |
| To: | "Elliot Levine" <Elevine@levsel.com> |
| Cc: | "Michelle Wells" <Mwells@gccoxmail.com>; "Cynthia McKenzie" <cmckenzie@mckenziejacksonlaw.com> |
| Attach: | Attorney Time Records -- 12-12.pdf |
| Subject: | Fwd: GLS (Alostar) |

Begin forwarded message:

> From: "Marisha Brisby" <MBrisby@gccoxmail.com>
> Date: January 15, 2013, 1:21:58 PM CST
> To: <Gdsmithlaw@aol.com>
> **Subject: GLS (Alostar)**
>
> Dear Elliot:
>
> While this statement is being sent to you by regular mail, I am attaching a copy of the same to this electronic mail in Adobe/pdf format.
>
> As you can see, we will hit the $5,000.00 "mark," in remaining available funds, this month. Indeed, because of the activities that are scheduled, it is clear to me that we will exceed the balance that I presently have in trust.
>
> Hence, I am providing you with this advanced warning, before the end of the month, that we need to have the funds in my trust account replenished. Clearly the amount that will be necessary depends upon what occurs at the mediation. However, there can be no doubt that we will almost certainly exceed the amount that is presently held in trust.
>
> Accordingly, I look forward to hearing from you about this matter, and receiving additional funds from you before the end of the month, depending upon the outcome of the mediation. I will be happy to discuss the amount that will be required at the mediation with you, and I look forward to finally meeting you face-to-face at that time.
>
> With warm, personal regards, I am,
>
> Sincerely yours,
>
> Greg

---



Exhibit "F"